# The Brown Law Firm, P.C.

240 Townsend Square, Oyster Bay, New York 11771
Tel: (516) 922-5427, Fax: (516) 344-6204

Timothy Brown
tbrown@thebrownlawfirm.net

April 15, 2019

The Honorable Paul W. Grimm, U.S.D.J.
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

**Re:** *Alves v. Sorenson, et al.*, Case No.: **8:19-cv-00812-PWG;**
*Moore v. J.W. Marriott, Jr., et al.*, Case No.: **8:19-cv-00830-PWG; and**
*In re: Marriott International Inc., Customer Data Security Breach Litigation*,
MDL No.: **19-md-2879-PWG**

Dear Judge Grimm:

I represent the plaintiff, Edmund Alves, in the above referenced shareholder derivative action *Alves v. Sorenson*, et al., Case No.: 8:19-cv-00812-PWG (the "*Alves* Derivative Action"), which was filed on behalf of Marriott International, Inc. ("Marriot") against certain of its current and former officers and directors. The *Alves* Derivative Action is currently pending before this Court and was recently transferred to MDL No. 2879 entitled *In re: Marriott International, Inc., Customer Data Security Breach Litigation*, also pending before this Court.

I write jointly on behalf of myself and Gregory M. Egleston, counsel for plaintiff John P. Moore in the above referenced derivative action *Moore v. J.W. Marriott, Jr., et al.*, Case No.: 8:19-cv-00830-PWG (the "*Moore* Derivative Action"), which was also filed on behalf of Marriott against certain of its current and former officers and directors, and which is also pending before this Court, and which was also recently transferred to MDL No. 2879. We submit this letter, pursuant Your Honor's instruction during the case management conference held on April 5, 2019, to respectfully request that the Court (i) order consolidation of the *Alves* and *Moore* Derivative Actions (collectively, the "Derivative Actions") pursuant to Federal Rule of Civil Procedure 42(a); (ii) appoint Timothy Brown, of The Brown Law Firm, P.C. (the "Brown Firm"), and Gregory M. Egleston, Esq., of Gainey McKenna & Egleston ("GM&E"), as Co-Lead Counsel for the Consolidated Derivative Actions; and (iii) appoint local counsel in the *Alves* Derivative Action, Andrew K. O'Connell, Esq., of Thomas & Libowitz, P.A., as Liaison Counsel for the Consolidated Derivative Actions.

**Consolidation of the Derivative Actions**

Federal Rule of Civil Procedure 42(a) grants this Court broad discretion to consolidate actions before it if they "involve a common question of law or fact." *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R. Civ. P. 42(a) to consolidate"). The many similarities

between the Derivative Actions — the only two derivative actions pending in MDL No. 2879 — "certainly provide the 'common question[s] of law or fact' required by Rule 42(a)." *See id.* The Derivative Actions each name 12 members of Marriott's board of directors as common individual defendants and assert overlapping claims against them for misconduct in breach of their fiduciary duties, corporate waste, and violations of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. These common legal claims arise from common allegations that the 12 common defendants damaged Marriott by (i) causing it to permit and/or fail to prevent a data breach of the Starwood Hotels guest database affecting approximately 500 million guests which began in 2014 and continued through 2018; (ii) failing to maintain internal controls; (iii) failing to conduct adequate cybersecurity due diligence in order to discover the data breach before the Marriott/Starwood merger; and (iv) causing Marriott to make false and misleading statements to the investing public in its SEC filings between November 2016 and November 2018. *Compare Alves* Derivative Action, Case No. 8:19-cv-00812-PWG, Dkt. No. 1, at ¶¶ 11, 122-149, *with Moore* Derivative Action, Case No. 8:19-cv-00830-PWG, Dkt. No. 1, at ¶¶ 54-76, 116. Indeed, these commonalities "make clear that separate trials would [be] largely repetitive, and thus would [implicate] the burdens, delays, and expense that . . . justify consolidation. *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018). Accordingly, consolidation of the Derivative Actions will best serve the interests of judicial economy and the economy of the parties. *See, e.g., Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 294-95 (D. Md. 1992) ("Because . . . consolidation will tend to avoid unnecessary costs and delay, combining the two cases will serve the objectives of Rule 42(a).").

**Appointment of Co-Lead Counsel**

Assuming the Derivative Actions are consolidated, and to facilitate their efficient litigation, plaintiff's lead counsel in the *Alves* Derivative Action, myself, and plaintiff's lead counsel in the *Moore* Derivative Action, Gregory M. Egleston, have agreed to work together as Co-Lead Counsel, subject to this Court's approval. Both I and Mr. Egleston bring a wealth of experience in shareholder derivative litigation.

I graduated from the University of Chicago School of Law in 2004, after graduating with a B.A., *magna cum laude*, from Brown University. Shortly after law school, and through 2013, I practiced at a major national law firm specializing in representing plaintiffs in securities class actions and shareholder derivative actions in courts throughout the country. Since founding the Brown Firm, at which I am the managing partner, in January 2014, I have focused almost entirely on representing plaintiffs in shareholder derivative litigation. My recent successes include the global settlement of derivative actions involving comScore, Inc. pending in state court in Virginia and the Southern District of New York, in which the settlement received Court-approval. I was co-lead counsel for plaintiffs in state court in Virginia and was instrumental in obtaining a $10 million cash payment for comScore and causing comScore to institute a vast array of reforms to its corporate governance. *In re comScore, Inc. Virginia S'holder Deriv. Litig.*, No. CL-2016-0009465 (Va. Cir. Ct., Fairfax Cnty.); *In re ComScore, Inc. S'holder Deriv. Litig.*, Case No. 1:16-cv-09855-JGK (S.D.N.Y.).

Gregory M. Egleston is a partner at Gainey McKenna & Egleston ("GM&E"), which concentrates on class actions and shareholder derivative actions. Mr. Egleston has specialized in shareholder representative litigation since 1997. Mr. Egleston received his bachelor's degree in 1992 from Fordham University (*magna cum laude*), his master's degree in 1994 from Columbia University, and received his J.D. in 1997 from New York Law School. Before joining the Gainey McKenna & Egleston, Mr. Egleston had his own law firm and prior to that, Mr. Egleston was an attorney specializing in securities class action litigation, shareholder derivative actions, and consumer fraud litigation at a prominent Manhattan plaintiffs' class action firm. Mr. Egleston has worked on many high-profile class actions such as: *Mayer v. Administrative Committee of Smurfit-Stone Container Corp. Retirement Plans* (N.D. Il.) ($7.75 million settlement); *In re YRC Worldwide Inc. ERISA Litig.* (D. Kan.) ($6.5 million settlement); *In re Schering-Plough Corp. Enhance ERISA Litig.*, Civil Action No.: 08cv-1432 (D.N.J.) ($12.25 Million Settlement); *In re Popular Inc. ERISA Litig.*, Master File: 3:09-cv-01552-ADC (D. Puerto Rico) ($8.2 Million Settlement); *In re Royal Dutch/Shell Transport Sec. Litig.* (D.N.J.) ($130 million settlement); and *In re United Global Comm., Inc. Shareholder Litig.* (Delaware Chancery Court) ($25 million recovery in going-private transactions). Mr. Egleston has also represented plaintiffs in numerous shareholder derivative litigation: *McBride v. Lumber Liquidators Holdings, Inc. (Nominal Defendant)*, Case No.: CL15000453-00 (Virginia; City of Williamsburg and County of James City Circuit Court) (de facto lead counsel in state court Derivative Action); *In re Fifth Street Finance Corp., Stockholder Litig.*, C.A. No. 12157-VCG (Chancery Delaware) (co-counsel in Derivative Action); and *In re Capstone Turbine Corp. Stockholder Derivative Litigation*, Master File No.: CV16-01569 (C.D. Cal.) (Co-Lead Counsel in Derivative Action).

Not only do I and Mr. Egleston have substantial experience individually, but our firms have been appointed co-lead counsel or have agreed on other leadership structures in numerous cases in which we efficiently and productively collaborated to achieve great successes. For example, GM&E and the Brown Firm recently worked together to successfully resolve two shareholder derivative actions involving Opus Bank brought in two different forums. The first was filed in the Central District of California by GM&E and styled *Klein v. Gordon, et al.*, Case No. 8:17-cv-123 (C.D. Cal.). The second was filed in the Superior Court of California by the Brown Firm and styled *Dillard v. Gordon, et al.*, Case No. BC651522 (Cal. Super. Ct., L.A. Cnty.). The global settlement of both actions was achieved with the help of a well-respected mediator and was approved by the court in the Central District of California. Other recent cases include the global settlement of derivative actions involving Ampio Pharmaceuticals, Inc. pending in state court in Colorado and the United States District Court for the Central District of California. *Loyd v. Giles, et al.*, No. 2015-CV-33429 (Colo. Dist. Ct., Denver Cnty.); *Oglina v. Macaluso, et al.*, No. 2:15-cv-5970-TJH-PJW (C.D. Cal.).

I and Mr. Egleston are committed to working closely to control costs and avoid duplication of efforts. Our combined experience and record of demonstrated success litigating shareholder derivative actions will provide plaintiffs in the Derivative Actions "with counsel who will effectively represent their interests." *See Nally v. Reichental*, 2017 U.S. Dist. LEXIS 43981, at *10 (D.S.C. Mar. 27, 2017). We have diligently prosecuted the Derivative Actions thus far through our investigations of the claims and thorough, well-pled complaints, and will

continue to devote the necessary time and resources to fulfill our leadership responsibilities. Accordingly, I and Mr. Egleston should be appointed Co-Lead Counsel in the consolidated Derivative Actions. *See, e.g., id.*, at *10-*11 (appointing co-lead counsel where the "proposed counsel possess extensive experience and impressive records of success in cases similar to the Related Actions . . . . and have prosecuted the litigation with well-plead and thorough pleadings."); *Horn v Raines*, 227 F.R.D. 1, 3-4 (D.D.C. 2005) (same).

**Appointment of Liaison Counsel**

Plaintiffs in the Derivative Actions agree that, assuming the Derivative Actions are consolidated, local counsel to plaintiff in the *Alves* Derivative Action, Andrew K. O'Connell, Esq. of Thomas & Libowitz, P.A., should be appointed as Liaison Counsel. Mr. O'Connell, who graduated from the University of Maryland School of Law in 2000, maintains a broad litigation practice and has achieved several multi-million dollar verdicts, including a recent $6.6 million jury verdict in the U.S. District Court for the District of Maryland. Also available to assist as needed is Mr. O'Connell's colleague, Jason A. Denkevitz, who is the firm's Electronic Discovery Manager, and brings extensive experience handling complex eDiscovery issues and knowledge of rapidly changing information technologies.

For the foregoing reasons, we respectfully request that the Derivative Actions be consolidated, that I and Gregory M. Egleston be appointed Co-Lead Counsel in the Consolidated Derivative Actions, and that Andrew K. O'Connell be appointed Liaison Counsel. Thank you for your attention to these matters.

Very truly yours,

Timothy Brown

cc: All counsel of record via ECF