

A Limited Liability Company

26th Floor
201 North Charles Street
Baltimore, Maryland 21201

Telephone (410) 385-2225
Facsimile (410) 547-2432
www.mdattorney.com

Baltimore   Washington DC   New York

April 16, 2019

**VIA CM/ECF**

The Honorable Paul W. Grimm
United States District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, MD  20770

    Re:    *In Re: Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*
             Case No. 8:19-md-02879-PWG (D. Md.)

Dear Judge Grimm:

    We the undersigned are counsel for plaintiff Bank of Louisiana, the only plaintiff to file a putative class action involving the data breach at issue on behalf of a class of similarly situated financial institutions.  As no other lawyer in this MDL represents aggrieved financial institutions, the undersigned counsel respectfully request that they be appointed as interim class counsel in the manner designated below for the financial institution class under Rule 23(g) of the Federal Rules of Civil Procedure.  Although there are no competing applicants for this position, appointment of interim class counsel on behalf of the financial institution class will ensure an efficient process of coordination with the leadership appointed to represent the consumer class, prevent any later-filed financial institution cases from potentially unwinding coordinated work and efforts, and ensure that all plaintiffs' counsel in all cases are governed by the same billing standards in the event of a later fee request.

    As demonstrated herein, the members of the proposed leadership for the financial institution class are well-recognized in their field, have significant MDL, data breach, and complex class litigation experience, and are committed to litigating this case in a fair and efficient manner.

**Sections One and Two: The Financial Institution Slate and Our Experience**

    **Arthur M. Murray (Proposed Co-Lead).**  For over 40 years, the nationally-recognized attorneys of the Murray Law Firm ("Murray Law") have been actively involved in complex litigation throughout Louisiana and the United States.  Proposed co-lead counsel, Arthur Murray, has an AV Preeminent® rating from Martindale-Hubbell.  Mr. Murray has represented financial institutions in data breach litigation by serving as lead co-counsel in *Kmart* (*Greater Chautauqua Fed. Credit Union v. Kmart Corp.*, No. 1:15-cv-02228 (N.D. Ill.)) and *Chipotle* (*Bellwether Com. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01102 (D. Colo.)) and as a member of

plaintiffs' steering committees in the matters of *In re Equifax, Inc. Data Sec. Breach Litig.*, MDL No. 2800 (N.D. Ga.) and *In re Home Depot, Inc. Customer Data Sec. Breach Litig.,* MDL No. 2583 (N.D. Ga.). He has also been appointed to leadership roles in other cases, including co-chair of the plaintiffs' steering committee in the matter of *In re: NFL Sunday Ticket Antitrust Litig.*, MDL No. 02668 (C.D. Cal.) and as a member of the plaintiffs' steering committee in the matter of *In re: Zofran (Ondansetron) Litig.*, MDL No. 2657 (D. Mass.).

The *Kmart*, *Chipotle*, and *Home Depot* matters discussed above have settled, and Mr. Murray's role in the *NFL Sunday Ticket* and *Zofran* cases will not prevent him from dedicating the time needed to effectively serve as co-lead counsel in this important litigation.

The Honorable Judge Wayne Andersen (ret.) can attest to Mr. Murray's work as lead counsel on the *Kmart* data breach litigation, where a substantial class recovery was obtained early in the litigation despite the defendant's significant financial difficulties. He can be reached by email at wra1991@aol.com or by phone at 847-650-6844.

**Steven D. Silverman (Proposed Co-Lead; Liaison).** Steven D. Silverman is the Managing Partner of Baltimore-based Silverman, Thompson, Slutkin & White, LLC ("STSW"). STSW lawyers have presided over, or tried, thousands of cases in the District of Maryland and the lawyers who will work on this matter, including the Honorable Joseph F. Murphy, Jr. (Ret.), Andrew C. White, and William N. Sinclair, are well versed in local practice and procedure.

STSW lawyers, including Mr. Silverman, have been appointed as local or lead counsel in the following cases: *In re: Nat'l Hockey League Players' Concussion Injury Litig.*, No. 0:14-md-02551-SRN (D. Minn.); *In re: Under Armour Sec. Litig.*, No. 1:17-cv-0388-RDB (D. Md.); *In re: Facebook, Inc. Internet Tracking Litig.*, No. 5:12-md-02314-EJD (N.D. Cal.); and *In re: Google, Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-md-2358 (D. Del.).

Of the foregoing active matters, the *NHL Concussion* suit recently settled, and in the *Under Armour* matter, motion to dismiss briefing is occurring, and thus, neither Mr. Silverman nor anyone at his firm anticipates dedicating much, if any, time to either matter for the foreseeable future.

**Brian C. Gudmundson (Proposed Steering Committee Member).** Brian Gudmundson is a partner in Zimmerman Reed, LLP's Minneapolis office and has been involved in the leadership of nearly every major data breach litigation on behalf of financial institutions in recent years. He is currently co-lead counsel on behalf of financial institutions in the Arby's data breach litigation (*In re: Arby's Restaurant Group, Inc. Data Sec. Litig.*, No. 17-cv-00514 (N.D. Ga.)) and serves on the executive committees in litigation arising from the Home Depot data breach (*In re: The Home Depot, Inc. Customer Data Sec. Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.)); Equifax data breach (*In re: Equifax Customer Data Sec. Breach Litig.*, 1:17-md-02800-TWT (N.D. Ga.)); and Wendy's data breach (*In re: The Wendy's Company Customer Data Sec. Breach Litig.*, 2:16-cv-00506-NBF (W.D. Pa.)). He has also served on several other executive committees in consolidated data breach and privacy litigation matters.

Mr. Gudmundson was also a member of the lead counsel team in the Target data breach

litigation (*In re: Target Corp. Customer Data Sec. Breach Litigation*, No. 14-02522-PAM (D. Minn.)) that resulted in the first certified class of financial institutions in a data breach matter and a $39 million class recovery. Mr. Gudmundson has also served in leadership capacities in several other major class actions on behalf of consumers, businesses, and governmental entities.

**Stuart A. Davidson (Proposed Steering Committee Member; Coordinating Discovery Counsel).** Mr. Davidson has been practicing law for 17 years at Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), the largest class-action firm in the world. Mr. Davidson leads many of the firm's data breach, privacy, and consumer class actions, including serving as a member of the Plaintiffs' executive committee in the matter of *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 5:16-md-02752 (N.D. Cal.) (Koh, J.), the largest data breach case in history, where Mr. Davidson leads the law and briefing efforts, which resulted in denials, in large part, of Yahoo's motions to dismiss, and a proposed $117.5 million settlement which would represent the largest data-breach recovery in history; as co-lead counsel in the matter of *In re Facebook Biometric Information Privacy Litig.*, No. 3:15-cv-03747-JD (N.D. Cal.) (Donato, J.), a cutting-edge, certified privacy case concerning Facebook's alleged unlawful collection of users' biometric identifiers without informed consent; as a member of the Plaintiffs' executive committee in the matter of *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liability Litig.*, No. 3:18-md-02828-SI (D. Or.) (Simon, J.), an MDL alleging that Intel marketed and sold computer chips with inherent security vulnerabilities; and his efforts to spearhead several aspects of one of the most watched antitrust cases in the nation, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 2:17-md-02785 (D. Kan.) (Crabtree, J.).

Perhaps more importantly, Mr. Davidson enjoys tremendous respect from members of both the plaintiffs' and defense bar, not just for his legal talents, but his ability to form lasting relationships that transcend the practice of law. Mr. Davidson personally has the time available to dedicate to this case and, if appointed, will treat this case with the highest priority.

The Honorable Daniel D. Crabtree (D. Kan.) can attest to Mr. Davidson's work in the pending *EpiPen* MDL. He can be reached by phone at 913-907-1420.

**Charles Van Horn (Proposed Steering Committee Member).** Charles Van Horn is a shareholder in the Atlanta, Georgia firm Berman Fink Van Horn where his practice involves business and commercial litigation with an emphasis on litigation for financial institutions on a wide variety of issues. Mr. Van Horn is AV rated by Martindale Hubbell.

Mr. Van Horn's representation of financial institutions includes data breach and cyber-related issues, as well as enforcement litigation, lender liability, statutory compliance issues and foreclosure claims. He has been appointed as a member of the Plaintiffs' executive committee in the matter of *In re: Arby's Restaurant Group, Inc. Data Sec. Litig.*, No. 17-cv-00514 (N.D. Ga.), representing banks and credit unions who issued payment cards that were subject of alleged data breach; a member of the Plaintiffs' steering committee in the matter of *In re: Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800-TWT (N.D. Ga.), representing financial institutions in recovering losses arising from the Equifax data breach; a member of the Plaintiffs' coordination committee in the matter of *In re: The Home Depot, Inc. Customer Data Sec. Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.), representing banks and credit unions in recovering

losses; and has served as counsel for financial institution plaintiffs in the matter of *In re: The Wendy's Company Customer Data Sec. Breach Litig.*, No. 2:16-cv-00506-NBF (W.D. Pa.) representing banks and credit unions in recovering losses arising from Wendy's data breach.

Mr. Van Horn was formerly an adjunct professor at Emory University School of Law. He lectures frequently, including conducting numerous seminars on lender litigation matters, data security, foreclosure issues and fraudulent conveyance claims.

### Section 3: Funding

Counsel will be self-funding the matter.

### Section 4: Agreements

There are no agreements among counsel.

### Section 5: Billing

To the extent the Court has requested a description of how our proposed leadership group would obtain input from non-lead law firms, maintain case communications with those not in leadership, and avoid the duplication of work while coming up with procedures for assigning and monitoring work, given the current state of the financial institution track, such request is moot. Counsel do expect to communicate with whomever is appointed in whatever positions are provided for in the consumer track, and possibly other plaintiffs' counsel as well, and to the Court's question about our history of working cooperatively with other counsel, we would point to the numerous times the proposed slate has been appointed to leadership positions in MDLs, something that would not occur, presumably, if undersigned did not work cooperatively with other counsel.

With respect to monitoring case work and ensuring efficient, non-duplicative prosecution, the firms comprising the proposed leadership for the financial institutions track have worked together in several matters and customarily implement strict time and expenses reporting guidelines, both in terms of the type and amount of work that may be reported and the frequency with which it must be reported to lead counsel. The undersigned counsel expect to implement a similar time and expense reporting protocol in this matter.

Finally, with regard to billing and controlling costs, if appointed as interim class counsel for the putative financial institution class, the undersigned will propose a protocol similar to the following:

a.) Billing caps for attorney and non-attorney time: $250 per hour for paralegals and law clerks; $450 for associates; $575 for partners with 6-10 years of practice; $625 for partners with 11-20 years of practice; $675 for partners with 21-30 years of experience; and $750 for partners with more than 30 years of experience;

b.) Regardless of years of experience, document review work may be billed at no more

than $350 per hour;

 c.) All firms, attorneys, experts and consultants working on the case must maintain detailed, contemporaneous time records, prepared at the most within seven days after the work reflected in each time entry occurred. Such reports must be recorded in tenth of an hour increments. These time records must be submitted to lead counsel each month;

 d.) Lead counsel will exercise appropriate billing judgement and eliminate time for "read and review", unless it was authorized by lead counsel or necessary for a particular project. Lead counsel will also exercise billing judgment for "attorney conferences" to ensure that excessive hours are not billed in meetings or teleconference calls; and

 e.) In an attorneys' fee request, lead counsel will submit to the Court: (1) contemporaneous billing records, including a breakdown of hours spent on specific tasks by each attorney; (2) each attorney's, paralegal's, and staff member's billing rates; (3) justifications for those billing rates, and (4) any other information this Court desires.

 The undersigned also propose that in light of the facts of this case, law firms be compensated at no more than 27.5% of any common fund created through settlement. *See*, *e.g.*, *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 465 (D. Md. 2014) (recognizing that cases in the Fourth Circuit "have resulted in awards of attorneys' fees in the ranges of 25% to 28% of the common fund.").

**Section 6: Other Factors**

 Counsel have no other factors to raise with the Court at this time.

 Attached as **Exhibit A** is a proposed order should the Court agree with the leadership structure proposed above. While aware that the April 29th hearing relates to leadership of the Consumer Track, members of the proposed Financial Track leadership plan to attend and participate in any discussions with the Court concerning scheduling matters.

Dated: April 16, 2019          Respectfully submitted,

/s/
Steven D. Silverman (# 22887)
Silverman Thompson Slutkin & White, LLC
201 N. Charles St., Suite 2600
Baltimore, MD 21201
(410) 385-2225 (t)
(410) 547-2432 (f)
ssilverman@mdattorney.com

/s/
Stuart A. Davidson (Admitted *Pro Hac Vice*)
Robbins Geller Rudman & Dowd LLP
120 E. Palmetto Park Rd., Suite 500
Boca Raton, FL 33432
(561) 750-3000 (t)
(561) 750-3364 (f)
sdavidson@rgrdlaw.com

/s/
Charles Van Horn (Admitted *Pro Hac Vice*)
Berman Fink Van Horn P.C.
3475 Piedmont Road, NE, Suite 1100
Atlanta, GA 30305

/s/
Brian C. Gudmundson (Admitted *Pro Hac Vice*)
Zimmerman Reed LLP
1100 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402

| | |
|---|---|
| (404) 261-7711 (t) <br> (404) 233-1943 (f) <br> cvanhorn@bfvlaw.com | (612) 341-0400 (t) <br> (612) 341-0844 (f) <br> brian.gudmundson@zimmreed.com |

/s/
Arthur M. Murray (Admitted *Pro Hac Vice*)
Murray Law Firm
650 Poydras St., Suite 2150
New Orleans, LA 70130
(504) 525-8100 (t)
(504) 584-5249 (f)
amurray@murray-lawfirm.com

*Counsel for Plaintiff Bank of Louisiana*

cc:     All Counsel of Record (via CM/ECF)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2019, a copy of the foregoing Correspondence was filed with the Clerk of the Court via the CM/ECF system which will provide copies to all counsel of record.

                                                       /s/
                                      Steven D. Silverman (#22887)