**ROBINS KAPLAN**LLP

800 LASALLE AVENUE
SUITE 2800
MINNEAPOLIS MN 55402

612 349 8500 TEL
612 339 4181 FAX
ROBINSKAPLAN.COM

STACEY P. SLAUGHTER
612 349 8289 TEL
SSLAUGHTER@ROBINSKAPLAN.COM
ALSO ADMITTED IN NEW YORK

April 19, 2019

*Via CM/ECF*

The Honorable Paul W. Grimm
United States District Court for the
  District of Maryland, Southern Division
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: *In Re: Marriott International Customer Data Security Breach Litigation*, MDL No. 19-md-2879. This Document Relates to All Cases.

**Individual Leadership Application for the Consumer Track**

To The Honorable Paul W. Grimm:

I respectfully apply to serve as Co-Lead Counsel, or alternatively, on the Plaintiffs' Steering Committee ("PSC"), for the Consumer Track. I represent Plaintiff Adam Borst on behalf of similar consumers in this case.[1] I will dedicate the time, resources, and talent required to serve and work together effectively with co-counsel, and defense counsel, to lead this case.

I grew up in the Research Triangle of North Carolina and in rural Georgia. After graduating college in Florida, I moved 1300 miles away from home, to Minnesota, trading too many days of extreme heat and humidity, for too many days of sub-zero temperatures. After earning both a graduate and law degree, I clerked for two federal judges in Minnesota before starting my career at Robins Kaplan LLP. I am a partner at Robins Kaplan. With twenty years in the law, I have developed a national practice in complex consumer, financial, and antitrust cases,

---

[1] *Adam Borst v. Marriott Int'l, Inc., et al.*, No. 19-cv-00060 (D. Md.).

typically arising from fraudulent, negligent, or unfair conduct. I have represented clients in multi-party, civil-litigation cases like this one, often against large, well-funded defendants. I was honored to be recognized by *The National Law Journal* as a 2018 Litigation Trailblazer, but my proudest achievement has been raising my two sons, both now off to college. I attach a copy of my resume at Exhibit 1.

1. **Individual Application: Co-Lead, or Alternatively, Plaintiff Steering Committee.**

While the leadership team will advance the case aggressively to facilitate a swift resolution, this data breach involves 383 million guest records, affecting consumers worldwide. The facts will undoubtedly raise complex legal issues that may be long and hard-fought. This case needs a large leadership team that can work cooperatively, efficiently, and cost-effectively to benefit the class. I recommend that the Court appoint fifteen attorneys to lead the Consumer Track, grouped as follows: three (3) Co-Lead Counsel, nine (9) PSC members, one (1) Liaison Counsel, one (1) Discovery Coordinating Counsel, and one (1) State Coordinating Counsel. I attach an organizational chart with a description for each counsel's roles and duties at Exhibit 2.

2. **Recent MDL and Class Action Experience.**

I currently serve on the plaintiff's steering committee in *In re: Equifax Inc., Consumer Data Security Breach Litig.*, MDL 2800 (N.D. Ga.), on behalf of financial institutions. I also serve on the plaintiff's steering committee in *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litig.*, MDL 2777 (N.D. Cal.), on behalf of consumers. The *Chrysler EcoDiesel* litigation is near completion, with proposed settlements totaling up to $884 million. I also represent direct action plaintiffs in *In re Libor-Based Financial Instruments Antitrust Litig.*, MDL 2262 (S.D.N.Y.). My past MDL experience includes *In re Payment Card*

*Interchange Fee & Merchant Discount Antitrust Litig.*, MDL 1720 (E.D.N.Y.) (pending $6.25 billion settlement), *In Re: Liberty Refund Anticipation Loan Litig.*, MDL 2334 (N.D. Ill.), and *In re: Volkswagen 'Clean Diesel' Litigation*, MDL 2672 (N.D. Cal.).

In addition to MDL cases, I am also experienced in class action litigation. Along with lawyers from three other firms, I represent investors in the class action antitrust case *Putnam Bank, et al. v. Intercontinental Exchange, et al.* 19-cv-439 (S.D.N.Y.). My prior experience includes the class action antitrust case *Kirk Dahl, et al. v. Bain Capital Partners, LLC, et al.*, 07-cv-12388 (D. Mass.), where we achieved a $590 million settlement with the country's largest private equity firms. I was also a lead partner representing the plaintiff Federal Home Loan Bank of Pittsburgh in multi-defendant litigation over the rating and sale of toxic mortgage-backed securities.

Aside from case-related work, in the last year, I have counseled three clients on data security and privacy best practices and policies. I am available to co-lead this case. Other than an arbitration trial scheduled for May this year, I have no additional leadership roles that would prevent me from committing my time, resources, and experience to this case. I attach Exhibit 3, which lists my MDL and class action experience, my leadership roles, and the presiding Judges.

3. **Case Funding.**

Robins Kaplan will be self-funding this matter and will not rely on third-party litigation funding. I recommend a "shared costs" and "held costs" approach. I propose that lead counsel and the PSC establish a litigation fund ("Fund") to cover some shared costs and expenses. In addition, each attorney in this MDL should carry its own held costs, reimbursed as determined by

Co-Lead Counsel, if eligible as common benefit costs. Exhibit 4 outlines a proposed protocol for common benefit work and expenses.

4. **Agreements with Other Counsel.**

   I have no agreements with other counsel.

5. **Case Structure, Management, Billing, and Cooperation.**

   Effective case management should include periodic Court status conferences. I recommend scheduling status conferences every six months. I also propose that the parties agree to a Settlement Master early in the case to promote discussions on resolution, without sacrificing the progress of the litigation track. To avoid duplication of work, I recommend that Co-Lead Counsel assign attorneys appointed to the PSC to subcommittees charged with responsibility for advancing important aspects of the case. *See* Exhibit 2. The Liaison Counsel, for example, will be responsible for coordinating communications with the Court, as well as soliciting input from and maintaining communications with non-lead law firms. As for billing, attorneys should submit their common benefit time, costs, and backup receipts each month to Lead Counsel, using a standardized spreadsheet that adheres to the protocol. *See e.g.,* Exhibit 4, Attachment A. To control costs, I propose establishing a fee schedule to cap billing rates at the median rate by years in practice, according to the national median standard rates published in the Thomson Reuters Peer Monitor of AmLaw100 Firms. I recommend that the collective amount of attorneys' fees should total no more than 28% of the common fund, depending on the total amount recovered in this case. *See, e.g., Boyd v. Coventry Health Care, Inc.,* 299 F.R.D. 451, 465 (D. Md. 2014).

   I appreciate the time and resources necessary to be an effective leader in an MDL action and am fully committed to dedicating my personal and firm resources as a Co-Lead, or

April 19, 2019                                                                                                                              *Via CM/ECF*

---

alternatively, a PSC member. I am prepared to work cooperatively with other plaintiffs' counsel, as I have in many cases, to achieve the best results for the class. Similarly, I have worked professionally with opposing counsel, as well as respected national mediators, while at the same time vigorously advocating for my clients. I attach a list of the attorneys with whom I have worked in current and prior cases at Exhibit 5. I welcome the opportunity here to work with all counsel to prosecute this case in a just, speedy, and fair manner.

6. **Additional Factors.**

Your honor also asked for other considerations you might take into account in forming the leadership group in this case. I respectfully submit that diversity and inclusion should be one such consideration. The legal community has emphasized increasing the number of qualified, diverse candidates in MDL leadership roles. *See, e.g.,* Duke Law Center for Judicial Studies Conference, *Increasing the Number of Women and Minority Lawyers Appointed to Leadership Positions in Class Actions and MDLs* (2017). Equally important is a focus on opportunities for attorneys at different levels in their respective careers. This case presents many opportunities for a meaningful role in various aspects of the case, including co-counsel communication and management, coordinated client communication and management, coordination with defense counsel, discovery, depositions, document review, expert work, class motions, dispositive and non-dispositive motion practice, oral argument, mediation and trial. I have experience in each aspect of case management and prosecution and can serve to lead a team of attorneys in these roles. The leadership group should be structured to provide these opportunities and experiences to a broader cross-section of the legal community.

April 19, 2019                                                                                                          *Via CM/ECF*

---

    Such goals for diversity are part of the fabric of the Robins Kaplan firm, which has long recognized the strength of diversity to drive equal justice regardless of economic resources. In the depths of the Great Depression, two lawyers, rebuffed by traditional law firms, started the firm and began their own quest to make history against more economically powerful defendants. In keeping with the fabric of this tradition, I continue to work for diversity and inclusion at the firm and within the legal community. I am a mentor in the Mentor Mosaic program, which supports gender, racial, ethnic, and LGBT diversity at the firm. I have served on the Robins Kaplan gender diversity working group. I also co-chair the Minnesota Women Lawyer's Equity Committee. Perhaps most important, my own case teams are diverse, providing new opportunities to next generation lawyers.

    I look forward to an opportunity to serve in this case.

                                                                                                                Respectfully submitted,

                                                                                                        Stacey Slaughter

BY ECF

cc:      Counsel of Record