# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| In re: Marriott International, Inc., Customer Data Security Breach Litigation<br><br>This Document Relates To: All Actions | MDL No. 8:19-md-02879-PWG<br><br>Hon. Paul W. Grimm<br><br>**APPLICATION OF TINA WOLFSON FOR APPOINTMENT AS LEAD COUNSEL FOR THE CONSUMER CLASS** |

## SECTION 1: BACKGROUND

I make this application as an individual and respectfully request that the Court appoint me as one of the Lead Counsel for the consumer class in this matter. As a founding partner of Ahdoot & Wolfson, PC, a national class action litigation firm that recently celebrated its 21st anniversary, I have vast experience leading data breach and privacy class actions, as well as other class actions and MDL proceedings. As highlighted in Section 2 below and detailed in my CV, attached as Exhibit 1, the depth of my relevant professional experience will maximize efficiency in prosecuting this case as well as the results achieved for the class.

In response to the Court's inquiry regarding diversity of background, I was born in the former Soviet Union and my family escaped when I was 11 years old. Seven years after we arrived as indigent refugees who spoke no English, I attended Columbia College, and then Harvard Law School, graduating both *cum laude*. The experience of growing up in a totalitarian regime without individual freedoms gives me a unique appreciation for the importance and fragility of those rights and defines my professional life. As does the strong immigrant work ethic.

I began my civil litigation career at Morrison & Foerster, LLP, where I defended major corporations in class actions and business litigation, an experience that gave me invaluable insight into the workings and concerns of big business. The experience of having worked "for the other side" will serve the class in both litigation strategy and at the negotiation table.

If granted the opportunity, I will utilize my vast professional experience, my unique perspective, and relentless work ethic to the service of the plaintiff class. Although I am more than qualified to be appointed Lead Counsel, I will serve zealously in whatever capacity the Court prefers.

## SECTION 2: PRIOR DATA BREACH, PRIVACY AND MDL EXPERIENCE

I have been prosecuting cutting edge privacy cases since the late 1990s, when I successfully advocated for the privacy rights of millions of consumers against major financial institutions (Chase Manhattan, American Express, MBNA, Discover, and Washington Mutual, among others) based on the unlawful compilation and sale of detailed personal financial data to third-party telemarketers without the consumers' consent. While such practices later became the subject of Gramm-Leach-Bliley Act regulation, at the time we were prosecuting these cases in the San Francisco Superior Court complex litigation department (before the Hon. Richard R. Kramer (Ret.): (415) 774-2617; khanley@jamsadr.com), such practices were hidden from public scrutiny. Our work shed light on how corporations and institutions collect, store, and monetize mass data, leading to governmental regulation.

Since then, I have gained extensive experience in leadership roles prosecuting consumer data breach and privacy class actions, including the following:

### Data Breach MDL and Class Action Experience

***In re: Experian Data Breach Litig.*, No. 8:15-cv-01592-AG-DFM (C.D. Cal.)**
Hon. Andrew J. Guilford: (714) 338-4757; AG_chambers@cacd.uscourts.gov
Settlement Magistrate Hon. Jay Gandhi: (213) 253-9721; jkware@jamsadr.com

I serve as one of two Lead Co-Counsel and manage a PSC of six additional firms. This case involves a data breach affecting nearly 15 million class members. The motion for final approval of the settlement will be heard on May 6, 2019. During the two-and-a-half years of intense but efficient litigation leading up to settlement, I was personally involved in every aspect of the case, including strategy, brief writing, oral argument, discovery, work with experts, case management, and attorney oversight. I personally reported to the Court at every case management conference and attended every substantive hearing. After plaintiffs convinced the court to limit

the motion to dismiss to 12 causes of action (six chosen by each side), I successfully argued the motion. The Court declined to dismiss the causes of action for negligence and consumer protection statutes. I argued many of the discovery disputes informally presented to the Court, including complex ESI issues, and helped prepare for and attended all of the depositions taken in the case. I worked hand in hand with consultants and experts regarding many highly technical aspects of the case and damages issues.

At my instruction and guidance, my firm took the laboring oar in collecting, reviewing, and auditing all counsel's billing records to ensure compliance with the protocol we disseminated at the beginning of the case. We have a well-oiled system and junior associates trained to perform such audits and ensure efficiency for any volume of time and cost records.

Along with Lead Co-Counsel, I was able to secure one of the best data breach class action settlements to date, which includes a $22 million non-reversionary fund and is valued at over $150 million, with one of the best per capita recoveries, and best claims rates. Each class member is entitled to two years of additional premium credit monitoring and ID theft insurance (beginning whenever their current credit monitoring product, if any, expires) plus monetary relief (in the form of either documented losses or a default payment for non-documented claims). Experian is also providing robust injunctive relief. At one of the hearings, Judge Guilford commented, "You folks have truly done a great job, both sides, I commend you." (Tr. 6/11/18 at 5:14-16.)

All objections have been addressed in the motion for final approval, so the case will require modest effort on my part in the next year, even if appellate briefing is required.

*In re: Premera Blue Cross Customer Data Sec. Breach Litig.*, **No. 15-md-02633-SI (D. Or.)** Hon. Michael H. Simon: (503) 326-8380

I serve as one of four Executive Leadership Committee members. In this medical data breach case affecting nearly 11 million people, I participated in all of the extensive litigation efforts over

3

the course of the last four years, including two rounds of motion to dismiss briefing, propounding and responding to discovery, numerous discovery battles, over 50 depositions, and working with technical and damages experts. I was deeply involved in strategy and briefing of class certification and handled part of that oral argument. My participation also was instrumental in the settlement efforts, which are close to completion. I expect preliminary approval papers to be finalized by the end of April, and for the case to require 3-5 hours per month of my time after that until final approval briefing, which is likely to be heard in late 2019 or early 2020.

> ***In re: U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, No. 1:15-mc-01394-ABJ (D.D.C.)** Hon. Amy Berman Jackson: (202) 354-3460

I serve as one of three PSC members (plus lead and liaison counsel) in this data breach case, involving the compromise of highly sensitive PII of federal government workers. I briefed and argued, in part, the motions to dismiss, which were granted, and briefed in part the appeal to the D.C. Circuit, which was argued on November 2, 2018. If the appeal outcome is favorable, I expect the case to require approximately 10-15 hours per month of my time during the litigation stage.

> ***In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 14-md-2583-TWT (N.D. Ga.)** Hon. Thomas W. Thrash: (404) 215-1550

I served on the PSC in this closed matter. My efforts were instrumental in every aspect of litigation, which brought the parties to the negotiation table, such as vetting dozens of potential class representatives, researching all potential causes of action, drafting the consolidated complaint, and opposing the motion to dismiss, among other efforts. The settlement was valued at $29 million in monetary relief, as well as robust injunctive relief.

> ***Remijas v. The Neiman Marcus Group, LLC*, No. 14-cv-1735 (N.D. Ill.)**
> Hon. Sharon Johnson Coleman (reassigned from Hon. Samuel Der-Yeghiayan, reassigned from Hon. James B. Zagel): (312) 435-6885

I serve as Lead Co-Counsel in this payment card data breach. My partner Theodore Maya

4

and I were responsible for briefing and arguing the appeal from the trial court's order granting a motion to dismiss based on lack of Article III standing. The Seventh Circuit's groundbreaking opinion, now cited in every standing brief, was the first appellate decision to consider the issue of Article III standing in data breach cases in light of the Supreme Court's decision in *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013). As a result of our efforts, the Seventh Circuit concluded that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes in out-of-pocket damages. *Remijas v. Neiman Marcus Group, LLC*, 794 N.E.3d 688 (7th Cir. 2015) (reversed and remanded). The trial court recently denied final approval of the class action settlement, and the parties are back at the negotiation table. If the likely settlement is reached, the case will require minimal time on my part to oversee the settlement, as the templates for all the necessary work already exist.

> ***In re: Target Corp. Customer Data Sec. Breach Litig.*, No. 0:14-md-02522-PAM (D. Minn.)** Hon. Paul A. Magnuson: (651) 848-1150

Although not appointed by the Court, my firm and I contributed considerable efforts in supporting the lead team by vetting hundreds of potential class representatives, conducting legal research involving the different state laws in play, drafting the consolidated complaint, and embarking on significant discovery efforts, among other tasks.

Additionally, I hold or have held leadership positions in the following data breach cases, which are either closed or will require minimal time commitments due to their settlement posture:

- *Gordon v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01415-CMA-MLC (D. Colo.) Hon. Christine M. Arguello: (303) 335-2174. Lead Co-Counsel in this card payment data breach case; motion for preliminary approval of class action settlement to be filed shortly.

- *S.A. v. Wash. State Univ.*, No. 17-2-23244-1 SEA (Wash. Super. Ct., King Cty.) Hon. Laura Inveen: (206) 477-1617. Lead Co-Counsel, preliminary approval of settlement granted.

5

- *Adlouni v. UCLA Health Sys. Auxiliary*, No. BC589243 (Cal. Super. Ct. Los Angeles Cty.) Hon. Daniel J. Buckley, (213) 310-7001.  PSC member in this medical data breach case, preliminary approval of class action settlement granted.

- *In re: YapStone Data Breach*, No. 4:15-cv-04429-JSW (N.D. Cal.) Hon. Jeffrey S. White, (510) 637-3541.  Lead Class Counsel for settlement that provided for credit monitoring and identity theft insurance services to claimants (valued at approximately $4.5 million annually in perpetuity), a *cy pres* fund to non-profit organizations, and robust injunctive relief.

## Other Noteworthy Privacy Class Actions

I was recently appointed as one of two Interim Co-Lead Counsel in the *Google Location History Litigation*, No. 5:18-cv-5062-EJD (N.D. Cal.) before the Hon. Edward J. Davila: (408) 535-5454.  This case alleges that Google collected, stored, and used location information of consumers despite their explicit opting out of such practices.  This case presents my most significant time commitment in the near future – approximately 30 hours per month of my time.

I also serve or have served as plaintiffs' counsel in consumer privacy rights cases involving the right to control the collection and use of biometric information, such as *Rivera v. Google, Inc.*, No. 1:16-cv-02714 (N.D. Ill.) before the Hon. Edmond E. Chang: (312) 435-5795 (grant of MSJ on appeal to Seventh Circuit; I will oversee the appellate briefing if current mediation efforts do not resolve the case); as well as consumer rights to be left alone under the Telephone Consumer Protection Act of 1991 ("TCPA"), such as *Chimeno-Buzzi v. Hollister Co*, No. 1:14-cv-23120-MGC (S.D. Fla.) before the Hon. Marcia G. Cooke: (305) 523-5150 (closed) ($10 million non-reversionary fund and significant injunctive relief settlement).

## Recent Noteworthy Class Actions/MDLs

In other types of class actions, my efforts have led to hundreds of millions of dollars

restored to harmed class members, as well as meaningful changes in corporate behavior, such as:

- *Eck v. City of Los Angeles*, No. BC577028 (Los Angeles County Superior Court) Hon. Ann I. Jones: (213) 310-7011. As Class Co-Counsel, I achieved a $295 million finally-approved settlement in a case alleging that an 8% surcharge on Los Angeles electricity rates was an illegal tax. The appeal of final approval of settlement has been briefed.

- *Kirby v. McAfee, Inc.*, No. 14-cv-02475-EJD (N.D. Cal.) Hon. Edward J. Davila (closed). Plaintiffs alleged illegal auto renewal and discount practices. As Class Co-Counsel, I achieved a settlement that made $80 million available to the class and required McAfee to notify customers regarding auto-renewals at an undiscounted subscription price and change its policy regarding the past pricing it lists as a reference to any current discount.

- *Lavinsky vs. City of Los Angeles*, Case No. BC542245 (Los Angeles County Superior Court) Hon. Ann I. Jones: (213) 310-7011. As Class Co-Counsel in a case alleging illegal gas utility taxes, I achieved a preliminarily approved $51 million settlement after class certification.

- *Lumber Liquidators Chinese-Manufactured Flooring Durability Mktg. & Sales Practices Litig.*, No. 1:16-md-02743-AJT-TRJ (E.D. Va.) Hon. Anthony J. Trenga: (703) 299-2113 (closed). As Class Co-Counsel in the case arising from alleged misrepresentations of laminate flooring durability, which was coordinated with MDL proceedings regarding formaldehyde emissions, I helped achieve a $36 million settlement for both classes.

- *McKnight v. Uber Techs., Inc.*, No. 3:14-cv-05615-JST (N.D. Cal.) Hon. Jon S. Tigar, (415) 522-2036. I am serving as plaintiffs' co-counsel arising from "safe ride" fees charged to Uber customers, in which a settlement for $32.5 million is pending final approval (stayed until 9th Circuit issues *en banc* opinion re *Hyundai & Kia Fuel Economy*, 881 F.3d 679 (9th Cir. 2018)).

- *Pantelyat v. Bank of Am., N.A.*, No. 1:16-cv-08964-AJN (S.D.N.Y.) Hon. Alison J. Nathan:

7

(212) 805-0278 (closed). Class Counsel in an action arising from allegedly improper overdraft fees; $22 million settlement represented 80% of bank's revenues gleaned by the alleged conduct.

- *In re: Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD (N.D. Cal.) Hon. Edward J. Davila: (458) 535-5454. I am serving on the Plaintiffs' Executive Committee. This case currently requires 7-10 hours per month of my time.

- *In re: Kind LLC "Healthy And All Natural" Litig.*, No. 1:15-md-02645-WHP (S.D.N.Y.) Hon. William H. Pauley, III: (212) 805-6387. I am one of three appointed Interim Lead Co-Counsel; parties have agreed to suspend litigation pending mediation scheduled for May 30, 2019.

## SECTION 3: FUNDING

My firm will fund this case through its own funds and assessments to other co-lead firms and members of the PSC. I would not assess firms who are not appointed as Lead or to the PSC. We have never used third party funding and have never failed to pay assessments in any case. My firm is more than well-funded to litigate this matter to successful results.

## SECTION 4: AGREEMENTS WITH OTHER COUNSEL

I have no agreements whatsoever with any other counsel in this case.

## SECTION 5: EFFICIENCY PROTOCOL, COMMUNICATIONS

Based on my review of Appendix B to the Local Rules as well as two decades of class action experience, I have drafted a time and cost recordkeeping protocol for this case as well as a time and cost billing spreadsheet. If appointed, I would promptly share, discuss, and finalize these documents with Lead Co-Counsel prior to dissemination to all plaintiff counsel. Should the Court so wish, we would share and discuss the documents *in camera* prior to finalizing.

Under this protocol, plaintiffs' counsel will be required to submit time and expenses on

uniform templates only for work assigned and/or authorized by lead counsel in writing, on a monthly basis, and to be submitted to the Court quarterly, or on any other periodic basis the Court prefers. Block billing will be prohibited, time will be required to be kept contemporaneously at 1/10 of an hour with clear and detailed task descriptions. Travel time during which substantive work is performed for this or another case will be billed for the substantive work in the respective case only. All documents will be reviewed through an electronic platform that can track the documents reviewed by any particular attorney and the time spent to assure efficiency.

Lead Counsel will review the submissions and promptly notify any counsel of any failure to meet the requirements, to be corrected prior to submission to the Court.

The Court submission will provide the attorney names, dates, billing rates, descriptions, and categorical breakdowns of common benefit time and expenditures to enable the Court to periodically monitor counsel's billing and efficiency throughout the pendency of the litigation.

Expenses advanced by plaintiffs' counsel will be designated as either shared or held, the former paid out of a joint litigation fund contributed to by plaintiffs' leadership and maintained by lead counsel, and the latter carried by the attorney incurring the expense to be reimbursed at the discretion of lead counsel. All reimbursable expenses will be limited to avoid unreasonable or exorbitant charges, especially for travel-related costs such as airfare, hotels, meals, and ground transportation, and office-related costs such as telephone charges, shipping, copying, and research.

Communications with the PSC will take place on weekly conference calls, to be canceled when there is no need. Lead Counsel will confer to allocate work to the PSC with an eye toward each member's particular set of skills, providing equal opportunity, and moving the case forward quickly. Communications with non-PSC firms can take place through regular update letters, while the class members and the public should be apprised of case developments through a public website. All plaintiffs' firms will be invited to submit clients who are interested in serving as class

representatives for the vetting process. In order to maximize efficiency but allow flexibility, Lead Counsel should be granted discretion to invite non-PSC firms to assist with specific tasks, or seek input on a particular issue, after requesting permission from the Court, if the Court so prefers. I will always promptly respond to communications by any plaintiff's counsel and listen to ideas with an open mind.

As set forth in Section 2, I have worked cooperatively and efficiently with other counsel in most class actions, in both lead and supporting roles, to successful results. I have never sought resolution from any court or arbitrator of any dispute with another plaintiffs' counsel. I also pride myself on working congenially with defense counsel, evidenced by the fact that defense lawyers often invite me to speak at CLE events and even in-house events designed to market to their business clients. My service on the Board of Public Justice, as a Ninth Circuit Lawyer Representative, a member of the American Business Trial Lawyer Association, participant at the Duke Law School Conferences, at the Institute for the Advancement of the American Legal System, and on the Federal Litigation Section of the Federal Bar Association, provides further opportunities to collaborate with both plaintiff and defense attorneys. This is my fourth data breach case with Baker Hostetler across the aisle, a history that will further assist me in working cooperatively in this matter and minimizing issues requiring the Court's involvement.

### SECTION 6: MISCELLANEOUS

The Court should rest assured that my firm and I have the human and financial resources to bring this matter to a successful conclusion. My track record of two decades of successful class actions, which took years and millions of dollars to resolve, proves this. My reputation is my most valuable asset and I would not ask for the appointment unless I was certain I could deliver. I look forward to addressing any questions the Court may have at the hearing on April 29, 2019.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 19, 2019 |   /s/ Tina Wolfson<br>Tina Wolfson (admitted *pro hac vice*)<br>*twolfson@ahdootwolfson.com*<br>**AHDOOT & WOLFSON, PC**<br>10728 Lindbrook Drive<br>Los Angeles, CA 90024<br>Tel: (310) 474-9111<br>Fax: (310) 474-8585<br><br>*Counsel for Plaintiff Janel Sempre* |