**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **IN RE: MARRIOTT INTERNATIONAL, INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | * <br> * <br> * <br>   MDL No.: 19-md-2879 <br> * |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | *   The Honorable Paul W. Grimm <br> * |

\* \* \* \* \* \* \* \* \* \* \*      \* \* \* \* \* \* \* \* \* \* \*

**THIAGO M. COELHO & JUSTIN F. MARQUEZ'S APPLICATION
STEERING COMMITTEE APPLICATION FOR CONSUMER TRACK
LITIGATION**

On November 30, 2018, Marriott/Starwood reported a data breach of stunning scope, affecting 358 million customers world-wide. Thiago M. Coelho and the attorneys at the Wilshire Law Firm immediately understood the stakes involved. Indeed, Mr. Coelho, and more recently Mr. Marquez have been involved in a number of data breach cases involving hotels as defendants in recent years. We may not have tried this specific case. But we have come close. We have litigated data breach cases with hotels as defendants such as Four Seasons, Kimpton, Two Roads Hospitality, SBE, and Loews. We know how hotels book their guests, either through their own systems or through a third-party provider such as Orbitz, we know the standard procedures that each hotel follows and should adopt, and we know the vulnerabilities of hotels when it comes to data breaches. Mr. Coelho and Mr. Marquez have significant experience handling the very issues that the Steering Committee will face in this litigation. That is why we were the first attorneys in the United States to file a case against *Marriott*, *Helen Kim v. Marriott International*, *Inc., et al*. Case No.: 2:18-cv-10034. We write jointly to apply for a position in the Steering Committee for this litigation.

We are proven advocates of consumer privacy rights. If appointed to the Steering Committee, we will apply our substantial expertise to advance the rights of the plaintiffs and the putative class. We will discuss each of the requested information in the sections below:

<u>Section One:  Individual Application.</u>

We recognize that this litigation will require a substantial amount of work and effort. We are committed to providing that work and effort, putting to good use the expertise we have gained in this area of law. We ask for both Mr. Coelho and Mr. Marquez to have a position in the Steering Committee, with whatever leadership structure the Court wishes to endow upon that

Committee. We plan on working together in order to maximize our work-product and value that we will bring to the case.

Section Two:  Data Privacy – MDL or Class Action Experience.

Thiago M. Coelho and Justin F. Marquez have substantial experience in data breach class actions. Each will be addressed in turn:

*Thiago M. Coelho*: Mr. Coelho is a graduate of University of Southern California, Gould School of Law. Although Mr. Coelho is one of the youngest applicants, he has litigated numerous data breach cases—with more of 90% of his cases being data breach class actions. As mentioned during the pre-trial conference, Article III standing will be a significant hurdle that plaintiffs will have to survive. Mr. Coelho has significant experience dealing with Article III standing issues on a number of data breach cases. For example, more recently, in September, 2018, Mr. Coelho received a favorable ruling in *Dana Pica v. Delta Air Lines, Inc., et al.*, No. 2:18-cv-2876-MWF (EX), 2018 WL 5861362 (C.D. Cal. Sept. 18, 2018) (Hon. Michael W. Fitzgerald, Courtroom Deputy Rita Sanchez (213) 894-1527), the leading data breach case against Delta Air Lines. As stated by the Honorable Michael W. Fitzgerald: "**DENIED** insofar as it seeks dismissal for lack of Article III standing. Plaintiffs, whose personal identifying information was accessed and stolen, have adequately alleged imminent injuries that can be traceable to Defendant's actions and redressed by a favorable outcome in this action." *Id*. at *1. *Delta* involved a class size which exceeded 800,000, in which the data extracted was the full name, address, payment card number, CVV number, and expiration date. Mr. Coelho drafted the opposition to the motion to dismiss, delegated work, such as research assignments to junior associates, and was the attorney who argued the motion to dismiss dealing with Article III standing.

Mr. Coelho also took a leadership role in the litigation of the following data breach cases:

- *Jackson v. Loews Hotels, Inc., et al.*, Case No. 5:18-cv-00827-DMG (C.D. Cal. 2018) (Hon. Dolly M. Judge; Courtroom Deputy Clerk, Kane Tien: (213) 894-5452). The breach involves all Loews' hotel reservations from August 29, 2016 to March 9, 2017. As a data breach case involving a hotel defendant, we consider that this case provides considerable relevant experience. Similar as to *Marriott*, in which the personal identifiable information ("PII") contains: full name, address, phone number, e-mail address, passport number, Starwood Preferred Guest account information, date of birth, gender, payment card data, departure information, and communication preference. In *Loews* the PII involved, for a hotel data breach is: full name, address, phone number, e-mail, and payment card data.

- *Anderson v. Kimpton Hotel & Restaurant Group, LLC*, Case No. 4:19-cv-01860-DMR (N.D. Cal. 2019) (Magistrate Judge Donna M. Ryu; Courtroom Deputy, Ivy Garcia: (510) 637-3639). Here the data breach occurred at all Kimpton locations from August 10, 2016 to March 9, 2017. Like *Marriott*, this is a data breach case involving a hotel as defendant, so there is considerable synergy with the case at bar. The PII involved included: full name, address, phone number, e-mail, and payment card data.

- *Edward Feinstein v. Four Seasons Hotels Limited, et al.*, Case No. 18-56225 (9th Cir. 2018). Here the data breach occurred to all Four Seasons locations from August 10, 2016 to March 9, 2017. The case is currently on appeal before the Ninth Circuit on a challenge to personal jurisdiction. The data at issue included: full name, address, phone number, e-mail, and payment card data. This is also a hotel data breach case which we believe offers synergistic effects.

- *Schumacher v. Bank of Hope*, Case No. 18STCV02066 (Cal. Super. Ct. 2018) (Hon. Amy D. Hogue, (213) 310-7007). The data at issue included the full names, addresses, financial account information, and social security numbers.

- *Ables v. Brooks Brothers*, Case No. 2:17-cv-04309-DMG (C.D. Cal. 2017) (Hon. Dolly M. Gee). The case involved all customers who made in-store payments at any of Brooks Brothers' 223 retail locations from April 2016 to March 2017. The data at issue included the full names and payment card data.

Mr. Coelho has additionally been involved in the litigation efforts in the following data breach cases:

- *In Re: Uber Technologies, Inc., Data Security Breach Litigation*, Case No. 2:18-ml-02826 (C.D. Cal. 2018) (Hon. Philip S. Gutierrez (213-894-8899). Here the class size was 57 million individuals, and the data at issue included the full

names, addresses, e-mail addresses, phone numbers, driver's license numbers, and payment card data.

- *Mekerdijian v. SAKS FIFTH AVENUE LLC, et al.*, Case 2:18-cv-02649 (C.D. Cal. 2018) (Hon. R. Gary Klausner, Courtroom Deputy Clerk Sharon L. Williams (213) 894-2649). A data breach case impacting 5 million people.

- *Valencia v. Orbitz, LLC*, Case No. 2:18-cv-02303-RGK-GJS (C.D. Cal. 2018) (Hon. R. Gary Klausner, Courtroom Deputy Clerk Sharon L. Williams (213) 894-2649). A third-party provider to many hotels, including Marriott. The information impacted was: full name, payment card information, date of birth, phone number, email address, physical and/or billing address, and gender.

- *Hsiao v. SBE ENT Holdings, LLC, et al.*, Case No. 2:18-cv-03358 (C.D. Cal 2018) (Hon. John A. Kronstadt, (213) 894-1565). Here the data breach occurred at all SBE hotel locations from August 10, 2016 to March 9, 2017. Like *Marriott*, this is a data breach case involving a hotel as defendant, so there is additional synergy with the case at bar. The PII involved included: full name, address, phone number, e-mail, and payment card data.

- *Cruz v. Two Roads Hospitality LLC, et al.*, Case No.: 2:18-cv-03357 (C.D. Cal 2018) (Hon. Michael W. Fitzgerald, Courtroom Deputy Rita Sanchez (213) 894-1527). Here too the data breach occurred to all Two Roads Hospital hotel locations from August 10, 2016 to March 9, 2017. Like *Marriott*, this is a data breach case involving a hotel as defendant, so there is again additional synergy with the case at bar. The PII involved included: full name, address, phone number, e-mail, and payment card data.

Needless to say, Mr. Coelho has extensive experience when it comes to the inner-workings of data breach cases involving hotels.

Recently, Mr. Coelho has been nominated as Top 40 Under 40 attorney, and Top 25 Class Action attorney by the National Trial Lawyers, a recognized organization which investigate the skills and abilities of attorneys who exemplify superior qualifications.

<u>Justin F. Marquez</u>: With has almost a decade of experience successfully litigating class actions in state, federal, and appellate courts. Together with his colleague Mr. Coelho, Mr. Marquez is currently co-lead counsel of record in the following data breach/privacy class actions: *Feinstein v. Four Seasons Hotels, Ltd.*, Case No. 18-56225 (9th Cir. 2018), *Jackson v. Loews*

*Hotels, Inc.*, Case No. 5:18-cv-00827-DMG (C.D. Cal. 2018), *Anderson v. Kimpton Hotel & Restaurant Group, LLC*, Case No. 4:19-cv-01860-DMR (N.D. Cal. 2019), and *Schumacher v. Bank of Hope*, Case No. 18STCV02066 (Cal. Super. Ct. 2018). *Feinstein* is an appeal that concerns whether a court can assert jurisdiction to hear state law data breach claims against a foreign corporation based in Canada. When granting final approval of a class action settlement in which Mr. Marquez served as lead counsel, Judge James V. Selna (Courtroom Deputy, Lisa Bredahl: Lisa_Bredahl@cacd.uscourts.gov) said of his work: "Class Counsel's declarations show that the attorneys are experienced and successful litigators." *Brulee v. DAL Global Services, LLC,* 2018 WL 6616659, * 10 (C.D. Cal. Dec. 13, 2018).

Indeed, Mr. Marquez has prevailed in several complex cases, resulting in landmark appellate decisions that have advanced the law in favor of plaintiffs, including:

- Mr. Marquez briefed, argued, and won *Yocupicio v. PAE Group, LLC,* 795 F.3d 1057 (9th Cir. 2015), a case concerning jurisdiction under the Class Action Fairness Act ("CAFA"). This case is cited in several leading treatises such as Wright & Miller's *Federal Practice & Procedure*, and *Newberg on Class Actions*. In October 2016, the U.S. Supreme Court denied review of a case that primarily concerned *Yocupicio*. That effort was led by Theodore J. Boutrous, who brought the cert petition, with amicus support from a brief authored by Andrew J. Pincus. [1] Considering that leading Supreme Court practitioners from the class action defense bar were very motivated in undermining *Yocupicio* case, but failed, this demonstrates the national importance of the *Yocupicio* decision.

- Mr. Marquez was the primary author of the class certification and expert briefs in *ABM Industries Overtime Cases,* 19 Cal.App.5th 277 (2017), a wage and hour class action for over 40,000 class members for off-the-clock, meal period, split shift, and reimbursement claims under California law. *ABM Industries Overtime Cases* is the first published California appellate authority to hold that an employer's "auto-deduct policy for meal breaks in light of the recordkeeping requirements for California employers is also an issue amenable to classwide resolution." *Id.* at 310.

Mr. Marquez has also worked on nationwide class and collective actions as part of a team

---

[1] http://www.chamberlitigation.com/cases/abm-industries-inc-v-castro

of attorneys, including *Otey v. CrowdFlower, Inc.,* No. 12-cv-05524-JST (MEJ), 2013 U.S. Dist. LEXIS 122007 (N.D. Cal. Aug. 27, 2013) (order granting conditional collective certification of a nation-wide FLSA class for independent contractor misclassification) and *Spears v. Washington Mutual, Inc.*, Case No. 5:08-cv-00868-RMW (N.D. Cal. 2008) (certified nationwide class asserting claims under federal law for overinflated home appraisals).

In addition to obtaining results in the courtroom, Mr. Marquez is an active leader in the plaintiff's bar in California. Mr. Marquez is on the California Employment Lawyers Association (CELA)'s Wage and Hour Committee. Since 2013, Mr. Marquez has actively mentored young attorneys through CELA's mentorship program.

Mr. Marquez has received numerous awards for his legal work. From 2017 to 2019, Super Lawyers nominated him as a "Southern California Rising Star." The National Trial Lawyers nominated him as a Top 40 Under 40, Top 100, and Top 25 in the class action category. He is also rated 10.0 ("Superb") by Avvo.com in the areas such as consumer protection, and privacy laws.

Mr. Marquez received his law degree from Notre Dame Law School in 2008, and his undergraduate degree from UCLA in 2004 (*magna cum laude*, *Phi Beta Kappa*, and College Honors).

Section Three: Funding.

Both Mr. Coelho and Mr. Marquez will commit all the resources necessary to litigate this case by funding it through Wilshire Law Firm. No third-party funding is necessary as Wilshire Law Firm has the resources and funds required to litigate this case, as well as it has never used third-party funding for its class action cases. Further, Wilshire Law Firm has a large staff built to support litigation of this kind, with more than 100 employees.

Section Four: Formal Agreements.

Neither Mr. Coelho or Mr. Marquez have made any agreement with any of the other counsel in this case. This includes no agreements as to funding, cost-sharing, or pooling clients for strategic reasons.

Section Five: Billing, Costs, Procedures, and Communication.

Both applicants are more than willing to participate or cooperate in any way required by the Court or the appointed Lead Counsel(s). As potential members of the Steering Committee, we would follow any procedure to collect and review time records that the Lead Counsel(s) proposes. If no proposal is made, we are more than willing to share our own plan as to keeping time records, detailed descriptions of the work performed, and the hourly rate of all-time keepers, or any other need as proposed by this Court or Lead Counsel(s).

Section Six: Additional Factors.

Neither Mr. Coelho or Mr. Marquez have any current pending MDL cases. Mr. Coelho is able to devote full-time to the *Marriott* case. He is able to assign his current non-appointed cases to other attorneys at the firm, in order to fully dedicate himself to this case.

If Mr. Marquez is selected as a member of the Consumer Track's Plaintiff's Steering Committee, Mr. Marquez expects to devote more than 50% of his time on the *Marriott* case. Mr. Marquez's current case load consists of the following active cases:

- *Frausto v. Bank of America, National Association*, Case No. 3:18-cv-01983-LBN.D. Cal. 2018) (Magistrate Judge Laurel Beeler; Courtroom Deputy, Elaine Kabiling, (415) 522-3140 ).

- *Crosley v. Rodeo Realty, Inc.*, Case No. BC677748 (Cal. Super. Ct. 2017) (Judge Amy D. Hogue, (213) 310-7007).

- *Gabriel v. Exclusive Real Estate Holdings, Inc.*, Case No. 19STCV02515 (Cal. Super. Ct. 2019) (Judge Holly J. Fujie, (213) 633-0656).

As to diversity factors, Mr. Coelho and Mr. Marquez will also bring diversity to the Steering Committee both in age and ethnicity, as Mr. Coelho is part of the Latino community and Mr. Marquez is part of the Filipino community and actively participates in the Consumer Attorneys of California (CAOC)'s Diversity Committee.  A diverse group of people, and ensuring diversity in the Committee will enhance public trust in the courts and will improve the likelihood of consideration of diverse ideas and perspectives that MDLs require.  Litigants and the civil justice system benefit from the diversity of leadership.  *See, e.g.*, Katherine W. Phillips, *How Diversity Makes Us Smarter*, SCIENTIFIC AMERICAN (Sept. 16, 2014), available at: http://www.scientificamerican.com/article/how-diversity-makes-us-smarter/.  Research shows that having a mix of experienced and new players enhances creativity and innovation, leads to better decision making and problem solving, and promotes discussion of novel concepts raised by those who historically have not been in leadership.  Elizabeth Chamblee Burch, *Judging Multidistrict Litigation*, N.Y.U. L. REV. (forthcoming 2015) (draft at 25-27), available at http://ssrn.com/abstract=2437853.

Due to the foregoing, Mr. Coelho and Mr. Marquez will be assets to the Steering Committee.  We look forward to addressing any questions or concerns the Court may have in the upcoming hearing.

Dated: April 19, 2019                                                                 Respectfully Submitted,

Thiago M. Coelho, Esq.                                                          Justin F. Marquez, Esq.
Wilshire Law Firm                                                                   Wilshire Law Firm
3055 Wilshire Blvd., 12th Floor                                             3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010                                                         Los Angeles, CA 90010