

| | | |
|---|---|---|
| 460 Nichols Road, Suite 200<br>Kansas City, MO 64112 | One Pennsylvania Plaza, 19th Floor<br>New York, NY 10119 | 1 South St., #2300<br>Baltimore, MD 21202 |

April 26, 2019

**VIA ECF**

The Honorable Paul Grimm
Judge_Grimm@mdd.uscourts.gov
United States District Court
Disrict of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, MD 20770

      **Re:**  *In Re: Marriott International, Inc., Customer Data Security Breach Litigation*
            Case No.  19-md-02879-PWG

Dear Judge Grimm:

      The Court has received over 30 applications for leadership, including four proposed slates and no less than 15 attorneys seeking to serve as Lead Counsel or Co-Lead Counsel. Even among this collection of distinguished applicants, considering the impartial criteria set forth in Rule 23(g)(1)(A)(i-iv), the Siegel-Tadler-Murphy slate (Dkt. 202) believes it solidly stands apart as "*best* able to represent the interests of the class." *See* Rule 23(g)(2).

      *First*, the Siegel-Tadler-Murphy slate has substantially advanced the litigation by thoroughly investigating potential claims in the action. *See* Rule 23(g)(1)(A)(i). The potential claims of plaintiffs from all 50 states are well known to this slate from leading both the *Equifax* and *Home Depot* consumer cases, where a 50-state strategy was successfully pled, briefed and argued, including claims under Maryland law. The differentiating factor here is the work the Siegel-Tadler-Murphy slate has done investigating the *facts* of this breach that are critical to supporting the key elements of these claims. This investigation was significantly enhanced with the retention of the key experts in the data breach field, who are working with the slate to frame the factual allegations supporting the legal theories in the case. For example, Mary Frantz, a top cyber security expert leading this effort for the Siegel-Tadler-Murphy slate, recently testified before Judge Alsup in the *Facebook* data breach litigation at a court-ordered data breach "Tutorial" led by members of the slate. *See Echavarria v. Facebook*, No. C 19-05982 WHA (N.D. Cal.), Dkt. 20 (Notice Re Tutorial inviting "counsel to conduct a public tutorial on the information generally related to this case, including the subject of data privacy and the technology used to both protect and attack it."). A similar approach may be useful here.

      *Second*, the Siegel-Tadler-Murphy slate has established that it has far more experience than any applicant "in handling class actions, other complex litigation, and the types of claims

asserted in the action." *See* Rule 23(g)(1)(A)(ii). As Exhibit A to the slate's application demonstrates, the Siegel-Tadler-Murphy slate brings leadership in data breach and privacy litigation in scores of class actions, covering every imaginable data breach and privacy claim under every state's common law and statutory scheme. This is not simply a quantitative demonstration that the slate has more experience on the front lines of the "claims asserted in the action," but the results of those cases demonstrate unsurpassed *qualitative* success. The slate also has by far the most experience in *consumer* data breach cases (other applicants tout representation of banks or other entities), an important factor as consumer data breach cases include the "types of claims asserted" in this action.

That experience also means the slate has the most experience interacting with data breach victims and understanding how to resolve consumer data breach litigation. As the Court noted at the initial case management conference, most data breach cases have settled. These settlements have largely been iterative, each building on previous settlements in consumer data breach cases. For example, as leaders in the field the Siegel-Tadler-Murphy slate has learned that class members put a premium on compensation for time spent resolving issues associated with a breach, which is not always expressed as an out of pocket expense. Reimbursement of time has therefore become a significant component of recent settlements. Similarly, the slate has learned that credit monitoring—a benefit offered in most data breach settlements—can vary widely, and members of the slate have worked with credit monitoring vendors to develop specific services to address each breach. Identity restoration and fraud resolution, services that are made available to all members of the class if they suffer identity theft or fraud in the future, are likewise services in high demand that have been developed and incorporated in most recent data breach settlements led by members of the slate including settlements in *Hutton, AAU, CareCentrix* and *Yahoo*.

*Third*, the Siegel-Tadler-Murphy slate's collective "knowledge of the applicable law" is unsurpassed among the applicants here. *See* Rule 23(g)(1)(A)(iii). The slate has repeatedly briefed and argued the consumer claims that will be presented here, perhaps on a bellwether basis. Moreover, with respect to Article III standing questions—the key threshold issue Marriott has identified in the case—the slate presents the most substantive, direct and relevant experience in this Court and in the Fourth Circuit through designated Class Counsel in *Hutton v. National Board of Examiners in Optometry, Inc.,* 892 F.3d 613 (4th Cir. 2018).

*Fourth*, the Siegel-Tadler-Murphy slate has established it has the resources to commit to representing this class. *See* Rule 23(g)(1)(A)(iv). These resources are not only economic, but extend to deep benches of lawyers within each firm who have also worked on data breach matters for the last several years at the highest levels, have worked extensively with the top experts in the field, and have the best lawyers to manage the discovery in this litigation.

When these Rule-based factors are considered together, the Siegel-Tadler-Murphy slate respectfully submits they are the "best able to represent the interests of the class." Furthermore, the Court's consideration of "other matter(s) pertinent to counsel's ability to fairly and adequately represent the interests of the class" should also weigh in favor of this slate. *See* Rule 23(g)(1)(B).

Importantly, this slate will be among the most diverse appointed in any MDL. This is not diversity for diversity's sake. Each member of the team hails from a unique background, brings an important skillset to the slate and, as explained in the slate's application, tracks the extraordinary diversity of the class. The slate also mixes those attorneys with the most experience in the field, with newer lawyers who have not had the opportunity to serve as leadership in a major MDL. By providing a mix of "old and new" the Siegel-Tadler-Murphy slate fosters development of new lawyers in the field while preserving service to the class at the very highest level. Appointing such a diverse slate will send a strong and powerful message that the courthouse door is open to all comers—whatever their background.

As for discovery, the slate has a deep understanding of and experience with ever-evolving electronic and digital discovery, including that which is unique to data breach litigation. They are particularly well versed in, among other things, the applicable rules and the various available methods of search, production format, and discovery prioritization, recognizing that *each* litigation warrants an open dialogue with counsel for the defendant and third parties to ensure that the best solutions are applied in a given case. The Siegel-Tadler-Murphy team has a record of demonstrated commitment to the principles embodied in the Discovery Guidelines of the United States District Court for the District of Maryland and the Court's Principles for the Discovery of Electronically Stored Information in Civil Cases, including the principles of The Sedona Conference® Cooperation Proclamation.

Finally, proposed Co-Lead Counsel in the Siegel-Tadler-Murphy slate filed their cases separately without coordination and came together as a slate with the proposed PSC only after careful consideration of the factors described above. For that reason, the slate asks the Court to appoint all members of the Siegel-Tadler-Murphy slate as an intact group. In addition, the slate proposes that the Court appoint Timothy F. Maloney as Liaison Counsel. Mr. Maloney is well qualified and perfectly located to serve in this role and he has agreed to serve in that capacity if the Siegel-Tadler-Murphy slate is appointed to lead the litigation. As provided in the slate's application, the slate also welcomes any additional lawyers that the Court deems appropriate from those outstanding lawyers seeking leadership positions in this case, whether they be individual applicants or members of a competing slate who have the experience and resources and have elicited a spirit of cooperation "to secure the just, speedy, and inexpensive determination" of this litigation consistent with Rule 1.

On behalf of the entire slate, we very much appreciate the Court's consideration of this application and look forward to addressing the Court next week.

Respectfully submitted,

Norman E. Siegel            Ariana J. Tadler            Hassan Murphy

Dated: April 26, 2019

      Respectfully submitted,

      By: /s/ Norman E. Siegel
      Norman E. Siegel
      STUEVE SIEGEL HANSON LLP
      460 Nichols Road, Suite 200
      Kansas City, Missouri 64112
      Phone: (816) 714-7100
      Fax: (816) 714 7101
      siegel@stuevesiegel.com
      Attorney for Plaintiff Nicholas Walker

      Ariana J. Tadler
      MILBERG TADLER PHILLIPS GROSSMAN LLP
      One Penn Plaza
      New York, New York  10119
      Phone: (212) 594-5300
      Fax: (212) 868-1229
      atadler@milberg.com
      Attorney for Plaintiff Bari Vapnek

      William H. Murphy III
      MURPHY, FALCON & MURPHY PA
      1 South Street, 23rd Floor
      Baltimore, Maryland  21202
      Phone: (410) 951-8744
      Fax: (410) 539-6599
      hassan.murphy@murphyfalcon.com
      Attorney for Plaintiffs Harry Bell and Edward Claffy

      John A. Yanchunis
      MORGAN & MORGAN
      COMPLEX LITIGATION GROUP
      201 North Franklin Street, 7th Floor
      Tampa, Florida  33602
      (813) 223-5505 Telephone
      (813) 223-5402 Facsimile
      jyanchunis@forthepeople.com
      Attorney for Plaintiffs Harry Bell and Edward Claffy

>Joseph P. Guglielmo
>SCOTT+SCOTT ATTORNEYS AT LAW LLP
>The Helmsley Building
>230 Park Ave., 17th Floor
>New York, NY 10169
>Telephone: 212-223-6444
>Facsimile:  212-223-6334
>jguglielmo@scott-scott.com
>Attorney for Plaintiffs David J. Kimmel, Michael C. Christner, Thomas Stabile, Gary Meter and Ronald Bowers
>
>Karen Hanson Riebel
>LOCKRIDGE GRINDAL NAUEN P.L.L.P.
>100 Washington Avenue S, Suite 2200
>Minneapolis, MN 55401
>Telephone: 612-596-4097
>Facsimile: 612-339-0981
>khriebel@locklaw.com
>Attorney for Plaintiffs Robert Dorfman, Eric Mitchell, Greg Leeb, Raven Hall, Natalene Gauna, W. Gregory Smith, John Turgeon-Schramm, Karen Stivaletta, Tom Abogabal, Jacquelyn Cauble, Michael Rubin, Kerri Shapiro, Denee Delnayh, Leon Meyer, Robert Baker, Joseph Tobin, Teresa Tobin, Kathryn Costa, Scott Farkas. Kirk Skinner, and Lori Trent
>
>Melissa S. Weiner
>PEARSON, SIMON & WARSHAW, LLP
>800 LaSalle Avenue, Suite 2150
>Minneapolis, Minnesota 55402
>Telephone: 612-389 0600
>Facsimile: 612-389 0610
>mweiner@pswlaw.com
>Attorney for Plaintiff Dianne King

April 26, 2019
Page 6

## CERTIFICATE OF SERVICE

    I hereby certify that on April 26, 2019, I electronically filed the foregoing document with the Clerk of the Court, using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                         /s/ Norman E. Siegel