IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

|  |  |  |
|---|---|---|
| IN RE: MARRIOTT INTERNATIONAL CUSTOMER DATA SECURITY BREACH LITIGATION | * * * | |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * * | MDL No.: 19-md-2879 JUDGE GRIMM |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>CASE MANAGEMENT ORDER #2 APPOINTING LEAD COUNSEL, LIAISON COUNSEL, AND STEERING COMMITTEE</u>

This matter is before the Court on competing motions to appoint lead counsel, liaison counsel, and members of a steering committee submitted by various counsel for the Consumer Plaintiffs, Financial Institution Plaintiff, Derivative Action Plaintiffs, and Securities Action Plaintiffs. This Court, in Case Management Order No. 1 ("CMO No. 1"), set forth the main criteria it would consider in appointing leadership positions in this matter, including: (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Having considered all timely submissions in light of the criteria set forth in CMO No. 1, the Manual for Complex Litigation, and Federal Rule of Civil Procedure 23(g), and having considered oral arguments during the hearing held on April 29, 2019, the Court hereby appoints the following leadership:

I.  **Plaintiffs' Co-Lead Counsel**

   a.  **Consumer Plaintiffs' Co-Lead Counsel**

   The Court appoints the following attorneys as the Consumer Plaintiffs' Co-Lead Counsel:

   Andrew Friedman
   Cohen Milstein Sellers & Toll PLLC
   1100 New York Avenue, NW, Suite 500
   Washington, D.C. 20005

   Amy Keller
   DiCello Levitt Gutzler LLC
   10 North Dearborn Street, 11th Floor
   Chicago, Illinois 60602

   James Pizzirusso
   Hausfeld LLP
   1700 K Street, NW, Suite 650
   Washington, D.C. 20006

   b.  **Financial Institution Plaintiff's Co-Lead Counsel**

   The Court appoints the following attorneys as the Financial Institution Plaintiff's Co-Lead Counsel:

   Arthur Murray
   Murray Law Firm
   650 Poydras Street, Suite 2150
   New Orleans, LA 70130

   Steven Silverman
   Silverman Thompson Slutkin & White, LLC
   201 N. Charles Street, Suite 2600
   Baltimore, MD 21201

   c.  **Derivative Action Plaintiffs' Co-Lead Counsel**

   The Court appoints the following attorneys as the Derivative Action Plaintiffs' Co-Lead Counsel:

   Timothy Brown
   The Brown Law Firm, P.C.
   240 Townsend Square
   Oyster Bay, NY 11771

Gregory Egleston
Gainey McKenna & Egleston
440 Park Avenue South, 5th Floor
New York, NY 10016

### d. Securities Action Plaintiffs' Co-Lead Counsel

The Court appoints the following attorneys as the Securities Action Plaintiffs' Co-Lead Counsel:

Eric Belfi
Mark Goldman
Christopher Keller
Francis McConville
Carol Villegas
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

### e. Co-Interim Class Counsel

Co-Lead Counsel are also hereby designated as Co-Interim Class Counsel pursuant to Rule 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." *See* Fed. R. Civ. P. 23(g)(3).

## II. Plaintiffs' Liaison Counsel

### a. Consumer Plaintiffs' Liaison Counsel

The Court appoints the following attorneys as the Consumer Plaintiffs' Liaison Counsel:

Veronica Nannis
Joseph Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

James Ulwick
Kramon & Graham PA
1 South Street, Suite 2600
Baltimore, MD 21202

b. **Financial Institution Plaintiff's Liaison Counsel**

The Court appoints the following attorney as the Financial Institution Plaintiff's Co-Lead Counsel:

> Steven Silverman
> Silverman Thompson Slutkin & White, LLC
> 201 N. Charles Street, Suite 2600
> Baltimore, MD 21201

c. **Derivative Action Plaintiffs' Liaison Counsel**

The Court appoints the following attorneys as the Derivative Action Plaintiffs' Liaison Counsel:

> Andrew O'Connell
> Thomas & Libowitz, P.A.
> 100 Light Street, Suite 1100
> Baltimore, MD 21202

d. **Securities Action Plaintiffs' Liaison Counsel**

The Court appoints the following attorneys as the Securities Action Plaintiffs' Co-Lead Counsel:

> Eric Belfi
> Mark Goldman
> Christopher Keller
> Francis McConville
> Carol Villegas
> Labaton Sucharow LLP
> 140 Broadway
> New York, NY 10005

**III. Plaintiffs' Steering Committee**

a. **Consumer Plaintiffs' Steering Committee**

The Court appoints the following attorneys as the Consumer Plaintiffs' Steering Committee:

> MaryBeth V. Gibson
> The Finley Firm, P.C.

4

3535 Piedmont Road, Bldg. 14, Suite 230
Atlanta, GA 30305

Megan Jones
Hausfeld LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

Jason Lichtman
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

Gary F. Lynch
Carlson Lynch LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

Timothy Maloney
Joseph Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

Eve-Lynn Rapp
Edelson PC
123 Townsend Street, Suite 100
San Francisco, CA 94107

Daniel Robinson
Robinson Calcagnie, Inc.
19 Corporate Plaza Drive
Newport Beach, CA 92660

Norman Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

Ariana Tadler
Milberg Tadler Phillips Grossman LLP
1 Penn Plaza
New York, NY 10119

b. **Financial Institution Plaintiff's Steering Committee**

The Court appoints the following attorneys as the Financial Institution Plaintiff's Steering

5

Committee:

> Stuart A. Davidson
> Robbins Geller Rudman & Dowd LLP
> 120 E. Palmetto Park Rd., Suite 500
> Boca Raton, FL 33432
>
> Brian C. Gudmundson
> Zimmerman Reed LLP
> 1100 IDS Center, 80 S. 8th St.
> Minneapolis, MN 55402
>
> Charles Van Horn
> Berman Fink Van Horn P.C.
> 3475 Piedmont Road, NE, Suite 1100
> Atlanta, GA 30305

The Court appoints the following attorney as the Financial Institution Coordinating Discovery Counsel:

> Stuart A. Davidson
> Robbins Geller Rudman & Dowd LLP
> 120 E. Palmetto Park Rd., Suite 500
> Boca Raton, FL 33432

All the foregoing appointments are personal to the individual attorney appointed. Although the Court expects that the individual attorneys will draw upon their firms, including their firms' resources, to assist them with their duties, each individual attorney is personally responsible for his or her duties. The Court may add or replace individual attorneys, if and as circumstances warrant.

## IV. Defendants' Counsel

The Court appoints the following attorneys as Defendants' Co-Lead Counsel for the Consumer and Financial tracks:

> Lisa Ghannoum
> Gilbert Keteltas
> Daniel Warren
> Baker & Hostetler LLP
> Key Tower
> 127 Public Square, Suite 2000
> Cleveland, OH 44114

The Court appoints the following attorneys as Defendants' Co-Lead Counsel for the Securities and Derivative Action tracks:

> Jason J. Mendro
> Laura Kathryn O'Boyle
> Adam H. Offenhartz
> Gibson, Dunn & Crutcher LLP
> 200 Park Avenue
> New York, NY 10166

The Court appoints the following attorneys as Defendants' Coordinating Discovery Counsel:

> Lisa Ghannoum
> Gilbert Keteltas
> Daniel Warren
> Baker & Hostetler LLP
> Key Tower
> 127 Public Square, Suite 2000
> Cleveland, OH 44114

**V.     Duties of Co-Lead Counsel**

The Co-Lead Counsel shall be responsible for coordinating during pretrial proceedings (with respect to their own tracks), including:

a. Determine (after consultation with other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

c. Coordinate with members of the Steering Committee in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts,

including the maintenance of a plaintiffs' document depository, *see* Manual for Complex Litigation, Fourth, section 40.261;

d. Coordinate settlement discussions or other dispute resolution efforts on behalf of the plaintiffs, under the Court's supervision, if and as appropriate, but not enter binding agreements except to the extent expressly authorized;

e. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided;

f. Consider the qualifications of non-leadership counsel who submitted leadership applications for specific tasks;

g. Consult with and employ consultants or experts, as necessary;

h. Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

i. Encourage full cooperation and efficiency among all Plaintiffs' counsel;

j. Prepare and distribute to the parties periodic status reports;

k. Maintain adequate time and disbursement records covering service of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses;

l. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any;

m. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

n. Present all matters of common concern to the plaintiffs;

o. Perform such other duties as may be incidental to proper coordination with the Steering Committees' pretrial activities or as authorized by further Order of the Court; and

p. Submit, if appropriate, additional committees and counsel for designation by the Court.

**VI. Duties of Liaison Counsel**

The Liaison Counsel shall have the following responsibilities, including:

a. Maintain an up-to-date, comprehensive Service List of Plaintiffs and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

b. Receive and distribute to Plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed;

c. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery pleadings and correspondence and other documents from Defendants' counsel that are not electronically filed;

d. Establish and maintain a document depository;

e. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

f. Assist Co-Lead Counsel and Plaintiffs' Steering Committee in the coordination of activities, discovery, meetings and hearings and assist in resolving scheduling conflicts among the parties;

g. Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings; and

h. Communicate with the Court, on behalf of the Plaintiffs' Co-Lead Counsels, concerning scheduling and other administrative matters.

**VII. Duties of Plaintiffs' Steering Committee**

The Plaintiffs' Steering Committee shall have the following responsibilities, including:

a. Participate in common benefit work to advance the litigation, assigned and performed under the direction of Co-Lead Counsel;

b. Meet and confer with Co-Lead Counsel, as needed, to provide advice regarding any matter, as may be requested from time to time by Co-Lead Counsel; and

c. May form subcommittees to perform specific common benefit tasks, such as discovery, to aid in the effective and efficient conduct of this litigation.

### VIII. Duties of Coordinating Discovery Counsel

The Coordinating Discovery Counsel shall ensure that—to the extent possible—discovery is coordinated among tracks (and, to the extent possible, among other pending actions that are not dismissed, administratively closed, or stayed, including the shareholder derivative cases and the governmental-enforcement action) to avoid duplication and ensure efficiency.

### IX. Other Duties

a. All counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation and must report on a monthly basis their expenses and hours worked to Co-Lead Counsel. Co-Lead Counsel will make such records and reports available to members of the Steering Committee upon request. In order for their time and expenses to be compensable, those not serving in leadership positions must secure the express authorization of Co-Lead Counsel for any projects or work undertaken in this litigation.

b. On a quarterly basis, beginning on July 31, 2019, and thereafter on the last business day of each July, October, January, and April, Co-Lead Counsel shall submit to the Court, *in camera*, reports analyzing hours billed in this matter by all Plaintiffs' counsel. Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred and consistent with Local Rules may be grounds for denying attorneys' fees and/or expenses, for the period that relates to the missing or inadequate submissions.

X.  **Substantive Conference**

Within fourteen (14) days of the appointment of Co-Lead Counsel, the parties are ordered to engage in a substantive conference to discuss discovery, including a proposed ESI protocol, a protective order, a preservation order, the production and disclosure of any forensic report, and initial disclosures. The parties shall submit a proposed Case Management Order #3 by May 13, 2019, which should include the following:

a. A detailed proposal of the selection process for the strongest five individual claims to be brought in an amended consolidated complaint;

b. A discovery plan for all tracks with specific dates (i.e., not "14 days from the filing of the amended complaint");

c. A briefing schedule for all tracks with specific dates; and

d. A date for a discovery conference with the Court.

**IT IS SO ORDERED.**

Date: <u>April 29, 2019</u>

_____
Paul W. Grimm
United States District Judge