UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MARRIOTT INTERNATIONAL, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION        MDL No. 2879

**TRANSFER ORDER**

**Before the Panel:** Plaintiff in the action listed on Schedule A (*Mann*) moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action to the District of Maryland for inclusion in MDL No. 2879. Defendant Starwood Hotels & Resorts Worldwide, LLC (Starwood) opposes the motion to vacate.

After considering the argument of counsel, we find that *Mann* involves common questions of fact with the actions transferred to MDL No. 2879, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like many of the already-centralized actions, *Mann* involves factual questions arising out of allegations concerning a breach of the Starwood guest reservation database from 2014 to 2018. *See In re: Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372 (J.P.M.L. 2019).

In support of the motion to vacate, plaintiff argues that (1) plaintiff's motion for remand is pending before the transferor court; (2) *Mann* is not properly in federal court, and plaintiff's jurisdictional argument is unique to this action; (3) *Mann* is unlike the MDL No. 2879 actions because it is an action seeking solely injunctive relief under Ohio state law; and (4) transfer before the transferor court is allowed to rule on the pending motion for remand would cause prejudice and delay. We do not find these arguments persuasive.

The Panel has held that jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiff can present his remand arguments to the transferee judge. While plaintiff does not seek damages here, the facts alleged and, therefore, the discovery likely to be produced, will overlap considerably. Consequently, we find that inclusion of this action in centralized proceedings will lead to the just and efficient conduct of the litigation.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

We have held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). Plaintiff specifically argues that transfer may result in a ruling on his motion for remand to state court that is unfavorable to him, which could cause delay in resolution of the case. But we have held that, "[w]hen determining whether to transfer an action under Section 1407 . . . it is not the business of the Panel to consider what law the transferee court might apply." *In re: Gen. Motors Class E Stock Buyout Sec. Litig.*, 696 F. Supp. 1546, 1547 (J.P.M.L. 1988).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Paul W. Grimm for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: MARRIOTT INTERNATIONAL, INC.,**
**CUSTOMER DATA SECURITY BREACH LITIGATION**          MDL No. 2879

## SCHEDULE A

<u>Northern District of Ohio</u>

MANN v. STARWOOD HOTELS & RESORTS WORLDWIDE, LLC,   PWG 19-1613
   C.A. No. 1:19-00348