UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

August 30, 2019

RE: *In re Marriott,* PWG-19-2879

### LETTER ORDER

Dear Counsel:

The third Case Management Order ("CMO3") sets a briefing schedule for all five tracks in this litigation (Government Track, Financial Institution Track, Consumer Track, Securities Track, and Derivative Track). *See* CMO3, ECF No. 279. Additionally, CMO3 ordered that Defendants produce a Payment Card Industry Forensic Investigative Report ("PFI") in the Government, Consumer, and Financial Institution Tracks. *Id.* at 4. CMO3 also ordered that all discovery for both the Securities and Derivative Tracks is stayed, but "they may rely on information that is publicly available, including publicly available information derived from or based on discovery produced in the other Tracks or in any regulatory or related action." *Id.* Lastly, both the Securities Track and Derivative Tracks were given due dates for filing a "Motion to Unseal Information Redacted from Any Complaint." *Id*. at 3-4.

Since CMO3, I provisionally granted motions to seal amended complaints in the Government Track, the Financial Institution Track, and the Consumer Track. Additionally, I provisionally granted a motion to seal the Defendants' motion to dismiss the Government Track action, which included a copy of the PFI report as an exhibit.[1] Currently, redacted versions of these complaints and motion to dismiss appear on the docket, although the PFI report remains sealed in full.

Lead Plaintiff in the Securities Track and lead Plaintiff in the Derivative Track (for these purposes, together, the "Securities Plaintiffs") seek to unseal all of the above referenced materials.[2] ECF No. 349. The parties fully briefed the motion. ECF Nos. 380, 385. A hearing is not necessary. *See* Loc. R. 105.6. Because Defendants have not met their burden to overcome the First Amendment right to access, the motion to unseal is granted, subject to such narrowly tailored redactions of specific portions of either the PFI report and the Pleadings as Defendants may establish would threaten existing operational database systems, as more fully discussed below.

---

[1] The amended complaints appear at respectively, ECF Nos. 296/298, 306, and 346; the motion to dismiss appears at ECF No. 332. The orders granting the motions to seal, respectively, are ECF Nos. 300, 314, 347, 338.

[2] In this order, I will refer to the materials that Securities Plaintiffs seek to unseal as "the Pleadings" (the amended complaints in the Government, Financial Institution, and Consumer Track and the motion to dismiss in the Government Track) and "the PFI report."

*Unsealing the Pleadings, PFI Report, and Motion to Dismiss does not violate the PSLRA stay*

First, Defendants argue that the motion to unseal should be denied because it is, in substance, a motion for discovery. The PSLRA governs both the Securities and Derivative Tracks and imposes a stay on discovery pending resolution of motions to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). As Defendants see it, because the PFI report was produced to the other Tracks as discovery, the pleadings and motion to dismiss that reference the PFI and its attachments also must be considered discovery, so seeking to unseal them is barred by the PSLRA discovery stay. Def.'s Opp'n 1.

As the parties note, the purpose of the PSLR discovery stay was to insulate the defendants in securities suits from incurring the costs of discovery until after the sufficiency of the complaint had been tested in a motion to dismiss. Importantly, Congress was concerned about the high cost of discovery pursuant to the Federal Rules of Civil Procedure, not the acquisition by plaintiffs of information relevant to the suit through disclosure of facts already appearing in other sources, such as pleadings. Simply put, a motion to unseal existing pleadings is not the type of discovery that concerned Congress, as there is no additional expense incurred by the defendant when facts that have already been disclosed and integrated into pleadings are unsealed. Plaintiffs do not ask the Defendants to produce anything, they ask that information already docketed in this case be publicly available. The legislative history of the PLSRA reveals that the discovery stay is meant to prevent plaintiffs' law firms from "search[ing] through all of the company's documents and tak[ing] endless depositions for the slightest positive comment which they can claim induced the plaintiff to invest." S. Rep. No. 104-98, at 14 (1995), *as reprinted in* 1995 U.S. Code Cong. & Admin. News 679, 693 (quoting testimony of Richard J. Egan). The discovery stay was enacted because the "cost of discovery forces defendants to settle abusive securities class actions." *Id.* Here, unsealing the materials would not cost the Defendants anything.

Lastly, pleadings differ from discovery. *See Rushford v. New York Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). The Fourth Circuit has held that once documents, previously covered under a protective order, were "submitted to the court below as attachments to a summary judgment motion," they "'los[t] their status of being raw fruits of discovery.'" *Id.* (quoting *In re "Agent Orange" Product Liability Litigation*, 98 F.R.D. 539, 544-45 (E.D.N.Y. 1983)). The Fourth Circuit reasoned that "discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." *Id.*

Defendants argue that because the Securities Plaintiffs may use information from the unsealed materials to bolster their pleadings, this is an end-run around the PSLRA stay. Def.'s Opp'n 1-2. Determining whether something is discovery or not should not depend upon its desired use. This same argument was rejected by the court in *Gubricky on behalf of Chipotle Mexican Grill, Inc.*, No. 16-2011-WJM-KLM, 2018 WL 1558264, at*4 (D. Colo. Mar. 26, 2018), a case that I find persuasive.

Therefore, I find the pleadings and the PFI report are not "discovery" as contemplated by the PLSRA and therefore not subject to the discovery stay.

*First Amendment Right to Access*

Plaintiffs argue that the materials should be unsealed because there is a First Amendment right to access and a common law right to access. Because I find that the First Amendment claim to access succeeds, I need not analyze the common law right.

The First Amendment provides a right of access "only to particular judicial records and documents." *Va. Dep't of State Police v. Wash. Post.*, 386 F.3d 567, 575 (2004). When the First Amendment attaches to a document, access may only be denied if the restricting party provides a compelling governmental interest and if the restriction is narrowly tailored to serve that interest. *Id.*

To qualify as a judicial record, the material must play a role in the adjudicative process or affect substantive rights. *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013). Notably, Defendants do not argue that the materials are not "judicial records." I find that both the PFI report and the Pleadings are judicial records. Finding that the PFI report is a judicial record is not inconsistent with the holding in *In re Policy Management Systems Corp.*, where the Fourth Circuit ruled that the First Amendment right of access does not attach to documents filed in connection with a motion to dismiss. 67 F.3d 296, 1995 WL 541623 (4th Cir. 1995) (unpublished Table decision). There, the Fourth Circuit limited its holding to documents that a court does not consider in its ruling on a motion to dismiss. *Id.* at *4. Here, however, the PFI report, which Plaintiffs—in the Government, Financial Institution, and Consumer Tracks—relied on in their Pleadings and Defendants relied on in their motion to dismiss the Government Track, will play a significant role in the adjudicative process by helping me decide whether the complaint is facially sufficient.

Because I find that the First Amendment right of access attaches to the judicial records that Plaintiff seeks to unseal, Defendants have the burden to of overcoming that right. *Va. Dep't of State Police*, 386 F.3d at 575. Defendants must establish a compelling governmental interest achieved by the restriction (sealing) and that the restriction is narrowly tailored to achieve that interest. *Id.* Defendants must "present specific reasons in support of its position." *Id.* "Conclusory assertion[s]" will not suffice. *Press-Enterprise Co. v. Superior Court of Cal. for Riverside Cty.*, 478 U.S. 1, 15 (1986).

Defendants assert three interests that are furthered by sealing the PFI report and portions of the pleadings that refer to the report: (1) "Sealing the information protects it from criminals that could use it to perpetuate 'future cyberattacks;'" (2) sealing would help "shield[] ongoing investigations;" and (3) unsealing would offer "competitors[] insight into certain aspects of Marriott's internal business practices." Def.'s Opp'n 2-3 (quoting Harding Decl., ECF No. 380-1). However, none of these reasons succeed in overcoming the First Amendment right to access because either there are insufficient facts to supporting the interest or because the restriction is not narrowly tailored.

First, the Defendants assert that unsealing the report and pleadings would help future criminals perpetuate more cyberattacks. Def.'s Opp'n 2. The PFI report details the way that a successful hack was launched against the Starwood Database, a system no longer used by Defendants. Harding Decl. ¶ 7. Defendants argue (without explaining how) that the information

could help hackers attack systems Defendants currently use by studying "network infrastructure for handling cardholder data, systems and strategies for securing such information and thwarting attacks, encryption and decryption processes and protocols, and activity logging." *Id.* This justification for continuing to seal the entirety of the report is both speculative and generalized. Under this reasoning, none the details of how the Starwood database was compromised could ever be revealed, which would prevent the public from understanding how the data breach occurred in the first place, and it would prevent other entities from learning how to better protect their networks from similar attack. This is hardly in the public interest. While it may be that Defendants can justify redactions of specific portions of the PFI report, they have failed to meet their burden of establishing that the entire report must be sealed for the duration of this case.

Second, Defendants' assertion that unsealing the pleadings and PFI report would interfere with ongoing investigations is equally conclusory and speculative. While Defendants do claim that ongoing investigations would be jeopardized, it is unclear which investigations would be compromised, or how, and therefore this argument fails. *See Va. Dep't of State Police*, 386 F.3d at 579 ("[I]t is not enough to simply assert this general principle without providing specific underlying reasons for the district court to understand how the integrity of the investigation reasonably could be affected by the release of such information."). And, as noted above, while it may be that disclosing portions of the PFI report can be shown to jeopardize ongoing investigations, the record before me fails to do so.

Lastly, Defendants offer no particularized support for the proposition that sealing the entire PFI report and portions of the Pleadings is necessary to prevent disclosure of commercially sensitive data and internal business practices. Def.'s Opp'n 3. Defendants cite *Mextena Inc. v. Marks* for support, but besides support of the general proposition that protecting internal business practices can be a compelling interest, this case is of little help to the Defendants. No. 11-945-DKC, 2013 WL 12328065 at *3 (D. Md. Mar. 29, 2013). First, that case concerned the common law right to access not the First Amendment, which requires a more exacting interest to overcome. Second, the court granted a motion to seal because the defendant's motion was unopposed and because the defendant "explain[ed] in detail the confidential, proprietary, and commercially sensitive nature of the documents it seeks to seal." *Id.*

Because I find that the request to unseal does not run afoul of the PSLRA discovery stay, and that there is a First Amendment right to access portions of the PFI report and pleadings that cannot be shown to constitute a particularly identified, non-speculative harm, I will permit the unsealing of this information. However, because the Defendants may yet be able to meet their burden of showing that specific portions of the PFI report or the Pleadings that refer to it should continue to be sealed, I will require the Securities Plaintiffs and the Defendants to confer with Judge Facciola to determine what portions should continue to remain under seal.[3] The parties are

---

[3] Judge Facciola has been selected by the parties to serve as special master in this case. ECF 381. An order formally appointing him is expected on September 12, 2019. The issue presented in the motion to unseal is sufficiently similar to the resolution of discovery disputes, that I have determined that it is within the purview of his responsibilities to assist in determining what narrowly tailored redactions may be justified as consistent with the First Amendment right to public access to the PFI Report and the Pleadings. The parties will provide Judge Facciola with a copy of this Letter Order.

to do this expeditiously, as I will not wait indefinitely to implement this order. Should the parties disagree, Judge Facciola shall make a report and recommendations to me for my ultimate determination. In the meantime, I will keep the PFI Report and Pleadings under seal.

Although informal, this is an Order of Court and will be docketed accordingly.

        Sincerely,

        _____/S/_____  
        Paul W. Grimm  
        United States District Judge

eal