**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| IN RE: MARRIOTT | * | |
| INTERNATIONAL CUSTOMER | | |
| DATA SECURITY BREACH | * | |
| LITIGATION | | |
| | * | |
| | | **MDL No.: 19-md-2879** |
| THIS DOCUMENT RELATES TO | * | |
| ALL ACTIONS | | **JUDGE GRIMM** |
| | * | |

\*  \*  \*  \*  \*  \*  \*  \*    \*  \*  \*  \*  \*  \*  \*  \*

### SECOND AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs and Defendants Marriott International, Inc., Starwood Hotels and Resorts Worldwide, LLC, and Marriott Hotel Services, Inc. (collectively, the "Parties") in the above-captioned matter agree that the proceedings may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials;

WHEREAS, the Parties agree that such "Confidential" or "Highly Confidential" information will be disclosed only as provided herein;

WHEREAS, the Parties agree to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver in the event they are disclosed during the course of this litigation whether pursuant to a Court Order, a Party's discovery request, or informal production;

WHEREAS, the Parties may be required to produce large volumes of Documents, the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as

possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings and, accordingly, have agreed to certain protections under FRE 502(d) and (e) as outlined herein and ordered by the Court;

WHEREAS, the Parties may serve subpoenas for production of documents on certain other individuals and entities that are not Parties to the Actions, but that may be entitled to the same types of privileges, protections, and assurances of confidentiality available to or agreed upon by the Parties.

WHEREAS, this Amended Stipulated Protective Order and Clawback Order (the "Order") is designed to foreclose any arguments that the disclosure of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege, in any way waives or limits such privilege, including arguments:

(a) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(b) that the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or

(c) that such disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, the Parties recognize that discovery conducted in some of the Actions, as defined in Section 1(a), *infra*, coordinated with this multi-district litigation must proceed in a manner that is consistent with the restrictions applicable to discovery in the others;

WHEREAS, because the purpose of this Order is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the Parties seek entry of an Order, pursuant to Federal Rule of Civil

Procedure 26(c), governing the disclosure of documents and information therein designated as

"Confidential" or "Highly Confidential" on the terms set forth herein, as well as an Order,

pursuant to Federal Rule of Evidence 502, governing the return of privileged produced

documents and data and affording them the protections of Federal Rule of Evidence 502(d) and

(e), on the terms set forth herein.

### THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. **DEFINITIONS.**

   (a) <u>Actions</u>: the cases coordinated or consolidated for pre-trial proceedings in this multidistrict litigation captioned *In re Marriott International Customer Data Security Breach Litigation*, MDL No. 19-md-2879.

   (b) <u>"Confidential" Information</u>: information (regardless of how generated, stored or maintained) that has not been made public, or is not otherwise available or accessible in the public domain, and that the Designating Party believes: (i) contains sensitive personal information (including "PII"), trade secrets or other confidential research, development or commercial information, the disclosure of which may have the effect of causing harm to any Party, or person from whom the information was obtained, or to the Parties' or third-parties' privacy; or (ii) contains information over which the Designating Party has a duty or obligation to maintain confidentiality.

   (c) <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

   (d) <u>Designating Party</u>: a Party or Non-Party that designates information that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

   (e) <u>Disclosures or Discovery Material</u>: all information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced, used, or generated in disclosures or responses to discovery in the Actions regardless of whether the disclosures or responses to discovery occurred prior to the entry of this Order.

   (f) <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Actions who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Actions and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with the Actions.

(g) "Highly Confidential" Information:  information (regardless of how generated, stored or maintained) that has not been made public or is not otherwise available or accessible in the public domain, and that the Designating Party believes: (i) concerns or relates to the highly sensitive personal, confidential, financial, commercial, proprietary, cybersecurity, competitively sensitive, or trade secret information of any Party or any third party; or (ii) contains "PII", personnel files, or personal contact information for any person.

(h) House Counsel: attorneys who are employees of a Party or Non-Party (as well as their support staff).

(i) Non-Party: any individual or entity that is not a Party to the Actions, but receives a subpoena for Discovery Material from a Party;

(j) Outside Counsel: attorneys who are not employees of a Party or Non-Party but who are retained to represent or advise a Party or Non-Party in the Actions (as well as their support staff).

(k) Party: any party to the Actions, including all of its officers, directors, and employees.

(l) "PII": Personally Identifiable Information, which, for purposes of this Order, includes, but is not limited to: payment card numbers, financial account numbers, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers, or other personal data that may, in combination, reveal sensitive PII.

(m) Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in the Actions.

(n) Professional Vendors: persons or entities specifically engaged for the limited purpose of providing litigation support services (*e.g.*, ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters) and their employees and subcontractors, but only after such persons have completed the Declaration attached hereto and agree to be bound by its terms.

(o) Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential" pursuant to this Order.

(p) Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party in any of the Actions for purposes of that Action.

(q) Track: each of the categories of cases into which the Actions have been grouped under the Court's Management Orders, including Case Management Order #2 (ECF No. 238), namely the Consumer, Financial Institution, Securities, and Derivative Tracks.

**2. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined in Section 1(n), *supra*), but also any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

**3. DURATION**

Even after the termination of the Actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**4. DESIGNATING PROTECTED MATERIAL**

(a)   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards. A Designating Party must take care to designate for protection only those parts of material, Documents, or oral or written communications that qualify – so that other portions of the material, Documents, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Party's or Non-Party's attention that information it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify the other Parties that it is withdrawing the mistaken designation and, if applicable, designating a different level of protection.

(b)   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g*., second paragraph of Section 4(b)(i) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the

material is disclosed or produced.

Designation in conformity with this Order requires:

(i)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions (*e.g.*, by redacting Highly Confidential information or making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").

If a Party or Non-Party makes documents available for inspection, rather than delivering copies to another Party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL." Thereafter, upon the inspecting Party's selection of documents for copying, the Producing Party may mark the copies "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order.

(ii)   for testimony given in deposition or in other pretrial or trial proceedings: that the Designating Party on the record, during the deposition, hearing, or other proceeding, or within 21 days of receiving the transcript of the proceeding (or such other period as the Parties shall mutually agree), shall provide written notice to Co-Lead Counsel and Coordinating Discovery Counsel for the respective Track or Actions (as set forth in Case Management Order #2 (ECF No. 238), or as subsequently designated by the Court) as to portions of the testimony that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Unless otherwise agreed, a transcript is to be treated as "HIGHLY CONFIDENTIAL" during the 21 days following receipt of the transcript.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Designating Party.

(iii) <u>for information produced in some form other than documentary, and for any other tangible items:</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c)      <u>Failure to Designate</u>. If timely corrected, a failure to designate qualified information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order from that point forward. The Designating Party may seek relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of a failure to designate by the Designating Party.

## 5.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)      <u>Timing of Challenges</u>. If the Receiving Party wishes to challenge the Confidentiality Designation of a particular Document or information, it may do so at any time by

letter or email to Counsel for the Designating Party. Until agreement is reached between Parties (or between a Party and Non-Party) as to a Confidentiality Designation or the Court rules on a judicial challenge to a Confidentiality Designation pursuant to the procedures set forth in this Section 5, the Document shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (according to the challenged designation) pursuant to this Agreement.

(b)     <u>Meet and Confer</u>. A Receiving Party that elects to initiate a challenge to a Designating  Party's confidentiality designation must do so in good faith and must confer directly (in voice to voice dialogue or via email or letter) with Counsel for the Designating Party. The Receiving Party and Designating Party shall meet and confer by telephone or in person within 10 days after the Designating Party's receipt of a designation challenge. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material and reconsider its designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or has attempted in good faith to do so.

(c)     <u>Designating Party Response</u>. Within 7 days after the Receiving Party and Designating Party meet and confer, the Designating Party must notify the challenging Party by letter or email whether it agrees to change the challenged designation. If no change in designation is offered, the Designating Party shall explain the basis for its decision.

(d)     <u>Judicial Intervention</u>. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the written response by the Designating Party may, within 14 days after receipt of the Designating Party's written response, file a letter with the Court identifying the issues the challenging Party wishes to raise with the Court and requesting a motions conference. The three to five page letter must identify the challenged

material and set forth the basis for the challenge and the explanation given by the Designating

Party during the meet and confer process. Each such letter also must state that (1) the movant

has complied with the meet and confer requirements imposed in the preceding paragraph; and

(2) the material has been maintained as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

(according to the challenged designation) while the dispute is being resolved.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Party. Until the court rules on the challenge, all Parties and others subject to this Order shall

continue to afford the material in question the level of protection to which it is entitled under

the Designating Party's designation.

### 6.   ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL

(a)    <u>Basic Principles</u>. A Receiving Party may use Disclosure or Discovery Material

only for prosecuting, defending, or attempting to settle the respective Actions or Tracks in which

Disclosure or Discovery Material was produced. Such Disclosure or Discovery Material may be

disclosed only to the categories of persons and under the conditions described in this Order.

When the Actions have been terminated, a Receiving Party must comply with the provisions of

Section 10, below (FINAL DISPOSITION). Protected Material must be stored and maintained

by a Receiving Party at a location and in a secure manner that ensures access is limited to the

persons authorized under this Order.

(b)    <u>Disclosure of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the

Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information designated CONFIDENTIAL only to:

(i)       the Receiving Party's House Counsel responsible for the

prosecution or defense of the Action(s);

(ii)      the Receiving Party's Outside Counsel;

(iii)      Experts (as defined in this Order) of the Receiving Party, as well as employees of Experts, to whom disclosure is reasonably necessary for the Action(s) and who have signed the Declaration attached hereto as Exhibit A;

(iv)      the Receiving Party's insurers and their employees;

(v)      the Court and its personnel, subject to the procedures of Section 9 below;

(vi)      court reporters, their staff, and Professional Vendors retained for purposes of the Action(s);

(vii)      Parties and Party employees required in good faith to assist Counsel in the conduct of the Action(s) to whom disclosure is reasonably necessary and who have signed the Declaration attached hereto as Exhibit A;

(viii)      the author(s) of the document or the original source(s) of the information

(ix)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided: (1) the deposing Party requests that the witness sign the Declaration attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless they sign the Declaration (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(x)      any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter and who have signed the Declaration attached as Exhibit A; and

(xi)      if a mock jury trial is utilized, mock jurors who sign the requisite documentation to be negotiated by the Parties and approved or distributed by the jury

consulting service provider to such mock jurors.

(c)    Disclosure of "HIGHLY CONFIDENTIAL" Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated HIGHLY CONFIDENTIAL only to:

(i)    the Receiving Party's Outside Counsel;

(ii)    the Receiving Party's House Counsel responsible for the prosecution or defense of the Action(s);

(iii)    Experts (as defined in this Order) of the Receiving Party, as well as employees of Experts, to whom disclosure is reasonably necessary for the Action(s) and who have signed the Declaration attached hereto as Exhibit A;

(iv)    the Receiving Party's insurers and their employees;

(v)    the Court and its personnel, subject to the procedures of Section 9 below;

(vi)    court reporters, their staff, and Professional Vendors retained for purposes of the Action(s);

(vii)    Parties and Party employees required in good faith to assist Counsel in the conduct of the Action(s) to whom disclosure is reasonably necessary and who have signed the Declaration attached hereto as Exhibit A;

(viii)    the author(s) of the document or the original source(s) of the information;

(ix)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided: (1) the deposing Party requests that the witness sign the Declaration attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the Declaration (Exhibit A), unless otherwise agreed by

the Designating Party or ordered by the Court;

    (x)  any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter and who have signed the Declaration attached as Exhibit A; and

    (xi)  if a mock jury trial is utilized, mock jurors who sign the requisite documentation to be negotiated by the Parties and approved or distributed by the jury consulting service provider to such mock jurors.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order or other legally enforceable demand issued in other litigation or proceedings before any administrative or legislative body, or any other person or organization purporting to have authority to subpoena that would compel disclosure of any information designated in the Actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing (by email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena, order, or demand. Such notification must include a copy of the subpoena, order, or demand. The Receiving Party also must immediately inform in writing the party who caused the subpoena, order, or demand to issue in the other proceeding that some or all the material covered by the subpoena, order, or demand is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other proceeding that caused the subpoena, order, or demand to issue. Under no circumstances shall the Receiving Party produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information absent a specific Order by the Court after an appropriate Motion to Quash and/or Compel has been filed.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in the Actions an opportunity to try to protect its

confidentiality interests in the court or body from which the subpoena, order, or demand issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Actions to disobey a lawful directive from another court or body authorized to issue such directives.

8.  **UNAUTHORIZED DISCLOSURE OF DISCLOSURE OR DISCOVERY MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Disclosure or Discovery Material, including Protected Material, to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Disclosure or Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Declaration that is attached hereto as Exhibit A.

9.  **FILING PROTECTED MATERIAL**

If any Protected Material (or any pleading, motion, or memorandum disclosing them) is proposed to be filed or is filed with the Court, the Protected Material, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be

wholly without prejudice to the filing party's rights under Section (5) of this Order.

## 10. FINAL DISPOSITION

Unless prohibited by law or otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of the Actions (including any appeals), each Receiving Party must either: (a) return all Protected Material to the Producing Party; or (b) destroy all Protected Material, as directed in writing by the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, (i) Counsel are not expected to access and extract any Protected Material from their disaster recovery systems; and (ii) Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 3 (DURATION), above.

## 11. REDACTION OF PII

(a)     Any Producing Party may redact from any Disclosures or Discovery Material any "PII," personnel files, or personal contact information for any person. Any Party or Non-Party may designate as "Highly Confidential" those Documents, testimony, or information containing "personal data" within the meaning of the European Union's General Data Protection

Regulation (GDPR) or other applicable privacy law or regulation if the GDPR applies to such materials, in which case the Party or Non-Party may redact such personal data contained within said materials. If the same responsive information is otherwise available and not subject to GDPR such information should be produced consistent with the terms of this Order which provides adequate protection without the need for redaction.

(b)      If a Producing Party makes redactions pursuant to Section 11(a) it shall provide a log of redacted documents describing the redactions and confer with the Requesting Party as to whether the redactions will impair the Requesting Party's ability to search for relevant information and, if so, whether reasonable technical means exist to permit search without compromising the protections set forth herein.

## 12. FRE 502(d) and CLAWBACK AGREEMENT

Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)      Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any information that is protected by the attorney-client privilege or work-product protection ("Protected Document"), as defined by Fed. R. Evid. 502(g), shall not waive the privilege or protection in the particular Action in which the disclosure is made, or any other federal or state proceeding, for either that Protected Document or the subject matter of that Protected Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Protected Document in support of the Party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).

(b)      The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the

Protected Document in support of a party's claim or defense shall be regarded as "inadvertent," and, subject to (c) below, the Producing Party is hereby deemed to have taken "reasonable steps to prevent disclosure."

(c)     If the underlying claim of Privilege or Protection is contested, the Parties shall comply with, and the Requesting Party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the Producing Party to request the return or destruction of the Protected Document once the Producing Party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the disclosure of the Protected Document in question.

(d)     If, during the course of the Actions, a Party determines that any Protected Document disclosed by another Party or Non-Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection:

(i)   the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value; and (D) within 10 days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, as described in Exhibit B – Clawback Procedures, along with any notes, abstracts, or compilations of the content thereof. If a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall take reasonable steps to

sequester and limit access to the Protected Document within the review database, pending a determination of a claim of privilege in accordance with Section 12(c). Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding the foregoing, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially Protected Documents.

(ii)   If the Producing Party intends to assert a claim of privilege or other protection over information identified by the Receiving Party as Protected Documents, the Producing Party will, within 10 days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. If any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(e)       If, during the course of the Actions, a Party or Non-Party determines it has produced a Protected Document:

(i)   the Producing Party must notify the Receiving Party of such production, and demand the return of such information. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the

privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. If any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the information that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) The Receiving Party must, within 10 days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, as described in Exhibit B – Clawback Procedures, along with any notes, abstracts, or compilations of the content thereof. If a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall take reasonable steps to sequester and limit access to the Protected Document within the review database, pending a determination of a claim of privilege in accordance with Section 12(c). Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party except in connection with motion practice relating to a challenge of the asserted protection.

(f)      If the information contained in a Protected Document has already been disclosed in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Sections 12(c)(ii) and 12(d)(i), then the Receiving Party shall sequester such information until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its production, it must take reasonable steps to retrieve it.

(i) The Receiving Party's return, sequestering or destruction of

Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed information on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that the disclosure or production of the Protected Documents, standing alone, acts as a waiver of an applicable privilege or evidentiary protection.

(g)      Any Party or Non-Party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any other purpose absent this Court's order.

(h)      Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 days of the Court's order.

(i)      After the Court's determination that Protected Documents are protected by an applicable privilege or evidentiary protection, the Producing Party must provide an Amended Privilege Log within 10 days of the Court's order setting forth such a determination.

(j)      Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(k)      By operation of the Parties' agreement and Court Order, the Parties and Non-Parties are specifically afforded the protections of FRE 502(d) and (e).

**13. MISCELLANEOUS**

(a)    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

(b)    <u>Party's Disclosure of Its Own Documents</u>. Nothing in this Order shall prevent a Producing Party from disclosing its own Disclosure or Discovery Material, including Protected Material, in any manner it chooses.

(c)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

(d)    <u>Effectiveness when Executed</u>. Once executed by the Parties, the Stipulation shall be treated by the Parties as an Order of Court until it is formally approved by the Court.

(e)    <u>Compliance with Discovery Stays</u>. No Disclosure or Discovery Material produced in any of the Actions or Tracks may be shared with or produced to any Party in any Track in which discovery is stayed during the pendency of the stay.

**STIPULATED TO THIS 5TH DAY OF FEBRUARY 2020**.

*/s/ Amy E. Keller (w/permission)*
Amy E. Keller
D. Md. Bar No. 20816
**DiCello Levitt Gutzler LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
akeller@dlcfirm.com
T. 312.214.7900

Andrew N. Friedman
D. Md. Bar No. 14421
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
afriedman@cohenmilstein.com
T. 202.408.4600

James J. Pizzirusso
D. Md. Bar No. 20817
**Hausfeld LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
jpizzirusso@hausfeld.com
T. 202.540.7200

**Plaintiffs' Co-lead Counsel for the Consumer Track**

*/s/ Benjamin H. Richman (w/ permission)*
Benjamin H. Richman
Edelson PC
350 North LaSalle St., 14th Floor
Chicago, IL 60654
brichman@edelson.com
Telephone: (312) 589-6377

**Counsel for Plaintiff City of Chicago**

*/s/ Arthur Murray (w/ permission)*
Arthur Murray
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
amurray@murray-lawfirm.com
T. 504.525.8100

*/s/ Daniel R. Warren*
Daniel R. Warren (*pro hac vice*)
Lisa M. Ghannoum (*pro hac vice*)
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114
Tel: 216.621.0200
Fax: 216.696.0740
Email: dwarren@bakerlaw.com
Email: lghannoum@bakerlaw.com

Gilbert S. Keteltas (Bar No. 12679)
Baker & Hostetler LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, D.C. 20036
Tel: 202.861.1530
Fax: 202.861.1783
Email: gketeltas@bakerlaw.com

**Defendants' Coordinating Discovery Counsel**

*/s/ Jason J. Mendro*
Jason J. Mendro
Laura K. O'Boyle
Adam H. Offenhartz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

**Defendants' Co-Lead Counsel for the Securities and Derivative Action Tracks**

4853-0215-2115.1

Steven D. Silverman
D. Md. Bar No. 22887
SILVERMAN THOMPSON SLUTKIN &
WHITE LLC
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
ssilverman@mdattorney.com
T. 410.385.2225

***Plaintiff's Co-Lead Counsel for the
Financial Institution Track***

*/s/ Timothy Brown (w/ permission)*
Timothy Brown
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, NY 11771
tbrown@thebrownlawfirm.net
T. 516.922.5427

Gregory Egleston
GAINEY MCKENNA & EGLESTON
440 Park Avenue South, 5th Floor
New York, NY 10016
gegleston@gme-law.com
T. 212.983.1300

***Plaintiffs' Co-Lead Counsel for
Shareholder Derivative Track***

*/s/ Carol C. Villegas (w/ permission)*
Carol C. Villegas
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
cvillegas@labaton.com
T. 212.907.0624
***Plaintiffs' Co-Lead Counsel for Securities
Track***

SO ORDERED.

_____
Judge, U.S. District Court

Date: _____