# BakerHostetler

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

May 25, 2020

Hon. Paul W. Grimm
U.S. District Court, 6500 Cherrywood Lane
Greenbelt, MD 20770

Re:   *In re: Marriott International, Inc.*, 8:19-md-02879 – Reply Letter in Support of Interlocutory Appeal – Consumer Track

Dear Judge Grimm:

Plaintiffs' letter misses the main point—this is an MDL. If the Fourth Circuit is not given the opportunity to weigh in on standing now, then a multitude of transferor courts, and their respective courts of appeals, will be free to revisit this jurisdictional issue when the cases are returned to them. Such protracted litigation and piecemeal appeals would frustrate the entire purpose of the MDL process. *See, e.g.*, *In re Gen. Motors*, 2019 WL 6827277, at *14 (S.D.N.Y. Dec. 12, 2019) ("had the questions decided by the Court arisen in the context of simpler, more conventional litigation, the Court would not have found the need for immediate appeal as pressing"); *In re Blue Cross Blue Shield*, 2018 WL 3326850, at *6 (N.D. Ala. June 12, 2018) ("Given the nationwide scope and importance of this multidistrict litigation, the need for § 1292(b) review is particularly compelling."); *In re Cintas*, 2007 WL 1302496, at *2–3 (N.D. Cal. May 2, 2007) ("certification is particularly appropriate in the context of MDL proceedings"). Plaintiffs offer no response to this fundamental point—the term "MDL" does not even appear in their letter.

**Controlling questions of law.** Plaintiffs complain that Marriott is seeking interlocutory review of this Court's "*application* of the law" to the facts. But the carefully framed questions that Marriott proposed for certification will not require the Fourth Circuit "to delve beyond the surface of the record in order to determine the facts." *Intl. Refugee Assistance Project (IRAP) v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (quotation omitted). Nor will they require the appellate "court to dig through the factual record in this case[.]" *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 454 (D. Md. 2015). Instead, the Fourth Circuit can simply review the pertinent *allegations* in plaintiffs' complaint, just as this Court did, and decide the issues "quickly and cleanly." *Id.*

In any event, these are questions about standing, and as many courts have held, "[s]tanding and subject-matter jurisdiction are controlling issues of law." *Omni MedSci, Inc. v. Apple Inc.*, 2020 WL 759514, at *1 (N.D. Cal. Feb. 14, 2020); *see also Edwards v. First Am. Corp.*, 610 F.3d 514, 516 (9th Cir. 2010); *Fair Empl. Council of Greater Wash., Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1276 (D.C. Cir. 1994); *Canela v. Costco Wholesale Corp.*, 2018 WL 3008532, at *1 (N.D. Cal. June 15, 2018); *Bellino v. JPMorgan Chase Bank, N.A.*, 2017 WL 129021, at *2 (S.D.N.Y. Jan. 13, 2017); *Alexander v. Washington Mut., Inc.*, 2008 WL 3285845, at *3 (E.D. Pa. Aug. 4, 2008).

Citing *D.C. v. Trump*, 344 F. Supp. 3d 828 (D. Md. 2018), plaintiffs also argue certification is improper because Marriott proposes more than one question for review. But the president in *Trump* sought review of only one of the plaintiffs' multiple bases for standing, and thus the district court found a ruling on that specific issue would not have affected the plaintiffs' standing on the other grounds. *Id.* at 838-40. Here, in contrast, Marriott seeks review of each of the questions presented by this Court's standing analysis for plaintiffs who do not allege their data was misused—and

plaintiffs do not deny that "[t]he answer will determine whether scores of lawsuits are properly before this Court." *See In re WorldCom*, 2003 WL 22953644, at *5 (S.D.N.Y. Dec. 16, 2003).

**Difference of opinion.** Each of the issues Marriott proposes for certification is the subject of active disagreement among the courts in this and other circuits. Plaintiffs claim that the contrary cases "show only disagreement on 'how to apply' *Beck* and standing principles to specific factual scenarios[.]" But even if that were the case the "difference of opinion" required by § 1292(b) would still exist. *See Gilmore v. Jones*, 2019 WL 4417490, at *6 (W.D. Va. Sept. 16, 2019) (allowing interlocutory review because "[d]istrict courts within the Fourth Circuit are indeed in disagreement on how *Calder*'s 'effects test' applies").

Moreover, the differences of opinion among the courts on these issues are not just skin deep. As this Court correctly stated, "[t]he Fourth Circuit has not decided whether the loss of property value in personal identifying information constitutes a cognizable injury in data breach cases[,]" and "[t]wo courts in this district have taken a contrary view." (ECF 540 at 13-14.) *See Gilmore*, 2019 WL 4417490, at *6 ("Evidenced by differing approaches taken by district courts within the Fourth Circuit, there is a 'substantial ground for difference of opinion' on this question[.]"). With respect to plaintiffs' overpayment theory, the Court likewise found "[t]he Fourth Circuit has not addressed this issue, and both Plaintiffs and Defendants marshal cases to support their position." (*Id.* at 17.) And as for plaintiffs' increased-risk theory, this Court and Judge Brinkema reached opposite conclusions on whether "non-misuse" plaintiffs had standing under *Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017), where they alleged a hacker targeted personal information and a few other plaintiffs alleged misuse stemming from the same data breach. *In re Dominion Dental Servs. USA*, 1:19-cv-01050, ECF 132 at 18-19, 28-29 (E.D. Va. Jan. 17, 2020).

Nor was this important question settled by *Hutton v. National Board of Examiners in Optometry, Inc.*, 892 F.3d 613, 622 (4th Cir. 2018), because *every* plaintiff in that case alleged actual misuse of their information. In fact, neither in *Beck* nor *Hutton*—nor in any other data-breach case—has the Fourth Circuit conferred standing on a plaintiff who did not allege misuse. *See IRAP*, 404 F. Supp. at 950 ("courts find substantial grounds 'where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken'"). And this issue is especially vexing here—perhaps more so than in virtually any other case—where plaintiffs seek to open the courthouse doors to millions of people who do not claim their information was actually misused in any way.

**Advance termination.** Misstating the statute, plaintiffs suggest interlocutory review is inappropriate here because it "would not be dispositive of the litigation." But "[t]he standard is 'materially advance termination' of the litigation, not simply 'termination' of the litigation." *Gilmore*, 2019 WL 4417490, at *6. And though plaintiffs ignore the point entirely, "the ultimate termination of this multidistrict litigation will be materially advanced by an immediate appeal, rather than postponing review until after the individual cases are remanded for trial to district courts throughout the country." *See In re Air Crash off Long Island*, 27 F. Supp. 2d 431, 434 (S.D.N.Y. 1998). Furthermore, if Marriott succeeds on appeal, only those litigants who allege misuse of their information will have standing, which will vastly reduce the putative class. *See In re Adelphia*, 2006 WL 708303, at *4 (S.D.N.Y. Mar. 20, 2006) ("The elimination of a significant component of the multidistrict litigation . . . plainly works toward the termination of the whole.").

Finally, both sides agree that certification will not affect the Court's jurisdiction over discovery.

Page 3

Sincerely,

*/s/ Daniel R. Warren*
Daniel R. Warren
Gilbert S. Keteltas
Lisa M. Ghannoum
Baker & Hostetler LLP
Email: dwarren@bakerlaw.com
Email: gketeltas@bakerlaw.com
Email: lghannoum@bakerlaw.com

*Attorneys for the defendants*