**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: MARRIOTT INTERNATIONAL CUSTOMER DATA SECURITY BREACH LITIGATION | * | |
| | * | |
| | * | |
| | * | **MDL No.: 19-md-2879** |
| THIS DOCUMENT RELATES TO THE CONSUMER ACTIONS | * | **HONORABLE PAUL W. GRIMM** |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*       \*   \*   \*   \*   \*   \*   \*   \*

**MARRIOTT DEFENDANTS' AMENDED ANSWER TO THE SECOND AMENDED
CONSOLIDATED CONSUMER CLASS ACTION COMPLAINT**

Defendants Marriott International, Inc. ("Marriott") and Starwood Hotels & Resorts Worldwide, LLC ("Starwood," and together with Marriott, "Defendants") submit their Amended Answer and Affirmative Defenses ("Answer") to the Second Amended Consolidated Consumer Class Action Complaint ("Complaint").

Defendants deny every allegation not expressly admitted in this Answer including, without limitation, any allegations in the Complaint's preliminary paragraph, headings, subheadings, subparts, prayer for relief, and footnotes. With respect to any purported documents cited to or quoted from in the Complaint, by providing their Answer here, Defendants do not admit that the documents are relevant or admissible in this action, and Defendants reserve all objections regarding admissibility.[1]

---

[1] Per the parties' agreement, this Answer is limited to the claims, defenses, and plaintiffs implicated in the bellwether litigation and the general allegations applicable to all claims. To the extent an allegation relates to a plaintiff or claim not included in the bellwether litigation, Defendants will respond to that allegation with "Non-bellwether allegation." To the extent the case proceeds beyond this bellwether process, Defendants will answer those allegations at that time.

## INTRODUCTION

1.      Defendants admit that on November 30, 2018, Marriott announced a data security incident involving the Starwood guest reservation database. Defendants further admit that at the time, it announced that although it had not finished identifying duplicate information in the database, it believed at the time the database contained information on up to approximately 500 million guests who made a reservation at a Starwood property. Defendants aver that it now believes that the number of potentially involved guests is lower than 500 million and state that it has identified approximately 383 million records as the upper limit for the total number of guest records that were involved in the incident. Defendants further admit that in the November 30, 2018 announcement, Marriott stated that its investigation determined that there had been unauthorized access to the Starwood network since 2014. To the extent further response is required, Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2.      Defendants deny the allegations in paragraph 2 of the Complaint.

3.      Defendants deny the allegations in the first sentence of paragraph 3. Defendants admit that it reported that the incident involved approximately 18.5 million encrypted passport numbers and approximately 5.25 million unencrypted passport numbers, and approximately 9.1 million encrypted payment card numbers. Defendants admit that Marriott does not know who carried out the cyberattack. To the extent further response is required, Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.      Defendants deny the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Defendants state that no response to paragraph 6 is required. To the extent a response is required, Defendants admit that the Complaint purports to serve as a superseding

complaint to all other complaints consolidated in this multidistrict litigation that were filed on behalf of all consumers. Defendants deny that plaintiffs are entitled to any relief, or are entitled to certification of any class, and deny the remaining allegations in paragraph 6 of the Complaint.

7.  Defendants admit that this Court has subject matter jurisdiction.

8.  Defendants admit that this Court has personal jurisdiction over Marriott.

9.  Defendants admit that this Court has personal jurisdiction over Starwood.

10.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and so denies them.

11.  Defendants admit that venue is proper.

## DEFENDANTS

12.  Defendants admit the allegations in paragraph 12 of the Complaint.

13.  Defendants admit the allegations in paragraph 13 of the Complaint.

14.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and so denies them.

## DEFINITIONS

15.  Defendants state that no response is required to the allegations in paragraph 15 of the Complaint. To the extent a response is required, Defendants admit that plaintiffs purport to define "Data Breach" as stated in paragraph 15. Defendants deny that such definition is appropriate and otherwise deny the allegations in paragraph 15 of the Complaint.

16.  Defendants state that no response is required to the allegations in paragraph 16 of the Complaint. To the extent a response is required, Defendants admit that plaintiffs purport to define "Marriott" as stated in paragraph 16. Defendants deny that such definition is appropriate and otherwise deny the allegations in paragraph 16 of the Complaint.

17.     Defendants state that no response is required to the allegations in paragraph 17 of the Complaint. To the extent a response is required, Defendants admit that plaintiffs purport to define "Personal Information" as stated in paragraph 17 and state that the phrase "Personal Information" has various legal and factual definitions. To the extent further response is required, Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants state that no response is required to the allegations in paragraph 18 of the Complaint. To the extent a response is required, Defendants admit that plaintiffs purport to define "Marriott Property" as stated in paragraph 18. Defendants deny that such definition is appropriate and otherwise deny the allegations in paragraph 18 of the Complaint.

## NAMED PLAINTIFFS

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 of the Complaint, and so denies them. Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and on behalf of those identified in paragraph 19, but deny that Plaintiffs or any putative class members have valid claims, or have suffered harm or injury caused by Defendants, and deny that Plaintiffs can maintain any class action. To the extent further response is required, Defendants deny the remaining allegations in paragraph 19 of the Complaint.

## ALABAMA

20.     Non-bellwether allegation.

## ALASKA

21.     Non-bellwether allegation.

## ARIZONA

22.     Non-bellwether allegation.

## ARKANSAS

23.     Non-bellwether allegation.

24.     Non-bellwether allegation.

## CALIFORNIA

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 25, and so denies them. Defendants deny the remaining allegations in paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 26, and so denies them. Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 27, and so denies them. Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 28, and so denies them. Defendants deny the remaining allegations in paragraph 28 of the Complaint.

## COLORADO

29.     Non-bellwether allegation.

30.     Non-bellwether allegation.

31.     Non-bellwether allegation.

## CONNECTICUT

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 32, and so denies them. Defendants deny the remaining allegations in paragraph 32 of the Complaint.

## DELAWARE

33.     Non-bellwether allegation.

## FLORIDA

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 34, and so denies them. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 35, and so denies them. Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 36, and so denies them. Defendants deny the remaining allegations in paragraph 36 of the Complaint.

## GEORGIA

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 37, and so denies them. Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 38, and so denies them. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 39, and so denies them. Defendants deny the remaining allegations in paragraph 39 of the Complaint.

## HAWAII

40.     Non-bellwether allegation.

## IDAHO

41.     Non-bellwether allegation.

## ILLINOIS

42.     Non-bellwether allegation. The Court dismissed the bellwether claim of the Illinois plaintiffs.

43.     Non-bellwether allegation. The Court dismissed the bellwether claim of the Illinois plaintiffs.

## INDIANA

44.     Non-bellwether allegation.

## IOWA

45.     Non-bellwether allegation.

## KANSAS

46.     Non-bellwether allegation.

## KENTUCKY

47.     Non-bellwether allegation.

## LOUISIANA

48.     Non-bellwether allegation.

49.     Non-bellwether allegation.

## MAINE

50.     Non-bellwether allegation.

51.     Non-bellwether allegation.

## MARYLAND

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 52, and so denies them. Defendants deny the remaining allegations in paragraph 52 of the Complaint.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 53, and so denies them. Defendants deny the remaining allegations in paragraph 53 of the Complaint.

## MASSACHUSETTS

54.     Non-bellwether allegation.

## MICHIGAN

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55, and so denies them. Defendants deny the remaining allegations in paragraph 55 of the Complaint.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 56, and so denies them. Defendants deny the remaining allegations in paragraph 56 of the Complaint.

## MINNESOTA

57.     Non-bellwether allegation.

## MISSISSIPPI

58.     Non-bellwether allegation.

## MISSOURI

59.     Non-bellwether allegation.

60.     Non-bellwether allegation.

## MONTANA

61.     Non-bellwether allegation.

## NEBRASKA

62.     Non-bellwether allegation.

## NEVADA

63.     Non-bellwether allegation.

64.     Non-bellwether allegation.

## NEW HAMPSHIRE

65.     Non-bellwether allegation.

## NEW JERSEY

66.     Non-bellwether allegation.

67.     Non-bellwether allegation.

68.     Non-bellwether allegation.

## NEW MEXICO

69.     Non-bellwether allegation.

## NEW YORK

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 70, and so denies them. Defendants deny the remaining allegations in paragraph 70 of the Complaint.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 71, and so denies them. Defendants deny the remaining allegations in paragraph 71 of the Complaint.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 72, and so denies them. Defendants deny the remaining allegations in paragraph 72 of the Complaint.

## NORTH CAROLINA

73.     Non-bellwether allegation.

## NORTH DAKOTA

74.     Non-bellwether allegation.

## OHIO

75.     Non-bellwether allegation.

## OKLAHOMA

76.     Non-bellwether allegation.

## OREGON

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 77, and so denies them. Defendants deny the remaining allegations in paragraph 77 of the Complaint.

## PENNSYLVANIA

78.     Non-bellwether allegation.

79.     Non-bellwether allegation.

## RHODE ISLAND

80.     Non-bellwether allegation.

## SOUTH CAROLINA

81.     Non-bellwether allegation.

## SOUTH DAKOTA

82.     Non-bellwether allegation.

**TENNESSEE**

83.   Non-bellwether allegation.

**TEXAS**

84.   Non-bellwether allegation.

85.   Non-bellwether allegation.

86.   Non-bellwether allegation.

**UTAH**

87.   Non-bellwether allegation.

**VERMONT**

88.   Non-bellwether allegation.

89.   Non-bellwether allegation.

**VIRGINIA**

90.   Non-bellwether allegation.

91.   Non-bellwether allegation.

**WASHINGTON**

92.   Non-bellwether allegation.

**WEST VIRGINIA**

93.   Non-bellwether allegation.

**WISCONSIN**

94.   Non-bellwether allegation.

**WYOMING**

95.   Non-bellwether allegation.

## FACTUAL ALLEGATIONS

96.     Defendants admit that Marriott is a multinational hospitality company that manages and franchises a portfolio of 30 brands and over 7,000 properties across 131 countries and territories. Further answering, Defendants admit that Marriott was founded in 1927 and is headquartered in Bethesda, Maryland, Further answering, Defendants admit that hotel brands in its portfolio include Marriott, Courtyard, and Ritz-Carlton. Defendants further admit that Marriott reported revenues of approximately $20.75 billion for fiscal year 2018. To the extent further response is required, Defendants deny the remaining allegations in paragraph 96 of the Complaint.

97.     Defendants admit the allegations in paragraph 97 of the Complaint.

98.     Defendants admit that on September 23, 2016, Marriott completed its acquisition of Starwood. Defendants further admit that the cost of the acquisition was approximately $13.6 billion. Defendants further admit that post-acquisition, Marriott's portfolio of hotels includes the Marriott, Courtyard, Ritz-Carlton, Sheraton, Westin, W Hotels, and St. Regis brands. Defendants further admit that the acquisition of Starwood created the world's largest hotel company. To the extent further response is required, Defendants deny the remaining allegations in paragraph 98 of the Complaint.

99.     Defendants admit the allegations in the first sentence of paragraph 99. Defendants deny the allegations in the second sentence of paragraph 99. Defendants admit that in some instances Marriott may collect passport information, room preferences, travel destinations, and other information from guests making reservations. To the extent further response is required, Defendants deny the remaining allegations in paragraph 99 of the Complaint.

100.     Defendants admit that paragraph 100 purports to quote some of Marriott's Global Privacy Statement dated May 18, 2018. That document speaks for itself. To the extent further

response is required, Defendants deny the remaining allegations in paragraph 100 of the Complaint.

101.     Defendants admit that paragraph 101 purports to quote some of Marriott's Global Privacy Statement dated May 18, 2018. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 101 of the Complaint.

102.     Defendants admit that paragraph 102 purports to quote some of Marriott's Global Privacy Statement dated May 18, 2018. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 102 of the Complaint.

103.     Defendants admit that paragraph 103 purports to quote some of Marriott's Global Privacy Statement dated May 18, 2018. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 103 of the Complaint.

104.     Defendants admit that they have employed an external data analytics company to assist in marketing to existing and potential customers. Further answering, Defendants admit that the second sentence of paragraph 104 purports to quote a website cited in footnote 1 of the Complaint that purports to describe a conversation with a Marriott employee. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 104 of the Complaint.

105.     Defendants admit that paragraph 105 purports to quote portions of the Marriott U.S. Privacy Shield Guest Privacy Policy, cited in footnote 2 of the Complaint. That document

speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 105 of the Complaint.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint, and so deny them.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint, and so deny them.

108.    Defendants admit that in 1997, Starwood acquired Westin Hotels & Resorts for approximately $1.57 billion. Defendants further admit that in 1998, Starwood acquired ITT Corporation, which included Sheraton. To the extent further response is required, Defendants deny the remaining allegations in paragraph 108 of the Complaint.

109.    Defendants admit that in 2005, Starwood acquired Le Meridien, which at the time consisted of more than 120 properties, primarily located in Europe and the Middle East. Defendants further admit that Starwood has launched other brands, including Aloft and Element. Further answering, Defendants admit that Starwood's brands included those identified in paragraph 109, but avers that it entered into a partnership with Design Hotels. Defendants further admit that Starwood has operated timeshare properties branded Starwood Vacation Ownership. To the extent further response is required, Defendants deny the remaining allegations in paragraph 109 of the Complaint.

110.    Defendants admit that in 1999, Starwood launched Starwood Preferred Guest (SPG) to reward and recognize frequent travelers. Further answering, Defendants admit that the SPG Program offered no blackout dates, no capacity controls, and online redemption, which upon information and belief were industry firsts.

111.    Defendants admit that Starwood has promoted its SPG Program as industry-leading and rewarding to frequent travelers. Further answering, Defendants admit that paragraph 111 purports to quote some of the document cited at footnote 3 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 111 of the Complaint.

112.    Defendants admit that paragraph 112 purports to quote some of the document cited at footnote 3 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 112 of the Complaint.

113.    Defendants admit that it may collect certain information from its guests. Defendants further admit that paragraph 113 purports to quote some of Starwood's online privacy statement dated October 14, 2014. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 113 of the Complaint.

114.    Defendants deny the allegations in paragraph 114 of the Complaint.

115.    Defendants admit that on November 16, 2015, Marriott announced that the boards of directors of both Starwood and Marriott unanimously approved a definitive merger agreement under which the companies would create the world's largest hotel company.

116.    Defendants admit that Marriott's acquisition of Starwood was finalized on September 23, 2016. Defendants further admit that paragraph 116 purports to quote from part of a press release cited in footnote 6 of the Complaint. That press release speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 116 of the Complaint.

117.    Defendants admit that paragraph 117 purports to from part of a press release cited in footnote 6 of the Complaint. That press release speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 117 of the Complaint.

118.    Defendants admit that paragraph 118 purports to quote from a document cited in footnote 8 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 118 of the Complaint.

119.    Defendants deny the allegations in paragraph 119 of the Complaint

120.    Defendants admit that during the time between announcement and closing of the merger, Marriott and Starwood had separate financial and legal advisors to assess the merger. To the extent further response is required, Defendants deny the remaining allegations in paragraph 120 of the Complaint.

121.    Defendants deny the allegations in paragraph 121 of the Complaint.

122.    Defendants admit that paragraph 122 purports to quote from a website cited in paragraph 9 of the Complaint that purports to describe the contents of a conversation with a Marriott employee. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 122 of the Complaint.

123.    Defendants deny the allegations in paragraph 123 of the Complaint.

124.    Defendants deny the allegations in paragraph 124 of the Complaint.

125.    Defendants deny the allegations in paragraph 125 of the Complaint.

126.    Defendants admit that paragraph 126 purports to describe some of the contents of the document cited at footnote 11 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 126 of the Complaint.

127.     Defendants admit that paragraph 127 purports to describe some of the contents of the document cited at footnote 11 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 127 of the Complaint.

128.     Defendants deny the allegations in paragraph 128 of the Complaint.

129.     Defendants admit that in January 2017, PricewaterhouseCoopers (PwC) prepared a document titled "Starwood Cybersecurity Assessment." Further answering, Defendants admit that paragraph 129 purports to describe the contents of that document. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 129 of the Complaint.

130.     Defendants admit that paragraph 130 purports to describe the contents of the website cited at footnotes 17 and 18 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 130 of the Complaint.

131.     Defendants admit that paragraph 131 purports to describe the contents of the document cited at footnote 19 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 131 of the Complaint.

132.     Defendants admit that paragraph 132 purports to describe the contents of the document cited at footnote 20 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 132 of the Complaint.

133.    Defendants admit that the first sentence of paragraph 133 purports to describe the contents of the document cited at footnote 21 of the Complaint. That document speaks for itself. Defendants deny the allegations in the second sentence of paragraph 133. To the extent further response is required, Defendants deny the remaining allegations in paragraph 133 of the Complaint.

134.    Defendants deny the allegations in paragraph 134 of the Complaint except to admit that Marriott announced that on August 18, 2018, the SPG, Marriott Rewards, and The Ritz-Carlton Rewards programs will combine into one program.

135.    Defendants admit that paragraph 135 purports to describe the contents of the document cited at footnote 24 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 135 of the Complaint.

136.    Defendants deny the allegations in paragraph 136 of the Complaint.

137.    Defendants deny the allegations in paragraph 137 of the Complaint.

138.    Defendants deny the allegations in paragraph 138 of the Complaint.

139.    Defendants deny the allegations in paragraph 139 of the Complaint.

140.    Defendants admit that on or around February 3, 2014, White Lodging Services Corporation, a hotel-management company, announced a suspected data security incident involving the point of sale system at 14 hotel properties, including seven Marriott locations, one Westin location, and one Sheraton location. Further answering, Defendants admit that the second sentence of paragraph 140 purports to quote the document cited at footnote 28 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 140 of the Complaint.

141.    Defendants admit that paragraph 141 purports to quote some of the contents of a document cited in footnote 29 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 141 of the Complaint.

142.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint, and so denies them, except to admit that on or around April 8, 2015 White Lodging announced the suspected breach of certain point of sale systems at certain impacted locations, including seven Marriott locations and one Sheraton location.

143.    Defendants admit that paragraph 143 purports to quote some of the contents of a document cited in footnote 29 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 143 of the Complaint.

144.    Defendants admit that paragraph 144 purports to quote some of the contents of a blog post cited in footnote 30 of the Complaint which in turn purports to quote a Marriott employee. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 144 of the Complaint.

145.    Defendants admit that on November 20, 2015 Starwood announced a malware intrusion that affected some point of sale systems at 54 locations in North America and which enabled unauthorized parties to access payment card data of some of our customers. To the extent further response is required, Defendants deny the remaining allegations in paragraph 145 of the Complaint.

146.    Defendants admit that the first sentence of paragraph 146 purports to quote some of the document cited at footnote 31 of the Complaint. That document speaks for itself. Defendants deny the allegations in the second sentence of paragraph 146 and otherwise deny the remaining allegations in paragraph 146 of the Complaint.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint, and so denies them.

148.    Defendants deny the allegations in paragraph 148 of the Complaint.

149.    Defendants admit that paragraph 149 purports to quote some of the website cited at footnote 32 of the Complaint. That website speaks for itself. Further answering, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in second sentence of paragraph 149 of the Complaint, and so denies them and otherwise denies the remaining allegations in paragraph 149 of the Complaint.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint, and so deny them.

151.    Defendants deny the allegations in paragraph 151 of the Complaint.

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint, and so denies them.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint, and so denies them.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint, and so denies them.

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint, and so denies them.

156.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Complaint, and so denies them.

157.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Complaint, and so denies them.

158.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Complaint, and so denies them.

159.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 of the Complaint, and so denies them.

160.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Complaint, and so denies them.

161.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint, and so denies them.

162.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint, and so denies them.

163.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the Complaint, and so denies them.

164.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint, and so denies them.

165.     Defendants deny the allegations in paragraph 165 of the Complaint.

166.     Defendants deny the allegations in paragraph 166 of the Complaint.

167.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of the Complaint, and so denies them.

168.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 of the Complaint, and so denies them.

169.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 of the Complaint, and so denies them.

170.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint, and so denies them.

171.     Defendants deny the allegations in paragraph 171 of the Complaint.

172.     Defendants admit that paragraph 172 purports to describe some of the contents of a PFI report prepared by Verizon. That document speaks for itself. Further answering, Defendants admit that Verizon found evidence that on or around July 28, 2014, an unknown threat actor gained access to the Starwood environment by installing malware on an external-facing webserver. Defendants further admit that Verizon found that on October 14, 2014, a Remote-Access-Trojan (RAT) was created on a webserver. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 172, and so denies them. To the extent further response is required, Defendants deny the remaining allegations in paragraph 172 of the Complaint.

173.     Defendants admit that paragraph 173 purports to describe some of the contents of a PFI report prepared by Verizon. That document speaks for itself. Further answering, Defendants admit that Verizon found that following the installation of the RAT on October 14, 2014, additional malware was installed and executed on the  webserver between October 15, 2014 and August 8, 2018. Defendants further admit that Verizon found that on October 17, 2014, RAT malware was created on a specific system, which would have provided an unknown threat actor with the ability to directly interact with the system from outside of the Starwood

environment. To the extent further response is required, Defendants deny the remaining allegations in paragraph 173 of the Complaint.

174.     Defendants admit that paragraph 174 purports to describe some of the contents of a PFI report prepared by Verizon. That document speaks for itself. Further answering, Defendants admit that Verizon found that the unknown threat actor installed and/or executed additional malware types/variants, including webshell malware, Remote Access Trojans, password stealers, reconnaissance tools/scripts and network/connectivity tools, file archiving utilities, and Random Access Memory-scraper malware. To the extent further response is required, Defendants deny the remaining allegations in paragraph 174 of the Complaint.

175.     Defendants admit that paragraph 175 purports to describe some of the contents of a PFI report prepared by Verizon. That document speaks for itself. Further answering, Defendants admit that Verizon found that malware installed on September 3, 2015 possessed the ability to perform keystroke logging on the system and found that keystroke logging between September 4 and September 18, 2015 captured activity for 24 administrator and user accounts on the system, which included two compromised user accounts. Defendants further admit that Verizon identified evidence that the unknown threat actor was performing searches for and accessing files within the environment that contained words 'user', 'password', or 'script' in the name. To the extent further response is required, Defendants deny the remaining allegations in paragraph 175 of the Complaint.

176.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 176, and so denies them, except to admit that Verizon found that the unknown threat actor was accessing database connection history logs. Defendants further admit that Verizon found that an unknown threat actor performed

unauthorized queries against Starwood's guest reservation database on August 22, 2018. Further answering, Defendants admit that Verizon found that additional suspicious database queries against the guest reservation database were observed through September 10, 2018. To the extent further response is required, Defendants deny the remaining allegations in paragraph 176 of the Complaint.

177.    Defendants admit that Verizon found that on September 7, 2018, the unknown threat actor exported the main guest reservation database table and placed it into a compressed and password-protected archive. Defendants further admit that Verizon found that on September 7, 2018, an IBM Guardium alert to Accenture was triggered by a query performed from an administrator's account against Starwood guest reservation database. Further answering, Defendants admit that the third sentence of paragraph 177 and footnote 65 purport to quote from a website cited in footnote 65 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 177 of the Complaint.

178.    Defendants admit that on September 8, 2018, Accenture notified Marriott's IT team with information about a Guardium alert generated on September 7, 2018. Defendants further admit that on September 8, 2018, Accenture provided Marriott's IT team with information about a Guardium alert generated on September 7, 2018. Further answering, Defendants state that the alert was triggered by a query from an administrator's account to return the count of rows from a table in the database and that such a query would not return the content of these rows, only the total number of rows in the table. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of

24

paragraph 178, and so denies them. To the extent further response is required, Defendants deny the remaining allegations in paragraph 178 of the Complaint.

179.     Defendants admit that Verizon found that on September 8, 2018, the archive was transferred to two systems, one of which had internet connectivity. Further answering, Defendants deny the allegations in the second sentence of paragraph 179 except to admit that a file transfer tool was executed and a connection was made to an external IP address. To the extent further response is required, Defendants deny the remaining allegations in paragraph 179 of the Complaint.

180.     Defendants admit that Verizon found that on September 10, 2018, an unknown threat actor made three queries using a database function designed to decrypt encrypted payment card values from the database. Defendants further admit that Verizon found exfiltration activity associated with a Starwood guest reservation database table. Further answering, Defendants state that Marriott has not found evidence that the master encryption keys needed to decrypt encrypted payment card and passport numbers were accessed. To the extent further response is required, Defendants deny the remaining allegations in paragraph 180 of the Complaint.

181.     Defendants admit that the first sentence of paragraph 181 purports to quote some of the document cited at footnote 68 of the Complaint. That document speaks for itself. Further answering, Defendants deny the allegations in the second sentence of paragraph 181 and otherwise deny the remaining allegations of paragraph 181 of the Complaint.

182.     Defendants admit that Marriott purchased security monitoring tools from Crowdstrike and provided those tools to Accenture, who installed the tools on thousands of Starwood's devices.  Further answering, Defendants admit that those security monitoring tools identified the presence of webshells, virtual private network (VPN) tools, and other malware on

Starwood's devices. Defendants admit webshells can facilitate upload of files to infected web servers and further admit that VPN tools can create secure connections to infected networks. To the extent further response is required, Defendants deny the remaining allegations of paragraph 182 of the Complaint.

183.     Defendants admit that on September 17, 2018, investigators uncovered a Remote Access Trojan (RAT) malware. Further answering, Defendants admit that Marriott's CEO was notified of the ongoing investigation that day, and that Marriott's Board of Directors was notified the following day. To the extent further response is required, Defendants deny the remaining allegations in paragraph 183 of the Complaint.

184.     Defendants admit that an investigation revealed that there was evidence of an unauthorized party on the Starwood network since July 2014. Defendants further admit that in early October 2018, investigators found on some systems evidence of malware, including MimiKatz, a tool that searches a device's memory for usernames and passwords. Defendants admit that through the first two weeks of November 2018, the investigators had found no evidence that the attacker had accessed guest data in the Starwood Guest Reservation Database. To the extent further response is required, Defendants deny the remaining allegations in paragraph 184 of the Complaint.

185.     Defendants admit that Marriott contacted the Federal Bureau of Investigation (FBI) on October 29, 2018 to provide the FBI with information about the tools used by the attacker, the timeline of the intrusion, and forensic findings. Defendants further admit that Marriott provided the FBI with several updates and ready access to forensic findings and information to support the FBI's investigation. To the extent further response is required, Defendants deny the remaining allegations in paragraph 185 of the Complaint.

186.    Defendants admit that paragraph 186 purports to describe some of the contents of Marriott's filing with the U.S. Securities and Exchange Commission (SEC) on November 6, 2018. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 186 of the Complaint.

187.    Defendants admit that paragraph 187 purports to describe some of the contents of the document cited at footnote 66 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 187 of the Complaint.

188.    Defendants admit that on November 29, 2018, Marriott gave an update to the FBI about the investigation. and notified the four major payment card networks and their credit card processing vendors. Defendants further admit that Marriott provided notice to regulators in over twenty foreign countries and territories, as well as to state Attorneys General, the Federal Trade Commission, the SEC, and the three credit reporting agencies. Further answering, Defendants admit that the second sentence of paragraph 188 purports to describe some of the contents of the document cited at footnote 77 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 188 of the Complaint.

189.    Defendants admit that on November 25 and 26, 2018, the investigation found that, in 2015 and 2016, the attacker had likely created a copy of two other tables, which the attacker later deleted. Defendants further admit that the file names correspond to two tables in the Starwood Guest Reservation Database. Defendants further admit that Marriott has been unable to recover those files and have been unable to determine if they had been taken. Further answering, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in the fourth sentence of paragraph 189, and so denies them. To the extent further response is required, Defendants deny the remaining allegations in paragraph 189 of the Complaint.

190.    Defendants deny the allegations in paragraph 190 of the Complaint.

191.    Defendants admit that information in the Starwood guest reservation database contained information that was provided to Starwood between 2002 and September 10, 2018. To the extent further response is required, Defendants deny the remaining allegations in paragraph 191 of the Complaint.

192.    Defendants admit that the following is a summary of the unauthorized activity believed to have been taken and the approximate dates on which each of the activities occurred:

• **July 29, 2014:** Earliest log evidence of installation of a web shell on a web server. After gaining access to the web server, the unauthorized third party then later installed a RAT on the web server. RATs were installed on other devices in the Starwood network at various points throughout the Incident. After installing a RAT on a device, the next action by the unauthorized third party often was to execute a MimiKatz program.

• **October 15, 2014:** Evidence of installation of a RAT variant.

• **April 15, 2015:** A file named "Reservation_ Room_ Sharer.dmp" was created on a Starwood device. The file could not be recovered and its contents are unknown.

• **April 21, 2015:** A file named "Consumption_ Roomtype.dmp" was created on a Starwood device. The file could not be recovered and its contents are unknown.

• **May 17, 2016:** A file named "Reservation_ Room_ Sharer.dmp" was created on a Starwood device for the second time. The file could not be recovered and its contents are unknown.

28

• **December 31, 2016/January 1, 2017:** Malware that searches process memory for payment card data was pushed out to multiple Starwood devices.

• **January 10, 2017:** Memory-scraping malware was executed on eight property management systems.

• **September** 7, **2018:** A query was used to perform a count of records in the Guest_ Master _Profile table and triggered a Guardium alert. Separately, the data in the Guest_ Master _Profile table was exported to a .dmp file on the Starwood network.

• **September 10, 2018:** The PP_ Master table was exported to a .dmp file on the Starwood network.

To the extent further response is required, Defendants deny the remaining allegations in paragraph 192 of the Complaint.

193.    Defendants deny the allegations in paragraph 193 of the Complaint.

194.    Defendants deny the allegations in paragraph 194 of the Complaint.

195.    Defendants admit that on or about November 30, 2018, it announced a data security incident involving the Starwood guest reservation database. Further answering, Defendants admit that paragraph 195 purports to describe some of the contents of a document cited at footnote 81 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 195 of the Complaint.

196.    Defendants admit that on or about November 30, 2018, Marriott announced that while it had not finished identifying duplicate information in the database, it believed at the time that for approximately 327 million of the guest records in the Starwood guest reservation database, the information includes some combination of name, mailing address, phone number,

email address, passport number, Starwood Preferred Guest ("SPG") account information, date of birth, gender, arrival and departure information, reservation date, and communication preferences. Defendants further admit that the second sentence of paragraph 196 purports to describe some of the contents of a document cited at footnote 81 of the Complaint. That document speaks for itself. Defendants deny that its statement was "opaque." To the extent further response is required, Defendants deny the remaining allegations in paragraph 196 of the Complaint.

197.     Defendants admit that paragraph 197 purports to describe some of the contents of a document cited at footnote 81 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 197 of the Complaint.

198.     Defendants admit that paragraph 198 purports to describe some of the contents of a document cited at footnote 81 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 198 of the Complaint.

199.     Defendants admit that Marriott started sending email notifications on a rolling basis to guests who had email addresses with the affected data tables following the November 30, 2018 press release. Defendants further admit that Marriott completed issuing notifications to all valid domestic guest email addresses on December 11, 2018.

200.     Defendants deny the allegations in paragraph 200 of the Complaint.

201.     Defendants deny the allegations in paragraph 201 of the Complaint.

202.     Defendants deny the allegations in the first sentence of paragraph 202 of the Complaint. Defendants admit that certain individuals whose information may have been

contained in the Starwood guest reservation database may have received an email from an email address identified as "email-marriott.com," which was sent by a third party. Further answering, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 202, and so denies them.

203.    Defendants deny the allegations in paragraph 203 of the Complaint.

204.    Defendants admit that Marriott opened a call center and created a dedicated website through a third-party company called Kroll. Defendants further state that the website did not have links entitled "click here" or "enroll now" but rather contained enrollment instructions that stated: "Click on your country, if listed, to begin the enrollment process." To the extent further response is required, Defendants deny the remaining allegations in paragraph 204 of the Complaint.

205.    Defendants admit that the FAQ section of the website included, at times, a discussion of WebWatcher but did not describe how to enroll in the service. To the extent further response is required, Defendants deny the remaining allegations in paragraph 205 of the Complaint.

206.    Defendants deny the allegations in the first sentence of paragraph 206 of the Complaint. Defendants admit that the second and third sentences of paragraph 206 purport to quote a website cited in footnote 92 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 206 of the Complaint.

207.    Defendants admit that the first sentence of paragraph 207 purports to quote some of the website cited at footnote 92 of the Complaint. That website speaks for itself. Defendants deny the remaining allegations in paragraph 207 of the Complaint.

208.     Defendants deny the allegations in the first sentence of paragraph 208 except to admit that on or about January 4, 2018, Marriott provided an update on the number of guests whose passport numbers and payment card numbers were involved in the Starwood reservations database security incident announced by the company on November 30, 2018. Defendants admit that the second and third sentences of paragraph 208 purports to quote some of the document cited at footnote 66 of the Complaint. That document speaks for itself. Defendants deny the allegations in the fourth sentence of paragraph 208 and otherwise deny the remaining allegations in paragraph 208 of the Complaint.

209.     Defendants admit that the first sentence of paragraph 209 purports to quote some of the document cited at footnote 66 of the Complaint. That document speaks for itself. Defendants admit that as of December 18, 2018, Marriott was no longer using the Starwood guest reservation database to conduct business operations. To the extent further response is required, Defendants deny the remaining allegations in paragraph 209 of the Complaint.

210.     Defendants deny the allegations in the first sentence of paragraph 210 of the Complaint. Defendants admit that the second sentence of paragraph 210 purports to quote some of the document cited at footnote 99 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 210 of the Complaint.

211.     Defendants admit that paragraph 211 of the Complaint purports to quote some of the website cited at footnote 100 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 211 of the Complaint.

32

212.     Defendants admit that paragraph 212 of the Complaint purports to quote some of the website cited at footnote 100 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 212 of the Complaint.

213.     Defendants admit that paragraph 213 of the Complaint purports to quote some of the website cited at footnote 102 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 213 of the Complaint.

214.     Defendants admit that paragraph 214 of the Complaint purports to quote some of the website cited at footnote 100 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 214 of the Complaint.

215.     Defendants admit that paragraph 215 of the Complaint purports to quote some of the website cited at footnote 100 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 215 of the Complaint.

216.     Defendants deny the allegations in the first and second sentences of paragraph 216 of the Complaint. Defendants admit that the third sentence of paragraph 216 purports to quote some of the document cited at footnote 105 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 216 of the Complaint.

217.     Defendants admit the allegations in of paragraph 217 of the Complaint.

218.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 218, and so denies them. Defendants aver that the remaining allegations of paragraph 218 state a legal conclusion to which no response is required. To the extent further response is required, Defendants deny the remaining allegations in paragraph 218 of the Complaint.

219.     Defendants admit that paragraph 219 purports to quote some of the contents of the document cited at footnote 106 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 219 of the Complaint.

220.     Defendants deny the allegations in paragraph 220 of the Complaint except to state that it quotes some of the document cited at footnote 107 of the Complaint. That document speaks for itself.

221.     Defendants admit that on or about July 9, 2019, the Information Commissioner's Office (ICO) issued a notice of its intention to fine Marriott £99,200,396 for alleged infringements of the General Data Protection Regulation (GDPR). Marriott admits that the ICO's announcement stated that it found that Marriott had failed to perform sufficient due diligence when it acquired Starwood and that Marriott should have done more to secure its system. Defendants deny any claim of wrongdoing and deny the ICO's conclusions. To the extent further response is required, Defendants deny the remaining allegations in paragraph 221 of the Complaint.

222.     Defendants admit that paragraph 222 purports to quote some of the contents of the website cited at footnote 108 of the Complaint. That website speaks for itself. To the extent

further response is required, Defendants deny the remaining allegations in paragraph 222 of the Complaint.

223.     Marriott admits that it stated its intention to contest the notice of intent from ICO. Further answering, Marriott admits that paragraph 223 purports to quote some of the contents of the document cited at footnote 110 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 223 of the Complaint.

224.     Defendants admit that paragraph 224 purports to describe some of the contents of the websites cited at footnotes 111 and 112 of the Complaint. Those websites speak for themselves. To the extent further response is required, Defendants deny the remaining allegations in paragraph 224 of the Complaint.

225.     Defendants deny the allegations in paragraph 225 of the Complaint.

226.     Defendants deny the allegations in paragraph 226 of the Complaint.

227.     Defendants deny the allegations in paragraph 227 of the Complaint.

228.     Defendants admit that paragraph 228 purports to describe some of the contents of the documents cited at footnotes 111 and 112 of the Complaint. Those documents speak for themselves. To the extent further response is required, Defendants deny the remaining allegations in paragraph 228 of the Complaint.

229.     Defendants deny the first, second, third, and fifth sentences in paragraph 229 of the Complaint. Defendants admit that the fourth sentence purports to describe regulatory requirements under PCI DSS. The PCI DSS standards speak for themselves. To the extent further response is required, Defendants deny the remaining allegations in paragraph 229 of the Complaint.

230.    Defendants deny the allegations in paragraph 230 of the Complaint.

231.    Defendants deny the allegations in paragraph 231 of the Complaint.

232.    Defendants deny the allegations in paragraph 232 of the Complaint.

233.    Defendants deny the allegations in paragraph 233 of the Complaint.

234.    Defendants deny the allegations in paragraph 234 of the Complaint.

235.    Defendants deny the allegations in paragraph 235 of the Complaint.

236.    Defendants admit that paragraph 236 purports to describe some of the contents of the PFI report prepared by Verizon. That document speaks for itself. Defendants deny the allegations in the last sentence of paragraph 236 of the Complaint. To the extent further response is required, Defendants deny the remaining allegations in paragraph 236 of the Complaint.

237.    Defendants deny the allegations in paragraph 237 of the Complaint.

238.    Defendants deny the allegations in paragraph 238 of the Complaint.

239.    Defendants deny the allegations in paragraph 239 of the Complaint.

240.    Defendants deny the allegations in paragraph 240 of the Complaint.

241.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 of the Complaint, and so denies them.

242.    Defendants admit that paragraph 242 purports to quote and describe some of the contents of the website cited at footnote 114 of the Complaint. That website speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 242 of the Complaint.

243.    Defendants admit that in 2013, Marriott and Accenture entered into a 10-year contract for Accenture to provide certain finance and accounting services to Marriott, some of which were previously handled in-house by Marriott. Defendants further admit that Marriott's

relationship with Accenture for the provision of these services is conducted in part through Marriott Business Services. To the extent further response is required, Defendants deny the remaining allegations in paragraph 243 of the Complaint.

244.    Defendants admit that Starwood and Accenture LLP entered into an Amended and Restated Master Services Agreement dated June 1, 2015. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 244 of the Complaint.

245.    No response to paragraph 245 is required because it states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that paragraph 245 purports to describe some of the contents of an Amended and Restated Master Services Agreement dated June 1, 2015 and entered into by Starwood and Accenture LLP. That document speaks for itself.

246.    No response to paragraph 246 is required because it states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that paragraph 246 purports to describe some of the contents of an Amended and Restated Master Services Agreement dated June 1, 2015 and entered into by Starwood and Accenture LLP. That document speaks for itself.

247.    Defendants admit that following the announcement of the merger, Accenture provided information technology support and maintenance services as well as resources to carry out those services. Defendants deny that Accenture provided advice concerning future operating environments. To the extent further response is required, Defendants deny the remaining allegations in paragraph 247 of the Complaint.

248.    Defendants admit the allegations in paragraph 248 of the Complaint.

249.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249 of the Complaint, and so deny them, except to admit that portions of paragraph 249 purport to describe some of the contents of the document cited at footnote 119 of the Complaint. That document speaks for itself.

250.     Defendants deny that Accenture authored its cybersecurity policies. Further answering, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 250 of the Complaint, and so deny them.

251.     Defendants admit that paragraph 251 purports to quote some of the document cited at footnote 120 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 251 of the Complaint.

252.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252 of the Complaint, and so denies them.

253.     Defendants deny the allegations in paragraph 253 of the Complaint.

254.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254 of the Complaint, and so denies them.

255.     Defendants deny the allegations in paragraph 255 of the Complaint.

256.     Defendants admit that the FTC has issued the guidance as reflected in the document cited in footnote 122 of the Complaint. That document speaks for itself.

257.     Defendants admit that the FTC has issued the guidance as reflected in the document cited in footnote 123 of the Complaint. That document speaks for itself.

258.     Defendants admit that the FTC has issued the guidance as reflected in the document cited in footnote 123 of the Complaint. That document speaks for itself.

259.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 of the Complaint, and so denies them.

260.     Defendants deny the allegations in paragraph 260 of the Complaint.

261.     Defendants deny the allegations in paragraph 261 of the Complaint.

262.     Defendants deny the allegations in paragraph 262 of the Complaint.

263.     Defendants deny the allegations in paragraph 263 of the Complaint.

264.     Defendants deny the allegations in paragraph 264 of the Complaint.

265.     Defendants deny the allegations in paragraph 265 of the Complaint.

266.     Defendants deny the allegations in paragraph 266 of the Complaint.

267.     Defendants deny the allegations in paragraph 267 of the Complaint.

268.     Defendants deny the allegations in paragraph 268 of the Complaint.

269.     Defendants deny the allegations in paragraph 269 of the Complaint.

270.     Defendants deny the allegations in paragraph 270 of the Complaint.

271.     Defendants deny the allegations in paragraph 271 of the Complaint.

272.     Defendants deny the allegations in paragraph 272 of the Complaint.

273.     Defendants deny the allegations in paragraph 273 of the Complaint.

274.     Defendants deny the allegations in paragraph 274 of the Complaint.

275.     Defendants deny the allegations in paragraph 275 of the Complaint.

## CLASS ACTION ALLEGATIONS

276.     Defendants admit that plaintiffs purport to bring this action on behalf of themselves and the proposed class identified in paragraph 276. Defendants deny that this case can be maintained as a class action and deny the remaining allegations in paragraph 276 of the Complaint.

277.    Defendants admit that plaintiffs purport to bring this action on behalf of themselves and the proposed class identified in paragraph 276 and asserting the claims in paragraph 277. Defendants deny that this case can be maintained as a class action and deny the remaining allegations in paragraph 277 of the Complaint.

278.    Defendants admit that in the alternative, plaintiffs purport to bring this action on behalf of themselves and the proposed class identified in paragraph 278. Defendants deny that this case can be maintained as a class action no matter how defined and deny the remaining allegations in paragraph 278 of the Complaint.

279.    Defendants deny that this case can be maintained as a class action regardless of how the purported class is defined and deny that plaintiffs or any putative class members are entitled to relief.

280.    Defendants deny the allegations in paragraph 280 of the Complaint.

281.    Defendants deny the allegations in paragraph 281 of the Complaint.

282.    Defendants deny the allegations in paragraph 282 of the Complaint.

283.    Defendants deny the allegations in paragraph 283 of the Complaint.

284.    Defendants deny the allegations in paragraph 284 of the Complaint.

285.    Defendants deny the allegations in paragraph 285 of the Complaint.

**ALLEGED CHOICE OF LAW FOR NATIONWIDE CLAIMS**

286.    The allegations in paragraph 286 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 286 of the Complaint.

287.    Defendants admit that Marriott's principal place of business in Bethesda, Maryland. Further answering, Defendants state that the allegations in paragraph 287 state a legal

conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 287 of the Complaint.

288.     Defendant admits that Starwood's principal place of business was Stamford, Connecticut. Further answering, Defendants state that the allegations in paragraph 288 state a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 288 of the Complaint, and so deny them.

289.     The allegations in paragraph 289 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 289 of the Complaint.

290.     Defendants admit that Marriott is headquartered in Maryland and that, generally speaking, corporation decisions concerning the response to the data security incident were made by employees working out of Marriott's headquarters. Further answering, Defendants aver that certain decisions concerning the response to the data security incident were made from locations outside of Maryland. To the extent further response is required, Defendants deny the remaining allegations in paragraph 290 of the Complaint. .

291.     Defendants deny the allegations in paragraph 291 of the Complaint.

292.     Defendants aver that no response is required to paragraph 292. To the extent a response is required, Defendants deny the allegations in paragraph 292 of the Complaint.

293.     Defendants aver that no response is required to paragraph 293. To the extent a response is required, Defendants deny the allegations in paragraph 293 of the Complaint.

294.    The allegations in paragraph 294 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 294 of the Complaint.

295.    Defendants aver that no response is required to paragraph 295. To the extent a response is required, Defendants deny the allegations in paragraph 295 of the Complaint except to state that on January 8, 2019, Plaintiffs' counsel sent minimal additional information about a few individual plaintiffs to counsel for Marriott.

## COUNT 1 - NEGLIGENCE

296.    Defendants incorporate their responses to Plaintiffs' allegations. Defendants state that to the extent this Count alleges a violation of negligence under Illinois law, no response is required because the Court dismissed that claim in its February 21, 2020 Order.

297.    Defendants deny the allegations in paragraph 297 of the Complaint.

298.    Defendants deny the allegations in paragraph 298 of the Complaint.

299.    Defendants deny the allegations in paragraph 299 of the Complaint.

300.    Defendants deny the allegations in paragraph 300 of the Complaint.

301.    Defendants deny the allegations in paragraph 301 of the Complaint.

302.    Defendants deny the allegations in paragraph 302 of the Complaint.

303.    Defendants deny the allegations in paragraph 303 of the Complaint.

304.    Defendants deny the allegations in paragraph 304 of the Complaint.

## COUNT 2 – NEGLIGENCE PER SE

305.    Defendants incorporate their responses to Plaintiffs' allegations.

306.    Defendants deny the allegations in paragraph 306 of the Complaint.

307.    Defendants deny the allegations in paragraph 307 of the Complaint.

308.    Defendants deny the allegations in paragraph 308 of the Complaint.

309.     The allegations in paragraph 309 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 309 of the Complaint.

310.     Defendants deny the allegations in paragraph 310 of the Complaint.

311.     Defendants deny the allegations in paragraph 311 of the Complaint.

## COUNT 3 – BREACH OF CONTRACT

312.     Defendants incorporate their responses to Plaintiffs' allegations.

313.     Defendants deny the allegations in paragraph 313 of the Complaint.

314.     Defendants admit that paragraph 314 purports to quote and describe the contents of some of Marriott's privacy statement. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 314 of the Complaint.

315.     Defendants admit that paragraph 315 purports to quote and describe the contents of some of the terms and conditions governing Marriott's rewards program. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 315 of the Complaint.

316.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 316, and so denies them. Defendants deny the remaining allegations in paragraph 316 of the Complaint.

317.     Defendants deny the allegations in paragraph 317 of the Complaint.

318.     Defendants deny the allegations in paragraph 318 of the Complaint.

319.     Defendants admit that paragraph 319 purports to describe the contents of some of Starwood's online Privacy Statement dated October 14, 2014. That document speaks for itself.

To the extent further response is required, Defendants deny the remaining allegations in paragraph 319 of the Complaint.

320.     Defendants admit that paragraph 320 purports to quote and describe the contents of some of Starwood's online Privacy Statement dated October 14, 2014. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 320 of the Complaint.

321.     Defendants admit that paragraph 321 purports to quote and describe the contents of some of Starwood's online Privacy Statement dated October 14, 2014. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 321 of the Complaint.

322.     Defendants admit that paragraph 322 purports to quote and describe the contents of some of the terms and conditions of Starwood's SPG Program. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 322 of the Complaint.

323.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 323, and so denies them. Defendants deny the remaining allegations in paragraph 323 of the Complaint.

324.     Defendants deny the allegations in paragraph 324 of the Complaint.

325.     Defendants deny the allegations in paragraph 325 of the Complaint.

326.     Defendants deny the allegations in paragraph 326 of the Complaint.

327.     Defendants deny the allegations in paragraph 327 of the Complaint.

328.     Defendants deny the allegations in paragraph 328 of the Complaint.

## COUNT 4 – BREACH OF IMPLIED CONTRACT

329.     Defendants incorporate their responses to Plaintiffs' allegations.

330.   Defendants deny the allegations in paragraph 330 of the Complaint.

331.   Defendants deny the allegations in paragraph 331 of the Complaint.

332.   Defendants deny the allegations in paragraph 332 of the Complaint.

333.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 333, and so denies them. Defendants deny the remaining allegations in paragraph 333 of the Complaint.

334.   Defendants deny the allegations in paragraph 334 of the Complaint.

335.   Defendants deny the allegations in paragraph 335 of the Complaint.

336.   Defendants deny the allegations in paragraph 336 of the Complaint.

## COUNT 5 – UNJUST ENRICHMENT

337.   Non-bellwether allegation.

338.   Non-bellwether allegation.

339.   Non-bellwether allegation.

340.   Non-bellwether allegation.

341.   Non-bellwether allegation.

342.   Non-bellwether allegation.

343.   Non-bellwether allegation.

344.   Non-bellwether allegation.

345.   Non-bellwether allegation.

346.   Non-bellwether allegation.

## COUNT 6 – DECLARATORY JUDGMENT

347.   Non-bellwether allegation.

348.   Non-bellwether allegation.

349.   Non-bellwether allegation.

350.    Non-bellwether allegation.

351.    Non-bellwether allegation.

352.    Non-bellwether allegation.

353.    Non-bellwether allegation.

354.    Non-bellwether allegation.

**COUNT 7 – MARYLAND PERSONAL INFORMATION PROTECTION ACT**

355.    Defendants incorporate their responses to Plaintiffs' allegations.

356.    Paragraph 356 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Commercial Code § 14-3503(a) speaks for itself, and otherwise deny the allegations in paragraph 356 of the Complaint.

357.    Paragraph 357 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Commercial Code § 14-3501 speaks for itself, and otherwise deny the allegations in paragraph 357 of the Complaint.

358.    Paragraph 358 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Commercial Code § 13-101(i) and § 13-303 speak for themselves, and otherwise deny the allegations in paragraph 358 of the Complaint.

359.    Paragraph 359 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Commercial Code § 14-3501(d) and speaks for itself, and otherwise deny the allegations in paragraph 359 of the Complaint.

360.    Defendants deny the allegations in paragraph 360 of the Complaint.

361.    Paragraph 361 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 361 of the Complaint.

362.     Paragraph 362 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Commercial Code § 14-3504(b)(1) speaks for itself.

363.     Paragraph 363 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Commercial Code § 14-3504(b)(2) and § 14-3504(c)(2) speak for themselves.

364.     Paragraph 364 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 364 of the Complaint.

365.     Defendants deny the allegations in paragraph 365 of the Complaint.

366.     Defendants deny the allegations in paragraph 366 of the Complaint.

367.     Defendants deny the allegations in paragraph 367 of the Complaint.

368.     Defendants acknowledge that Plaintiffs seek the relief identified in paragraph 368, but deny that Plaintiffs are entitled to any relief whatsoever and otherwise deny the allegations in paragraph 368 of the Complaint.

### COUNT 8 – MARYLAND CONSUMER PROTECTION ACT

369.     Defendants incorporate their responses to Plaintiffs' allegations.

370.     Paragraph 370 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Code § 13-101(h) speaks for itself, and otherwise deny the allegations in paragraph 370 of the Complaint.

371.     Paragraph 371 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Code § 13-101(i) and § 13-303 speak for themselves, and otherwise deny the allegations in paragraph 371 of the Complaint.

372.     Paragraph 372 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Code § 13-101(c) speaks for itself, and otherwise deny the allegations in paragraph 372 of the Complaint.

373.     Paragraph 373 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Maryland Code § 13-101(d) speaks for itself, and otherwise deny the allegations in paragraph 373 of the Complaint.

374.     Defendants admit the allegations in paragraph 374 of the Complaint.

375.     Defendants deny the allegations in paragraph 375 of the Complaint.

376.     Defendants deny the allegations in paragraph 376 of the Complaint.

377.     Defendants deny the allegations in paragraph 377 of the Complaint.

378.     Defendants deny the allegations in paragraph 378 of the Complaint.

379.     Defendants deny the allegations in paragraph 379 of the Complaint.

380.     Defendants deny the allegations in paragraph 380 of the Complaint.

381.     Defendants deny the allegations in paragraph 381 of the Complaint.

382.     Defendants acknowledge that Plaintiffs seek the relief identified in paragraph 382, but deny that Plaintiffs are entitled to any relief whatsoever and otherwise deny the allegations in paragraph 382 of the Complaint.

### COUNT 9 – ALABAMA DECEPTIVE TRADE PRACTICES ACT

383.     Non-bellwether allegation.

384.     Non-bellwether allegation.

385.     Non-bellwether allegation.

386.     Non-bellwether allegation.

387.     Non-bellwether allegation.

388.     Non-bellwether allegation.

389.   Non-bellwether allegation.

390.   Non-bellwether allegation.

391.   Non-bellwether allegation.

392.   Non-bellwether allegation.

393.   Non-bellwether allegation.

394.   Non-bellwether allegation.

395.   Non-bellwether allegation.

396.   Non-bellwether allegation.

**COUNT 10 – PERSONAL INFORMTION PROTECTION ACT (ALASKA)**

397.   Non-bellwether allegation.

398.   Non-bellwether allegation.

399.   Non-bellwether allegation.

400.   Non-bellwether allegation.

401.   Non-bellwether allegation.

402.   Non-bellwether allegation.

403.   Non-bellwether allegation.

404.   Non-bellwether allegation.

405.   Non-bellwether allegation.

406.   Non-bellwether allegation.

**COUNT 11 – ALASKA CONSUMER PROTECTION ACT**

407.   Non-bellwether allegation.

408.   Non-bellwether allegation.

409.   Non-bellwether allegation.

410.   Non-bellwether allegation.

411.    Non-bellwether allegation.

412.    Non-bellwether allegation.

413.    Non-bellwether allegation.

414.    Non-bellwether allegation.

415.    Non-bellwether allegation.

416.    Non-bellwether allegation.

## COUNT 12 – ARIZONA CONSUMER FRAUD ACT

417.    Non-bellwether allegation.

418.    Non-bellwether allegation.

419.    Non-bellwether allegation.

420.    Non-bellwether allegation.

421.    Non-bellwether allegation.

422.    Non-bellwether allegation.

423.    Non-bellwether allegation.

424.    Non-bellwether allegation.

425.    Non-bellwether allegation.

426.    Non-bellwether allegation.

## COUNT 13 -ARKANSAS DECEPTIVE TRADE PRACTICES ACT

427.    Non-bellwether allegation.

428.    Non-bellwether allegation.

429.    Non-bellwether allegation.

430.    Non-bellwether allegation.

431.    Non-bellwether allegation.

432.    Non-bellwether allegation.

433.    Non-bellwether allegation.

434.    Non-bellwether allegation.

435.    Non-bellwether allegation.

436.    Non-bellwether allegation.

437.    Non-bellwether allegation.

438.    Non-bellwether allegation.

439.    Non-bellwether allegation.

## COUNT 14 – CALIFORNIA CUSTOMER RECORDS ACT

440.    Non-bellwether allegation.

441.    Non-bellwether allegation.

442.    Non-bellwether allegation.

443.    Non-bellwether allegation.

444.    Non-bellwether allegation.

445.    Non-bellwether allegation.

446.    Non-bellwether allegation.

447.    Non-bellwether allegation.

448.    Non-bellwether allegation.

449.    Non-bellwether allegation.

## COUNT 15 – CALIFORNIA UNFAIR COMPETITION LAW

450.    Defendants incorporate their responses to Plaintiffs' allegations.

451.    Paragraph 451 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that California Business & Professions Code § 17201 speaks for itself, and otherwise deny the allegations in paragraph 451 of the Complaint.

452.    Defendants deny the allegations in paragraph 452 of the Complaint.

453.    Defendants deny the allegations in paragraph 453 of the Complaint.

454.    Defendants deny the allegations in paragraph 454 of the Complaint.

455.    Defendants deny the allegations in paragraph 455 of the Complaint.

456.    Defendants deny the allegations in paragraph 456 of the Complaint.

457.    Defendants deny the allegations in paragraph 457 of the Complaint.

458.    Defendants deny the allegations in paragraph 458 of the Complaint.

459.    Defendants deny the allegations in paragraph 459 of the Complaint.

### COUNT 16 – CALIFORNIA CONSUMER LEGAL REMEDIES ACT

460.    Non-bellwether allegation.

461.    Non-bellwether allegation.

462.    Non-bellwether allegation.

463.    Non-bellwether allegation.

464.    Non-bellwether allegation.

465.    Non-bellwether allegation.

466.    Non-bellwether allegation.

467.    Non-bellwether allegation.

468.    Non-bellwether allegation.

469.    Non-bellwether allegation.

470.    Non-bellwether allegation.

471.    Non-bellwether allegation.

### COUNT 17 – COLORADO SECURITY BREACH NOTIFICATION ACT

472.    Non-bellwether allegation.

473.    Non-bellwether allegation.

474.    Non-bellwether allegation.

475.    Non-bellwether allegation.

476.    Non-bellwether allegation.

477.    Non-bellwether allegation.

478.    Non-bellwether allegation.

479.    Non-bellwether allegation.

## COUNT 18 – COLORADO CONSUMER PROTECTION ACT

480.    Non-bellwether allegation.

481.    Non-bellwether allegation.

482.    Non-bellwether allegation.

483.    Non-bellwether allegation.

484.    Non-bellwether allegation.

485.    Non-bellwether allegation.

486.    Non-bellwether allegation.

487.    Non-bellwether allegation.

488.    Non-bellwether allegation.

489.    Non-bellwether allegation.

490.    Non-bellwether allegation.

491.    Non-bellwether allegation.

492.    Non-bellwether allegation.

## COUNT 19 – CONNECTICUT UNFAIR TRADE PRACTICES ACT

493.    Non-bellwether allegation.

494.    Non-bellwether allegation.

495.    Non-bellwether allegation.

496.    Non-bellwether allegation.

497.    Non-bellwether allegation.

498.    Non-bellwether allegation.

499.    Non-bellwether allegation.

500.    Non-bellwether allegation.

501.    Non-bellwether allegation.

502.    Non-bellwether allegation.

503.    Non-bellwether allegation.

504.    Non-bellwether allegation.

505.    Non-bellwether allegation.

506.    Non-bellwether allegation.

507.    Non-bellwether allegation.

## COUNT 20 – DELAWARE COMPUTER SECURITY BREACH ACT

508.    Non-bellwether allegation.

509.    Non-bellwether allegation.

510.    Non-bellwether allegation.

511.    Non-bellwether allegation.

512.    Non-bellwether allegation.

513.    Non-bellwether allegation.

514.    Non-bellwether allegation.

515.    Non-bellwether allegation.

## COUNT 21 – DELAWARE CONSUMER FRAUD ACT

516.    Non-bellwether allegation.

517.    Non-bellwether allegation.

518.    Non-bellwether allegation.

519.     Non-bellwether allegation.

520.     Non-bellwether allegation.

521.     Non-bellwether allegation.

522.     Non-bellwether allegation.

523.     Non-bellwether allegation.

524.     Non-bellwether allegation.

525.     Non-bellwether allegation.

## COUNT 22 – DISTRICT OF COLUMBIA CONSUMER SECURITY BREACH NOTIFICATION ACT

526.     Non-bellwether allegation.

527.     Non-bellwether allegation.

528.     Non-bellwether allegation.

529.     Non-bellwether allegation.

530.     Non-bellwether allegation.

531.     Non-bellwether allegation.

532.     Non-bellwether allegation.

533.     Non-bellwether allegation.

## COUNT 23 – DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT

534.     Non-bellwether allegation.

535.     Non-bellwether allegation.

536.     Non-bellwether allegation.

537.     Non-bellwether allegation.

538.     Non-bellwether allegation.

539.     Non-bellwether allegation.

540.    Non-bellwether allegation.

541.    Non-bellwether allegation.

542.    Non-bellwether allegation.

543.    Non-bellwether allegation.

544.    Non-bellwether allegation.

545.    Non-bellwether allegation.

546.    Non-bellwether allegation.

**COUNT 24 – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

547.    Non-bellwether allegation.

548.    Non-bellwether allegation.

549.    Non-bellwether allegation.

550.    Non-bellwether allegation.

551.    Non-bellwether allegation.

552.    Non-bellwether allegation.

553.    Non-bellwether allegation.

554.    Non-bellwether allegation.

**COUNT 25 – GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT**

555.    Non-bellwether allegation.

556.    Non-bellwether allegation.

557.    Non-bellwether allegation.

558.    Non-bellwether allegation.

559.    Non-bellwether allegation.

560.    Non-bellwether allegation.

561.    Non-bellwether allegation.

562.    Non-bellwether allegation.

563.    Non-bellwether allegation.

564.    Non-bellwether allegation.

565.    Non-bellwether allegation.

### COUNT 26 – RECOVERY OF EXPENSES OF LITIGATION

566.    Non-bellwether allegation.

567.    Non-bellwether allegation.

568.    Non-bellwether allegation.

569.    Non-bellwether allegation.

### COUNT 27 – HAWAII SECURITY BREACH NOTIFICATION ACT

570.    Non-bellwether allegation.

571.    Non-bellwether allegation.

572.    Non-bellwether allegation.

573.    Non-bellwether allegation.

574.    Non-bellwether allegation.

575.    Non-bellwether allegation.

576.    Non-bellwether allegation.

577.    Non-bellwether allegation.

578.    Non-bellwether allegation.

579.    Non-bellwether allegation.

### COUNT 28 – HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION ACT

580.    Non-bellwether allegation.

581.    Non-bellwether allegation.

582.    Non-bellwether allegation.

583.    Non-bellwether allegation.

584.    Non-bellwether allegation.

585.    Non-bellwether allegation.

586.    Non-bellwether allegation.

587.    Non-bellwether allegation.

588.    Non-bellwether allegation.

589.    Non-bellwether allegation.

590.    Non-bellwether allegation.

## COUNT 29 – HAWAII UNIFORM DECEPTIVE TRADE PRACTICES ACT

591.    Non-bellwether allegation.

592.    Non-bellwether allegation.

593.    Non-bellwether allegation.

594.    Non-bellwether allegation.

595.    Non-bellwether allegation.

596.    Non-bellwether allegation.

597.    Non-bellwether allegation.

598.    Non-bellwether allegation.

## COUNT 30 – IDAHO CONSUMER PROTECTION ACT

599.    Non-bellwether allegation.

600.    Non-bellwether allegation.

601.    Non-bellwether allegation.

602.    Non-bellwether allegation.

603.    Non-bellwether allegation.

604.    Non-bellwether allegation.

605.   Non-bellwether allegation.

606.   Non-bellwether allegation.

607.   Non-bellwether allegation.

608.   Non-bellwether allegation.

609.   Non-bellwether allegation.

## COUNT 31 – ILLINOIS PERSONAL INFORMATION ACT

610.   Non-bellwether allegation.

611.   Non-bellwether allegation.

612.   Non-bellwether allegation.

613.   Non-bellwether allegation.

614.   Non-bellwether allegation.

615.   Non-bellwether allegation.

616.   Non-bellwether allegation.

617.   Non-bellwether allegation.

## COUNT 32 – ILLINOIS CONSUMER FRAUD ACT

618.   Non-bellwether allegation.

619.   Non-bellwether allegation.

620.   Non-bellwether allegation.

621.   Non-bellwether allegation.

622.   Non-bellwether allegation.

623.   Non-bellwether allegation.

624.   Non-bellwether allegation.

625.   Non-bellwether allegation.

626.   Non-bellwether allegation.

627.    Non-bellwether allegation.

628.    Non-bellwether allegation.

## COUNT 33 – ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

629.    Non-bellwether allegation.

630.    Non-bellwether allegation.

631.    Non-bellwether allegation.

632.    Non-bellwether allegation.

633.    Non-bellwether allegation.

634.    Non-bellwether allegation.

635.    Non-bellwether allegation.

636.    Non-bellwether allegation.

## COUNT 34 – INDIANA DECEPTIVE CONSUMER SALES ACT

637.    Non-bellwether allegation.

638.    Non-bellwether allegation.

639.    Non-bellwether allegation.

640.    Non-bellwether allegation.

641.    Non-bellwether allegation.

642.    Non-bellwether allegation.

643.    Non-bellwether allegation.

644.    Non-bellwether allegation.

645.    Non-bellwether allegation.

646.    Non-bellwether allegation.

647.    Non-bellwether allegation.

648.    Non-bellwether allegation.

649.    Non-bellwether allegation.

650.    Non-bellwether allegation.

651.    Non-bellwether allegation.

652.    Non-bellwether allegation.

653.    Non-bellwether allegation.

654.    Non-bellwether allegation.

655.    Non-bellwether allegation.

656.    Non-bellwether allegation.

657.    Non-bellwether allegation.

658.    Non-bellwether allegation.

659.    Non-bellwether allegation.

**COUNT 35 – PERSONAL INFORMATION SECURITY BREACH PROTECTION LAW**

660.    Non-bellwether allegation.

661.    Non-bellwether allegation.

662.    Non-bellwether allegation.

663.    Non-bellwether allegation.

664.    Non-bellwether allegation.

665.    Non-bellwether allegation.

666.    Non-bellwether allegation.

667.    Non-bellwether allegation.

668.    Non-bellwether allegation.

**COUNT 36 – IOWA PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUD**

669.    Non-bellwether allegation.

670.    Non-bellwether allegation.

671.    Non-bellwether allegation.

672.    Non-bellwether allegation.

673.    Non-bellwether allegation.

674.    Non-bellwether allegation.

675.    Non-bellwether allegation.

676.    Non-bellwether allegation.

677.    Non-bellwether allegation.

678.    Non-bellwether allegation.

679.    Non-bellwether allegation.

## COUNT 37 – PROTECTION OF CONSUMER INFORMATION

680.    Non-bellwether allegation.

681.    Non-bellwether allegation.

682.    Non-bellwether allegation.

683.    Non-bellwether allegation.

684.    Non-bellwether allegation.

685.    Non-bellwether allegation.

686.    Non-bellwether allegation.

687.    Non-bellwether allegation.

## COUNT 38 – KANSAS CONSUMER PROTECTION ACT

688.    Non-bellwether allegation.

689.    Non-bellwether allegation.

690.    Non-bellwether allegation.

691.    Non-bellwether allegation.

692.    Non-bellwether allegation.

693.    Non-bellwether allegation.

694.    Non-bellwether allegation.

695.    Non-bellwether allegation.

696.    Non-bellwether allegation.

697.    Non-bellwether allegation.

698.    Non-bellwether allegation.

699.    Non-bellwether allegation.

700.    Non-bellwether allegation.

701.    Non-bellwether allegation.

702.    Non-bellwether allegation.

703.    Non-bellwether allegation.

**COUNT 39 – KENTUCKY COMPUTER SECURITY BREACH NOTIFICATION ACT**

704.    Non-bellwether allegation.

705.    Non-bellwether allegation.

706.    Non-bellwether allegation.

707.    Non-bellwether allegation.

708.    Non-bellwether allegation.

709.    Non-bellwether allegation.

710.    Non-bellwether allegation.

711.    Non-bellwether allegation.

**COUNT 40 – KENTUCKY CONSUMER PROTECTION ACT**

712.    Non-bellwether allegation.

713.    Non-bellwether allegation.

714.    Non-bellwether allegation.

715.    Non-bellwether allegation.

716.    Non-bellwether allegation.

717.    Non-bellwether allegation.

718.    Non-bellwether allegation.

719.    Non-bellwether allegation.

720.    Non-bellwether allegation.

721.    Non-bellwether allegation.

722.    Non-bellwether allegation.

**COUNT 41 – DATABASE SECURITY BREACH NOTIFICATION LAW**

723.    Non-bellwether allegation.

724.    Non-bellwether allegation.

725.    Non-bellwether allegation.

726.    Non-bellwether allegation.

727.    Non-bellwether allegation.

728.    Non-bellwether allegation.

729.    Non-bellwether allegation.

730.    Non-bellwether allegation.

**COUNT 42 – LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER
PROTECTION ACT**

731.    Non-bellwether allegation.

732.    Non-bellwether allegation.

733.    Non-bellwether allegation.

734.    Non-bellwether allegation.

735.    Non-bellwether allegation.

736.   Non-bellwether allegation.

737.   Non-bellwether allegation.

738.   Non-bellwether allegation.

739.   Non-bellwether allegation.

740.   Non-bellwether allegation.

741.   Non-bellwether allegation.

742.   Non-bellwether allegation.

743.   Non-bellwether allegation.

## COUNT 43 – MAINE UNFAIR TRADE PRACTICES ACT

744.   Non-bellwether allegation.

745.   Non-bellwether allegation.

746.   Non-bellwether allegation.

747.   Non-bellwether allegation.

748.   Non-bellwether allegation.

749.   Non-bellwether allegation.

750.   Non-bellwether allegation.

751.   Non-bellwether allegation.

752.   Non-bellwether allegation.

753.   Non-bellwether allegation.

## COUNT 44 – MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT

754.   Non-bellwether allegation.

755.   Non-bellwether allegation.

756.   Non-bellwether allegation.

757.   Non-bellwether allegation.

758.    Non-bellwether allegation.

759.    Non-bellwether allegation.

760.    Non-bellwether allegation.

761.    Non-bellwether allegation.

762.    Non-bellwether allegation.

763.    Non-bellwether allegation.

764.    Non-bellwether allegation.

### COUNT 45 – MASSACHUSETTS CONSUMER PROTECTION ACT

765.    Non-bellwether allegation.

766.    Non-bellwether allegation.

767.    Non-bellwether allegation.

768.    Non-bellwether allegation.

769.    Non-bellwether allegation.

770.    Non-bellwether allegation.

771.    Non-bellwether allegation.

772.    Non-bellwether allegation.

773.    Non-bellwether allegation.

774.    Non-bellwether allegation.

775.    Non-bellwether allegation.

776.    Non-bellwether allegation.

777.    Non-bellwether allegation.

### COUNT 46 – MICHIGAN IDENTITY THEFT PROTECTION ACT

778.    Defendants incorporate their responses to Plaintiffs' allegations.

779.     Paragraph 779 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Michigan Comp. Laws § 445.72(l) speaks for itself, and otherwise deny the allegations in paragraph 779 of the Complaint.

780.     Paragraph 780 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Michigan Comp. Laws § 445.72(l) speaks for itself, and otherwise deny the allegations in paragraph 780 of the Complaint.

781.     Paragraph 781 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Michigan Comp. Laws § 445.72(l) speaks for itself, and otherwise deny the allegations in paragraph 781 of the Complaint.

782.     Paragraph 782 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Michigan Comp. Laws § 445.72(4) speaks for itself, and otherwise deny the allegations in paragraph 782 of the Complaint.

783.     Defendants deny the allegations in paragraph 783of the Complaint.

784.     Defendants deny the allegations in paragraph 784 of the Complaint.

785.     Defendants acknowledge that Plaintiffs seek the relief identified in paragraph 785, but deny that Plaintiffs are entitled to any relief whatsoever and otherwise deny the allegations in paragraph 785 of the Complaint.

### COUNT 47 – MICHIGAN CONSUMER PROTECTION ACT

786.     Non-bellwether allegation.

787.     Non-bellwether allegation.

788.     Non-bellwether allegation.

789.     Non-bellwether allegation.

790.     Non-bellwether allegation.

791.     Non-bellwether allegation.

792.    Non-bellwether allegation.

793.    Non-bellwether allegation.

794.    Non-bellwether allegation.

795.    Non-bellwether allegation.

## COUNT 48 – MINNESOTA CONSUMER FRAUD ACT

796.    Non-bellwether allegation.

797.    Non-bellwether allegation.

798.    Non-bellwether allegation.

799.    Non-bellwether allegation.

800.    Non-bellwether allegation.

801.    Non-bellwether allegation.

802.    Non-bellwether allegation.

803.    Non-bellwether allegation.

804.    Non-bellwether allegation.

805.    Non-bellwether allegation.

## COUNT 49 – MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT

806.    Non-bellwether allegation.

807.    Non-bellwether allegation.

808.    Non-bellwether allegation.

809.    Non-bellwether allegation.

810.    Non-bellwether allegation.

811.    Non-bellwether allegation.

812.    Non-bellwether allegation.

813.    Non-bellwether allegation.

814.    Non-bellwether allegation.

## COUNT 50 – MISSISSIPPI CONSUMER PROTECTION ACT

815.    Non-bellwether allegation.

816.    Non-bellwether allegation.

817.    Non-bellwether allegation.

818.    Non-bellwether allegation.

819.    Non-bellwether allegation.

820.    Non-bellwether allegation.

821.    Non-bellwether allegation.

822.    Non-bellwether allegation.

823.    Non-bellwether allegation.

824.    Non-bellwether allegation.

825.    Non-bellwether allegation.

826.    Non-bellwether allegation.

827.    Non-bellwether allegation.

828.    Non-bellwether allegation.

## COUNT 51 – MISSOURI MERCHANDISING PRACTICES ACT

829.    Non-bellwether allegation.

830.    Non-bellwether allegation.

831.    Non-bellwether allegation.

832.    Non-bellwether allegation.

833.    Non-bellwether allegation.

834.    Non-bellwether allegation.

835.    Non-bellwether allegation.

836.    Non-bellwether allegation.

837.    Non-bellwether allegation.

838.    Non-bellwether allegation.

## COUNT 52 – COMPUTER SECURITY BREACH LAW

839.    Non-bellwether allegation.

840.    Non-bellwether allegation.

841.    Non-bellwether allegation.

842.    Non-bellwether allegation.

843.    Non-bellwether allegation.

844.    Non-bellwether allegation.

845.    Non-bellwether allegation.

846.    Non-bellwether allegation.

847.    Non-bellwether allegation.

## COUNT 53 – MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

848.    Non-bellwether allegation.

849.    Non-bellwether allegation.

850.    Non-bellwether allegation.

851.    Non-bellwether allegation.

852.    Non-bellwether allegation.

853.    Non-bellwether allegation.

854.    Non-bellwether allegation.

855.    Non-bellwether allegation.

856.    Non-bellwether allegation.

857.  Non-bellwether allegation.

858.  Non-bellwether allegation.

## COUNT 54 – NEBRASKA CONSUMER PROTECTION ACT

859.  Non-bellwether allegation.

860.  Non-bellwether allegation.

861.  Non-bellwether allegation.

862.  Non-bellwether allegation.

863.  Non-bellwether allegation.

864.  Non-bellwether allegation.

865.  Non-bellwether allegation.

866.  Non-bellwether allegation.

## COUNT 55 – NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT

867.  Non-bellwether allegation.

868.  Non-bellwether allegation.

869.  Non-bellwether allegation.

870.  Non-bellwether allegation.

871.  Non-bellwether allegation.

872.  Non-bellwether allegation.

873.  Non-bellwether allegation.

874.  Non-bellwether allegation.

875.  Non-bellwether allegation.

876.  Non-bellwether allegation.

877.  Non-bellwether allegation.

878.  Non-bellwether allegation.

## COUNT 56 – NEVADA DECEPTIVE TRADE PRACTICES ACT

879.    Non-bellwether allegation.

880.    Non-bellwether allegation.

881.    Non-bellwether allegation.

882.    Non-bellwether allegation.

883.    Non-bellwether allegation.

884.    Non-bellwether allegation.

885.    Non-bellwether allegation.

886.    Non-bellwether allegation.

887.    Non-bellwether allegation.

## COUNT 57 – NOTICE OF SECURITY BREACH

888.    Non-bellwether allegation.

889.    Non-bellwether allegation.

890.    Non-bellwether allegation.

891.    Non-bellwether allegation.

892.    Non-bellwether allegation.

893.    Non-bellwether allegation.

894.    Non-bellwether allegation.

895.    Non-bellwether allegation.

## COUNT 58 – NEW HAMPSHIRE CONSUMER PROTECTION ACT

896.    Non-bellwether allegation.

897.    Non-bellwether allegation.

898.    Non-bellwether allegation.

899.    Non-bellwether allegation.

900.    Non-bellwether allegation.

901.    Non-bellwether allegation.

902.    Non-bellwether allegation.

903.    Non-bellwether allegation.

904.    Non-bellwether allegation.

## COUNT 59 – NEW JERSEY CUSTOMER SECURITY BREACH DISCLOSURE ACT

905.    Non-bellwether allegation.

906.    Non-bellwether allegation.

907.    Non-bellwether allegation.

908.    Non-bellwether allegation.

909.    Non-bellwether allegation.

910.    Non-bellwether allegation.

911.    Non-bellwether allegation.

912.    Non-bellwether allegation.

## COUNT 60 – NEW JERSEY CONSUMER FRAUD ACT

913.    Non-bellwether allegation.

914.    Non-bellwether allegation.

915.    Non-bellwether allegation.

916.    Non-bellwether allegation.

917.    Non-bellwether allegation.

918.    Non-bellwether allegation.

919.    Non-bellwether allegation.

920.    Non-bellwether allegation.

921.    Non-bellwether allegation.

922.    Non-bellwether allegation.

## COUNT 61 – NEW MEXICO UNFAIR PRACTICES ACT

923.    Non-bellwether allegation.

924.    Non-bellwether allegation.

925.    Non-bellwether allegation.

926.    Non-bellwether allegation.

927.    Non-bellwether allegation.

928.    Non-bellwether allegation.

929.    Non-bellwether allegation.

930.    Non-bellwether allegation.

931.    Non-bellwether allegation.

932.    Non-bellwether allegation.

933.    Non-bellwether allegation.

## COUNT 62 – NEW YORK GENERAL BUSINESS LAW

934.    Defendants incorporate their responses to Plaintiffs' allegations.

935.    Defendants deny the allegations in paragraph 935 of the Complaint.

936.    Defendants deny the allegations in paragraph 936 of the Complaint.

937.    Defendants deny the allegations in paragraph 937 of the Complaint.

938.    Defendants deny the allegations in paragraph 938 of the Complaint.

939.    Defendants deny the allegations in paragraph 939 of the Complaint.

940.    Defendants deny the allegations in paragraph 940 of the Complaint.

941.    Defendants deny the allegations in paragraph 941 of the Complaint.

942.    Defendants acknowledge that Plaintiffs seek the relief identified in paragraph 942, but deny that Plaintiffs are entitled to any relief whatsoever and otherwise deny the allegations in paragraph 942 of the Complaint.

### COUNT 63 – NORTH CAROLINA IDENTITY THEFT PROTECTION ACT

943.    Non-bellwether allegation.

944.    Non-bellwether allegation.

945.    Non-bellwether allegation.

946.    Non-bellwether allegation.

947.    Non-bellwether allegation.

948.    Non-bellwether allegation.

949.    Non-bellwether allegation.

950.    Non-bellwether allegation.

951.    Non-bellwether allegation.

952.    Non-bellwether allegation.

### COUNT 64 – NORTH CAROLINA UNFAIR TRADE PRACTICES ACT

953.    Non-bellwether allegation.

954.    Non-bellwether allegation.

955.    Non-bellwether allegation.

956.    Non-bellwether allegation.

957.    Non-bellwether allegation.

958.    Non-bellwether allegation.

959.    Non-bellwether allegation.

960.    Non-bellwether allegation.

961.    Non-bellwether allegation.

962.   Non-bellwether allegation.

## COUNT 65 – NOTICE OF SECURITY BREACH FOR PERSONAL INFORMATION

963.   Non-bellwether allegation.

964.   Non-bellwether allegation.

965.   Non-bellwether allegation.

966.   Non-bellwether allegation.

967.   Non-bellwether allegation.

968.   Non-bellwether allegation.

969.   Non-bellwether allegation.

970.   Non-bellwether allegation.

971.   Non-bellwether allegation.

## COUNT 66 – NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT

972.   Non-bellwether allegation.

973.   Non-bellwether allegation.

974.   Non-bellwether allegation.

975.   Non-bellwether allegation.

976.   Non-bellwether allegation.

977.   Non-bellwether allegation.

978.   Non-bellwether allegation.

979.   Non-bellwether allegation.

980.   Non-bellwether allegation.

981.   Non-bellwether allegation.

982.   Non-bellwether allegation.

## COUNT 67 – OHIO CONSUMER SALES PRACTICES ACT

983.    Non-bellwether allegation.

984.    Non-bellwether allegation.

985.    Non-bellwether allegation.

986.    Non-bellwether allegation.

987.    Non-bellwether allegation.

988.    Non-bellwether allegation.

989.    Non-bellwether allegation.

990.    Non-bellwether allegation.

991.    Non-bellwether allegation.

992.    Non-bellwether allegation.

993.    Non-bellwether allegation.

994.    Non-bellwether allegation.

995.    Non-bellwether allegation.

## COUNT 68 – OHIO DECEPTIVE TRADE PRACTICES ACT

996.    Non-bellwether allegation.

997.    Non-bellwether allegation.

998.    Non-bellwether allegation.

999.    Non-bellwether allegation.

1000.   Non-bellwether allegation.

1001.   Non-bellwether allegation.

1002.   Non-bellwether allegation.

1003.   Non-bellwether allegation.

1004.   Non-bellwether allegation.

1005.   Non-bellwether allegation.

## COUNT 69 – OKLAHOMA CONSUMER PROTECTION ACT

1006.   Non-bellwether allegation.

1007.   Non-bellwether allegation.

1008.   Non-bellwether allegation.

1009.   Non-bellwether allegation.

1010.   Non-bellwether allegation.

1011.   Non-bellwether allegation.

1012.   Non-bellwether allegation.

1013.   Non-bellwether allegation.

1014.   Non-bellwether allegation.

1015.   Non-bellwether allegation.

1016.   Non-bellwether allegation.

1017.   Non-bellwether allegation.

## COUNT 70 – OREGON CONSUMER IDENTITY THEFT PROTECTION ACT

1018.   Non-bellwether allegation.

1019.   Non-bellwether allegation.

1020.   Non-bellwether allegation.

1021.   Non-bellwether allegation.

1022.   Non-bellwether allegation.

1023.   Non-bellwether allegation.

1024.   Non-bellwether allegation.

1025.   Non-bellwether allegation.

1026.   Non-bellwether allegation.

1027.   Non-bellwether allegation.

1028.   Non-bellwether allegation.

1029.   Non-bellwether allegation.

### COUNT 71 – OREGON UNLAWFUL TRADE PRACTICES ACT

1030.   Non-bellwether allegation.

1031.   Non-bellwether allegation.

1032.   Non-bellwether allegation.

1033.   Non-bellwether allegation.

1034.   Non-bellwether allegation.

1035.   Non-bellwether allegation.

1036.   Non-bellwether allegation.

1037.   Non-bellwether allegation.

1038.   Non-bellwether allegation.

1039.   Non-bellwether allegation.

1040.   Non-bellwether allegation.

1041.   Non-bellwether allegation.

1042.   Non-bellwether allegation.

### COUNT 72 – PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

1043.   Non-bellwether allegation.

1044.   Non-bellwether allegation.

1045.   Non-bellwether allegation.

1046.   Non-bellwether allegation.

1047.   Non-bellwether allegation.

1048.   Non-bellwether allegation.

1049.   Non-bellwether allegation.

1050.   Non-bellwether allegation.

1051.   Non-bellwether allegation.

1052.   Non-bellwether allegation.

1053.   Non-bellwether allegation.

**COUNT 73 – CITIZEN INFORMATION ON DATA BANKS SECURITY ACT**

1054.   Non-bellwether allegation.

1055.   Non-bellwether allegation.

1056.   Non-bellwether allegation.

1057.   Non-bellwether allegation.

1058.   Non-bellwether allegation.

1059.   Non-bellwether allegation.

1060.   Non-bellwether allegation.

1061.   Non-bellwether allegation.

**COUNT 74 – RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT**

1062.   Non-bellwether allegation.

1063.   Non-bellwether allegation.

1064.   Non-bellwether allegation.

1065.   Non-bellwether allegation.

1066.   Non-bellwether allegation.

1067.   Non-bellwether allegation.

1068.   Non-bellwether allegation.

1069.   Non-bellwether allegation.

1070. Non-bellwether allegation.

1071. Non-bellwether allegation.

1072. Non-bellwether allegation.

## COUNT 75 – SOUTH CAROLINA DATA BREACH SECURITY ACT

1073. Non-bellwether allegation.

1074. Non-bellwether allegation.

1075. Non-bellwether allegation.

1076. Non-bellwether allegation.

1077. Non-bellwether allegation.

1078. Non-bellwether allegation.

1079. Non-bellwether allegation.

1080. Non-bellwether allegation.

## COUNT 76 – SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

1081. Non-bellwether allegation.

1082. Non-bellwether allegation.

1083. Non-bellwether allegation.

1084. Non-bellwether allegation.

1085. Non-bellwether allegation.

1086. Non-bellwether allegation.

1087. Non-bellwether allegation.

1088. Non-bellwether allegation.

1089. Non-bellwether allegation.

1090. Non-bellwether allegation.

1091. Non-bellwether allegation.

1092.   Non-bellwether allegation.

1093.   Non-bellwether allegation.

1094.   Non-bellwether allegation.

1095.   Non-bellwether allegation.

1096.   Non-bellwether allegation.

1097.   Non-bellwether allegation.

1098.   Non-bellwether allegation.

1099.   Non-bellwether allegation.

**COUNT 77 – SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT**

1100.   Non-bellwether allegation.

1101.   Non-bellwether allegation.

1102.   Non-bellwether allegation.

1103.   Non-bellwether allegation.

1104.   Non-bellwether allegation.

1105.   Non-bellwether allegation.

1106.   Non-bellwether allegation.

1107.   Non-bellwether allegation.

1108.   Non-bellwether allegation.

1109.   Non-bellwether allegation.

1110.   Non-bellwether allegation.

1111.   Non-bellwether allegation.

**COUNT 78 – TENNESSEE PERSONAL CONSUMER INFORMATION RELEASE ACT**

1112.   Non-bellwether allegation.

1113.   Non-bellwether allegation.

1114.   Non-bellwether allegation.

1115.   Non-bellwether allegation.

1116.   Non-bellwether allegation.

1117.   Non-bellwether allegation.

1118.   Non-bellwether allegation.

1119.   Non-bellwether allegation.

## COUNT 79 – TENNESSEEE CONSUMER PROTECTION ACT

1120.   Non-bellwether allegation.

1121.   Non-bellwether allegation.

1122.   Non-bellwether allegation.

1123.   Non-bellwether allegation.

1124.   Non-bellwether allegation.

1125.   Non-bellwether allegation.

1126.   Non-bellwether allegation.

1127.   Non-bellwether allegation.

1128.   Non-bellwether allegation.

1129.   Non-bellwether allegation.

1130.   Non-bellwether allegation.

1131.   Non-bellwether allegation.

1132.   Non-bellwether allegation.

1133.   Non-bellwether allegation.

1134.   Non-bellwether allegation.

1135.   Non-bellwether allegation.

1136.   Non-bellwether allegation.

1137.   Non-bellwether allegation.

1138.   Non-bellwether allegation.

**COUNT 80 – DECEPTIVE TRADE PRACTICES—CONSUMER PROTECTION ACT**

1139.   Non-bellwether allegation.

1140.   Non-bellwether allegation.

1141.   Non-bellwether allegation.

1142.   Non-bellwether allegation.

1143.   Non-bellwether allegation.

1144.   Non-bellwether allegation.

1145.   Non-bellwether allegation.

1146.   Non-bellwether allegation.

1147.   Non-bellwether allegation.

1148.   Non-bellwether allegation.

1149.   Non-bellwether allegation.

1150.   Non-bellwether allegation.

1151.   Non-bellwether allegation.

1152.   Non-bellwether allegation.

1153.   Non-bellwether allegation.

1154.   Non-bellwether allegation.

1155.   Non-bellwether allegation.

1156.   Non-bellwether allegation.

**COUNT 81 – UTAH CONSUMER SALES PRACTICES ACT**

1157.   Non-bellwether allegation.

1158.   Non-bellwether allegation.

1159.   Non-bellwether allegation.

1160.   Non-bellwether allegation.

1161.   Non-bellwether allegation.

1162.   Non-bellwether allegation.

1163.   Non-bellwether allegation.

1164.   Non-bellwether allegation.

1165.   Non-bellwether allegation.

1166.   Non-bellwether allegation.

1167.   Non-bellwether allegation.

1168.   Non-bellwether allegation.

1169.   Non-bellwether allegation.

1170.   Non-bellwether allegation.

1171.   Non-bellwether allegation.

**COUNT 82 – VERMONT CONSUMER FRAUD ACT**

1172.   Non-bellwether allegation.

1173.   Non-bellwether allegation.

1174.   Non-bellwether allegation.

1175.   Non-bellwether allegation.

1176.   Non-bellwether allegation.

1177.   Non-bellwether allegation.

1178.   Non-bellwether allegation.

1179.   Non-bellwether allegation.

1180.   Non-bellwether allegation.

1181.   Non-bellwether allegation.

1182.   Non-bellwether allegation.

1183.   Non-bellwether allegation.

1184.   Non-bellwether allegation.

1185.   Non-bellwether allegation.

1186.   Non-bellwether allegation.

1187.   Non-bellwether allegation.

1188.   Non-bellwether allegation.

1189.   Non-bellwether allegation.

1190.   Non-bellwether allegation.

### COUNT 83 – IDENTITY THEFT PREVENTION ACT

1191.   Non-bellwether allegation.

1192.   Non-bellwether allegation.

1193.   Non-bellwether allegation.

1194.   Non-bellwether allegation.

1195.   Non-bellwether allegation.

1196.   Non-bellwether allegation.

1197.   Non-bellwether allegation.

1198.   Non-bellwether allegation.

### COUNT 84 – VIRGIN ISALNDS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

1199.   Non-bellwether allegation.

1200.   Non-bellwether allegation.

1201.   Non-bellwether allegation.

1202.   Non-bellwether allegation.

1203.   Non-bellwether allegation.

1204.   Non-bellwether allegation.

1205.   Non-bellwether allegation.

1206.   Non-bellwether allegation.

1207.   Non-bellwether allegation.

1208.   Non-bellwether allegation.

1209.   Non-bellwether allegation.

1210.   Non-bellwether allegation.

1211.   Non-bellwether allegation.

1212.   Non-bellwether allegation.

1213.   Non-bellwether allegation.

1214.   Non-bellwether allegation.

1215.   Non-bellwether allegation.

### COUNT 85 – VIRGIN ISLANDS CONSUMER PROTECTION LAW

1216.   Non-bellwether allegation.

1217.   Non-bellwether allegation.

1218.   Non-bellwether allegation.

1219.   Non-bellwether allegation.

1220.   Non-bellwether allegation.

1221.   Non-bellwether allegation.

1222.   Non-bellwether allegation.

1223.   Non-bellwether allegation.

1224.   Non-bellwether allegation.

1225.   Non-bellwether allegation.

1226.   Non-bellwether allegation.

1227.   Non-bellwether allegation.

1228.   Non-bellwether allegation.

1229.   Non-bellwether allegation.

**COUNT 86 – VIRGINIA PERSONAL INFORMATION BREACH NOTIFICATION ACT**

1230.   Non-bellwether allegation.

1231.   Non-bellwether allegation.

1232.   Non-bellwether allegation.

1233.   Non-bellwether allegation.

1234.   Non-bellwether allegation.

1235.   Non-bellwether allegation.

1236.   Non-bellwether allegation.

1237.   Non-bellwether allegation.

**COUNT 87 – VIRGINIA CONSUMER PROTECTION ACT**

1238.   Non-bellwether allegation.

1239.   Non-bellwether allegation.

1240.   Non-bellwether allegation.

1241.   Non-bellwether allegation.

1242.   Non-bellwether allegation.

1243.   Non-bellwether allegation.

1244.   Non-bellwether allegation.

1245.   Non-bellwether allegation.

1246.   Non-bellwether allegation.

1247.   Non-bellwether allegation.

1248.   Non-bellwether allegation.

1249.   Non-bellwether allegation.

1250.   Non-bellwether allegation.

1251.   Non-bellwether allegation.

1252.   Non-bellwether allegation.

## COUNT 88 – WASHINGTON DATA BREACH NOTICE ACT

1253.   Non-bellwether allegation.

1254.   Non-bellwether allegation.

1255.   Non-bellwether allegation.

1256.   Non-bellwether allegation.

1257.   Non-bellwether allegation.

1258.   Non-bellwether allegation.

1259.   Non-bellwether allegation.

1260.   Non-bellwether allegation.

## COUNT 89 – WASHINGTON CONSUMER PROTECTION ACT

1261.   Non-bellwether allegation.

1262.   Non-bellwether allegation.

1263.   Non-bellwether allegation.

1264.   Non-bellwether allegation.

1265.   Non-bellwether allegation.

1266.   Non-bellwether allegation.

1267.   Non-bellwether allegation.

1268.   Non-bellwether allegation.

1269.   Non-bellwether allegation.

## COUNT 90 – WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

1270.   Non-bellwether allegation.

1271.   Non-bellwether allegation.

1272.   Non-bellwether allegation.

1273.   Non-bellwether allegation.

1274.   Non-bellwether allegation.

1275.   Non-bellwether allegation.

1276.   Non-bellwether allegation.

1277.   Non-bellwether allegation.

1278.   Non-bellwether allegation.

1279.   Non-bellwether allegation.

1280.   Non-bellwether allegation.

1281.   Non-bellwether allegation.

1282.   Non-bellwether allegation.

1283.   Non-bellwether allegation.

1284.   Non-bellwether allegation.

1285.   Non-bellwether allegation.

1286.   Non-bellwether allegation.

1287.   Non-bellwether allegation.

1288.   Non-bellwether allegation.

1289.   Non-bellwether allegation.

1290.   Non-bellwether allegation.

1291.   Non-bellwether allegation.

## COUNT 91 – NOTICE OF UNAUTHORIZED ACQUISITION
## OF PERSONAL INFORMATION

1292.   Non-bellwether allegation.

1293.   Non-bellwether allegation.

1294.   Non-bellwether allegation.

1295.   Non-bellwether allegation.

1296.   Non-bellwether allegation.

1297.   Non-bellwether allegation.

1298.   Non-bellwether allegation.

1299.   Non-bellwether allegation.

## COUNT 92 – WISCONSIN DECEPTIVE TRADE PRACTICES ACT

1300.   Non-bellwether allegation.

1301.   Non-bellwether allegation.

1302.   Non-bellwether allegation.

1303.   Non-bellwether allegation.

1304.   Non-bellwether allegation.

1305.   Non-bellwether allegation.

1306.   Non-bellwether allegation.

1307.   Non-bellwether allegation.

1308.   Non-bellwether allegation.

1309.   Non-bellwether allegation.

1310.   Non-bellwether allegation.

1311.   Non-bellwether allegation.

1312.   Non-bellwether allegation.

1313.   Non-bellwether allegation.

**COUNT 93 – COMPUTER SECURITY BREACH; NOTICE TO AFFECTED PERSONS**

1314.   Non-bellwether allegation.

1315.   Non-bellwether allegation.

1316.   Non-bellwether allegation.

1317.   Non-bellwether allegation.

1318.   Non-bellwether allegation.

1319.   Non-bellwether allegation.

1320.   Non-bellwether allegation.

1321.   Non-bellwether allegation.

**COUNT 94 – WYOMING CONSUMER PROTECTION ACT**

1322.   Non-bellwether allegation.

1323.   Non-bellwether allegation.

1324.   Non-bellwether allegation.

1325.   Non-bellwether allegation.

1326.   Non-bellwether allegation.

1327.   Non-bellwether allegation.

1328.   Non-bellwether allegation.

1329.   Non-bellwether allegation.

1330.   Non-bellwether allegation.

1331.   Non-bellwether allegation.

1332.   Non-bellwether allegation.

1333.   Non-bellwether allegation.

1334.   Non-bellwether allegation.

1335.   Non-bellwether allegation.

1336.   Non-bellwether allegation.

1337.   Non-bellwether allegation.

1338.   Non-bellwether allegation.

1339.   Non-bellwether allegation.

1340.   Non-bellwether allegation.

## CLAIMS AGAINST ACCENTURE

### COUNT 95 - NEGLIGENCE

1341 - 1349. This claim is directed to Defendant Accenture and thus no response is required from Defendants.

### COUNT 96 – NEGLIGENCE PER SE

1350 – 1356. This claim is directed to Defendant Accenture and thus no response is required from Defendants.

### RESPONSE TO REQUEST FOR RELIEF

Defendants deny that plaintiffs are entitled to any of the relief requested in their Request for Relief, and deny every allegation not expressly admitted.

### DEMAND FOR JURY TRIAL

Plaintiffs' demand for a jury trial does not require an answer. Defendants also demand a jury trial of all claims so triable.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing under Article III.

### THIRD DEFENSE

Plaintiffs' claims are barred because they have not suffered any harm, injury, or damage as a result of the data security incident involving Starwood's guest reservation database.

### FOURTH DEFENSE

Plaintiffs' claims for which they failed to mitigate damages are barred in whole or in part.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of intervening or superseding causation, including in part, because any alleged damages claimed to have been suffered in the Complaint were caused by the third-party criminals who attacked Starwood's guest reservation database and not by Defendants.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or ratification, as Plaintiffs may have, whether through their own actions or otherwise, given up their rights to assert the claims alleged in the Complaint.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the defense of good faith because at all times Defendants acted in good faith and in compliance with any applicable law.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the defense of setoff where plaintiffs received compensation or reimbursement from other sources for injury alleged as a result of the data security incident involving Starwood's guest reservation database.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory negligence in that its own negligent actions, or those of a known or unknown third party, contributed to any alleged damages Plaintiffs claim to have suffered in the Complaint.

## TENTH DEFENSE

Plaintiffs' recovery, if any, should be diminished by the proportion of Plaintiffs' own negligence or fault, or the negligence or fault of third parties, under the doctrine of comparative fault.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the lack of actual or proximate causation.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because its alleged damages were not reasonably foreseeable.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because Defendants do not owe a statutory or common law duty to Plaintiffs.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred by the economic loss doctrine.

**FIFTEENTH DEFENSE**

Plaintiffs' claims may not be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**SIXTEENTH DEFENSE**

Plaintiffs' claims based on alleged misconduct that occurred outside the applicable limitations period are barred by the statute of limitations.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims based on alleged promises or statements that were not reduced to writing are barred by the statute of frauds.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk, in that electronically stored information is always at risk for theft by sophisticated cyber-criminals, regardless of what steps any company takes to prevent against it.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, because they have failed to join necessary and indispensable parties to this action.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or part, by the doctrine of election of remedies, because they seek inconsistent and conflicting relief that will more than make them whole.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by a failure of consideration for any purported implied contract for data security and/or data protection as alleged in the complaint.

**TWENTY-SECOND DEFENSE**

Plaintiffs' state law consumer protection claims are barred because Defendants' conduct did not rise to the level of being unfair, abusive, deceptive, or unlawful, and Defendants' conduct was not immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or part, because they have not been damaged by the conduct alleged in the complaint, and to the extent Plaintiffs suffered any damages, those damages were due to their own fault.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' state consumer fraud statutes are barred, in whole or in part, because they require extraterritorial application of those statutes.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims fail where the statutes or regulations upon which Plaintiffs rely do not provide individuals with a private right of action, including but not limited to Section 5 of the Federal Trade Commission Act and any state statutes which provide no private right of action or basis for any negligence *per se* claim.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims for damages against Defendants must be reduced, in whole or part, by an appropriate set off if Plaintiffs or certain of them owe or have due any amounts to Defendants as of the time of any judgment entered in this case.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' state law consumer protection claims are barred to the extent they lack statutory standing to assert them.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred because Defendants are not liable for the acts or omissions of co-defendant Accenture under an agency theory or otherwise.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, if they failed to exercise due care and diligence to avoid loss or minimize any damages allegedly sustained.

### THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the safe harbor provided in statutes asserted by plaintiffs in this action.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they made their Personal Information public or that information was made public in other data security incidents.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their agreement to limit Defendants' liability.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred in this jurisdiction, in whole or in part, by their agreement to waive participation in a class action.

### OTHER DEFENSES

Discovery is ongoing in this case and thus Defendants reserve the right to assert any additional defenses that might come to their attention or might be developed during this action, whether as a matter of right or by leave of Court. Additionally, Defendants reserve the right to assert additional defenses should the claims in this case expand beyond those in the bellwether proceedings.

\*       \*       \*       \*       \*

Having answered the Complaint and asserted its affirmative defenses, Defendants request

that the Court enter judgment for Defendants on plaintiffs' claims and award Defendants their

costs for defending this action, including interest and attorney's fees, and any other relief that the

Court deems just or proper.


Date: August 3, 2020

/s/ Lisa M. Ghannoum
Daniel R. Warren (*pro hac vice*)
Lisa M. Ghannoum (*pro hac vice*)
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114
Tel: 216.621.0200
Fax: 216.696.0740
Email: dwarren@bakerlaw.com
Email: lghannoum@bakerlaw.com

Gilbert S. Keteltas (Bar No. 12679)
Baker & Hostetler LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, D.C. 20036
Tel: 202.861.1530
Fax: 202.861.1783
Email: gketeltas@bakerlaw.com

*Defendants' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2020, the foregoing was filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

*/s/ Lisa M. Ghannoum*
*One of Defendants' Co-Lead Counsel*