IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: MARRIOTT INTERNATIONAL CUSTOMER DATA SECURITY BREACH LITIGATION. | MDL No. 19 and 2879<br>(JUDGE GRIMM) |

## Report and Recommendation

In this report, I will (a) answer the questions that Judge Grimm has asked about the payment of my invoices and allocation of the costs among the parties and (b) recommend how payment of my invoices should be allocated among the parties.

## Answers to Judge Grimm's questions.

1. Judge Grimm has asked what the Order appointing me as special master says as to the allocation of payment to me among the parties. The Order is silent as to allocation.

2. I have only had one invoice paid. In late January, I submitted it to Ms. Villegas of Labaton Sucharow, counsel for the Securities and Derivative Track Plaintiffs. Her firm paid half, and so did counsel for Marriott. The total voucher was for $2,720.

3. My work involved resolving the controversy between Marriott and those plaintiffs as to whether redactions be made to a document called the PFI report. I resolved that controversy by a Report and Recommendation I filed in January 2020.

4. There is an outstanding invoice that has not been paid since I submitted it to counsel on June 6, 2020. The detailed statement of the work that I sent to counsel indicates that I spent 1.17 hours working on a controversy between Bank of Louisiana and Marriott and the remaining 4.61 on a controversy between Marriott and the plaintiffs in the Consumer Track.

5. I responded to counsel as to both controversies in my "Response of Special Master to Joint Submission," which I filed on April 27, 2020. The total of the unpaid invoice is $2,890.

6. I have no other invoices, although I will soon be preparing one to reflect my work since May 26, 2020.

**Recommendation.**

I have sought a gross amount in the two invoices I have submitted. I must have presumed that counsel had agreed that all would have an equal responsibility to pay me. But, as Ms. Villegas pointed out in a recent conversation with me, it is unfair to ask plaintiffs in a certain track to pay the expenses of my resolving a controversy that does not involve the plaintiffs in that track. Therefore, I recommend that I take the responsibility to do the allocation in the first place. When I create an invoice, detailing my hours and what I did, I will provide a total amount and then propose what I hope will be a fair allocation of the total invoice. That allocation will be based strictly on the hours I spent on each item for which I seek compensation.

In other words, I have three matters on my plate now. I will keep my time as I work on each matter. When I prepare the invoice, I will show a total amount due and then an allocation based on the hours I spent on each item. I will then recommend what each party should pay.

I will also give any party ten days in which to specify, in writing, an objection to my allocation within fourteen days of receipt of my invoice. I would also give them a right to appeal to Judge Grimm from my determination, provided they file their appeal within fourteen days.

I shall transmit the invoice for payment to Lisa Ghannoum and Jason J. Mendor, co-lead counsel for the defendant Marriott, and to co-lead plaintiffs' counsel for each track as follows:

Consumers:     Andrew Friedman

Financial Institutions: Arthur Murray

Derivative Action: Timothy Brown

Securities Action:  Carol Villegas

In the Government track, I will transmit my invoice to co-lead counsel for the defendants and to counsel for the City of Chicago, the only member of that track.

I will ask that co-lead for the track (or tracks) and co-lead counsel for the defendant that I have indicated in my invoice to see that the invoice is paid.

I recommend that the Court adopt the following Order. Counsel will note that, in accordance with ECF, No. 580, para. 6, they have 14 days within which to object to this Report and Recommendation.

/s John M. Facciola

John M. Facciola
Special Master

September 3, 2020.