**Via CM/ECF**                                                                                           September 15, 2020

The Honorable Paul W. Grimm                                                                [CORRECTED]

        Re:    *In Re: Marriott International Customer Data Security Breach Litigation*
                  *Case No. 19-md-2879; Objection to 9/1/2020 R&R, Dkts. 634, 635*

Dear Judge Grimm:

      Plaintiffs appreciate the Special Master's consideration of several novel issues presented in this litigation, but maintain that the initial determination of whether Marriott hired CrowdStrike primarily for a business purpose or a litigation purpose is necessary *regardless* of whether Marriott designates CrowdStrike as an expert or testifying witness. Accordingly, because this threshold determination was not performed in the Special Master's analysis, Plaintiffs object to the report and recommendation of the Special Master (Dkts. 634 and 635) to the extent that it purports to require Marriott's designation of CrowdStrike as a testifying expert or witness *prior* to determining the primary purpose for which CrowdStrike was engaged, as well as any contention that such a designation *automatically* affords CrowdStrike various protections.

<u>*Work Product*</u>: Plaintiffs initially submitted a letter motion to compel certain materials prepared by CrowdStrike relating to its investigation and remediation of the data breach. *See* Dkt. 634 at 4-5. Repeating arguments rejected in numerous other data breach cases, Marriott contended that CrowdStrike's findings—among other related communications—were protected from disclosure as attorney work product or under the attorney-client privilege.[1] To be afforded protection under the work product doctrine, documents must have been prepared "in anticipation of litigation" or for trial. Fed. R. Civ. P. 26(b)(3)(A). "In the Fourth Circuit, to ascertain whether a document was created in anticipation of litigation, the court determines whether it was prepared 'because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation.'" *In re Dominion Dental Servs. USA, Inc. Data Breach Litig.*, 429 F. Supp. 3d 190, 192–93 (E.D. Va. 2019) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992)). Accordingly, "materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3)." *Id*. "On occasion, there may be dual motives underlying the preparation of a particular document. That is, the document may be used both for litigation and for business purposes. In such cases, the court must determine 'the driving force behind the preparation of the requested documents." *Dominion Dental*, 429 F. Supp. 3d at 193 (citing *Nat'l Union*, 967 F.2d at 984). Plaintiffs submitted arguments and evidence they believe objectively establish that business purposes were the "driving force" behind Marriott's engagement of CrowdStrike and that Marriott had not established its burden to show that the CrowdStrike materials were protected.

      Plaintiffs contend that the Special Master should decide this issue now because, as explained below, even if Marriott's designation of CrowdStrike as a witness were relevant, a work product and privilege analysis will still be necessary.

<u>*Testifying Expert*</u>: There are two categories of expert witnesses recognized under Federal Rule of Civil Procedure 26(a)(2)—one category includes witnesses that are retained to provide expert opinions at trial under Rule 26(a)(2)(B), while the other category "addresses the disclosure of

---

[1] Notably, in its initial response to the motion to compel, Marriott made no references to, or analysis of, whether CrowdStrike would be or already had been designated as an expert pursuant to Rule 26.

expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness" under Rule 26(a)(2)(C)—also known as hybrid witnesses. *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 324 (5th Cir. 2017); *see also* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."). As opposed to experts designated under Rule 26(a)(2)(C), trial experts are required to submit a detailed written report of the opinions they intend to offer at trial. *See Ramaco Res., LLC v. Fed. Ins. Co.*, 2020 WL 5261320, at *3 (S.D.W. Va. Sept. 3, 2020). The 2010 amendments to the Federal Rules dictate that Rule 26(b)(4)(C) protects from discovery, subject to a few exceptions, attorney communications with "reporting" experts designated under Rule 26(a)(2)(B), but does not afford the same protection to "hybrid non-reporting" experts designated under Rule 26(a)(2)(C). *Id.*

Here, the Special Master determined that if Marriott designates CrowdStrike as a testifying expert under Rule 26(a)(2)(B), then the question of whether the CrowdStrike materials are protected work product becomes moot because Plaintiffs are only "entitled to the discovery Fed. R. Civ. P 26(a)(2)(B) permits and constrains." Dkt. 635 at 2. Unfortunately, that analysis ignores the facts presented here. As is demonstrated by the limited documents Plaintiffs have received concerning CrowdStrike thus far, CrowdStrike had an ongoing business relationship with Marriott and was retained *prior to* litigation to perform critical fact finding that goes directly to the merits of this case. Consequently, CrowdStrike is a quintessential "hybrid witness" akin to a treating physician who "can offer opinions based on his or her own personal involvement in some aspect of the case, but can also supply expert opinions on subject matter beyond the witness' personal involvement[.]" *Ramaco*, 2020 WL 5261320, at *3 (citing *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997) (Grimm, J.)).

Hybrid witnesses are "afforded *no* special protection under Rule 26(b)(4)(C) for their communications with counsel." *Ramaco*, 2020 WL 5261320, at *4 (emphasis added). As noted by the Advisory Committee, Rule 26(b)(4)(C) "does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required under Rule 26(a)(2)(C)." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. *See also United States v. Sierra Pac. Indus.*, 2011 WL 2119078, at *7 (E.D. Cal. May 26, 2011) ("It is clear that [Rule 26(b)(4)(C)] neither created a protection for communications between counsel and non-reporting experts witnesses, nor abrogated any existing protections for such communications."). Accordingly, Plaintiffs believe that even if Marriott now designates CrowdStrike as a testifying expert under Rule 26(a)(2)(B), the facts will establish that CrowdStrike is actually a hybrid witness that is not afforded the protections of Rule 26(b)(4)(C). *See, e.g.*, *Sullivan*, 175 F.R.D. at 500 ("[I]t is a mistake to focus solely on the status of the expert, instead of the nature of the testimony which will be offered at trial."). Because the only protections that exist for hybrid witnesses are those that exist independently of Rule 26(b)(4)(C), the same work product and attorney-client privilege analysis will be necessary.[2]

---

[2] The Special Master noted that "in addition to constraining discovery from an expert witness who must prepare a report, Fed. R. Civ. P. 26[a](2)(B), the pertinent Rule, Fed. R. Civ. P. 26[a](2)(C), constrains discovery from any witness who 'is expected to present evidence under Federal Rule of Evidence 702, 703 or 705.'" Dkt. 634 at 21. While Plaintiffs acknowledge that draft expert *disclosures* required under Rule 26(a)(2)(A) are afforded protection,

  Likewise, even if Marriott in good faith designates CrowdStrike as a testifying expert after-the-fact under Rule 26(a)(2)(B), and the Court accepts that designation, "only attorney communications to the expert in the expert's role as a reporting expert and that were reasonably made 'in anticipation of litigation' should be included within the scope of the Rule." *Cadence Educ., LLC v. Vore*, 2018 WL 2926442, at *4 (D. Kan. June 7, 2018). In *Cadence*, the defendant's retained expert provided a report and was designated by counsel under Rule 26(a)(2)(B), but the plaintiff argued that the expert was not properly designated under Rule 26 because, like CrowdStrike here, the witness had discoverable information in his capacity as a fact witness due to his prior longstanding business relationship with the defendant. *Id*. at *1. After determining that the expert was properly designated under Rule 26(a)(2)(B), the district court held that "because [the witness] has a dual or combination role in this case as a fact and expert witness, the Court will limit the Rule 26(b)(4)(C) protections for attorney-expert communications to those occurring *after* Defendants retained or specially employed [the witness] to provide expert testimony." *Id*. at *3 (emphasis in original). *See also Wellin v. Wellin*, 2019 WL 2397615, at *7 (D.S.C. Mar. 6, 2019) (holding that protections of Rule 26(b)(4)(C) "only applicable to the extent those communications occurred *after* [witness's] designation as an expert"). Consequently, the Special Master will be tasked with determining the purpose for which CrowdStrike was retained regardless of how Marriott designates CrowdStrike, if at all.

***Consulting Expert***: The Special Master also discussed the possibility of Marriott designating CrowdStrike as a consulting expert under Rule 26(b)(4)(D). But that designation only applies to "an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial." Fed. R. Civ. P 26(b)(4)(D). Consequently, CrowdStrike can only qualify for protections as a consulting expert if Marriott can first meet its burden to establish that it was retained in anticipation of litigation—the same analysis discussed above.

***Conclusion***: Plaintiffs respectfully request that the Court require the Special Master to determine whether Marriott was hired primarily for a business purpose or a litigation purpose, which is a necessary inquiry regardless of whether Marriott designates CrowdStrike as a testifying expert under Rule 26(a)(2)(B), a hybrid witness under Rule 26(a)(2)(C), or a consulting expert under Rule 26(b)(4)(D). It is imperative that this issue be decided now as the CrowdStrike materials go to the heart of fact discovery in this case and will need to be analyzed and considered by Plaintiffs' experts at the earliest possible opportunity. If the Court adopts Marriott's proposal to hold this issue in abeyance until expert discovery, then Plaintiffs will be prejudiced in their discovery efforts and will inevitably need to extend fact discovery to account for any later produced materials. If, on the other hand, the Special Master determines that Marriott hired CrowdStrike primarily for a business purpose as Plaintiffs contend, the communications with CrowdStrike cannot be protected as work product and discovery can proceed under the existing schedule with the Special Master taking up any specific disputes as they arise.

---

Plaintiffs object to this statement to the extent it suggests that the protections of Rule 26(b)(4)(C) extend to hybrid witnesses under Rule 26(a)(2)(C), which is refuted in the advisory committee notes and numerous cases interpreting the 2010 amendments. *See, e.g., Sierra Pac. Indus.*, 2011 WL 2119078, at *7; *City of Wyoming, Minnesota v. Procter & Gamble Co.*, 2019 WL 245607, at *3 (D. Minn. Jan. 17, 2019); *Cadence*, 2018 WL 2926442, at *2 ("The Rule does not protect communications between the attorney and non-reporting experts").

Hon. Paul Grimm
Page 4

      Respectfully submitted,

| Andrew Friedman | Amy Keller | James Pizzirusso |

*Interim Co-Lead Counsel, Consumer Track*

cc:   *All Counsel of Record, via ECF*