# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Devin S. Anderson
To Call Writer Directly:
+1 202 389 5198
devin.anderson@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

Facsimile:
+1 202 389 5200

December 4, 2020

**By E-mail**

Hon. John M. Facciola
600 New Jersey Avenue N.W.
Washington D.C. 20001

      Re:   *In Re: Marriott International, Inc., Customer Data Security Breach Litigation*, Case No.: 8:19-md-02879-PWG

Dear Special Master Facciola,

    We write in support of Marriott's request to amend Section 11 of the Stipulated Protective Order ("Protective Order") (ECF No. 552). Accenture understands that there is an ongoing dispute between Marriott and plaintiffs regarding plaintiffs' extensive redactions to their account statements for accounts that plaintiffs claim were the subject of fraudulent transactions. *See* Nov. 6, 2020 Marriott Ltr.; Nov. 20, 2020 Plaintiffs' Response. Plaintiffs are redacting the same information in response to many of Accenture's requests. The information that plaintiffs are redacting is relevant and goes to the allegations at the heart of the case—namely, whether and how plaintiffs' PII was compromised as a result of the 2018 Marriott breach. There is no basis to allow plaintiffs to employ the Protective Order to block relevant information. Accenture therefore supports Marriott's request to amend the Protective Order to forbid plaintiffs from redacting their account statements for "privacy" reasons, while maintaining the confidentiality of plaintiffs' information outside of the litigation.

    Plaintiffs have asserted two claims against Accenture: negligence and negligence per se. Causation is an element of each of those claims. *See, e.g.*, *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 451 Md. 600, 610 (2017) (negligence); *Shukis v. Bd. of Educ. of Reg'l Dist. No. 17*, 122 Conn. App. 555, 583 (2010) (negligence per se). At least some plaintiffs have claimed that the PII they provided to Marriott was misused as a result of the 2018 data breach. *See* Bittner Resp. to Interrogatory No. 4 (alleging unauthorized activity on two separate Bank of America payment cards); Hevener Resp. to Interrogatory No. 4 (alleging unauthorized activity on an American Express payment card, as well as unauthorized bank accounts opened in her name);

## KIRKLAND & ELLIS LLP

Hon. John M. Facciola
December 4, 2020
Page 2

Lawrence Resp. to Interrogatory No. 4 (alleging an unauthorized transaction on her GTE Financial Visa payment card); Long Resp. to Interrogatory No. 4 (alleging an unauthorized transaction on his Capital One payment card); Maldini Resp. to Interrogatory No. 4 (alleging unauthorized transactions on his Bank of America payment card); Miller Resp. to Interrogatory No. 4 (alleging unauthorized transactions on her SunTrust payment card).

Accenture is entitled to test plaintiffs' allegations that these fraudulent charges were in fact fraudulent and were in fact attributable to the Marriott data breach. To aid in that inquiry, plaintiffs must produce full, unredacted account statements. These account statements are important for a number of reasons, including that: (1) information about other charges to the credit card will shed light on whether plaintiffs have made other purchases from that same vendor, which in turn could mean that the allegedly fraudulent charge was simply an error by the vendor; and (2) information about purchases will inform whether plaintiffs have used the same accounts at issue in this case to make a purchase from other entities that have experienced a data breach, a fact which goes to important questions of causation. By redacting all account-statement information except what *plaintiffs* unilaterally assert is a fraudulent charge, plaintiffs are improperly blocking this relevant discovery. Full account information is even more relevant here because many plaintiffs cannot identify full payment-card information for all of the accounts they claim were subject to fraud. The account information may be the only way of identifying the information plaintiffs allege was misused as a result of the breach.

Parties enter protective orders in litigation precisely to allow for the production of sensitive information that is nonetheless relevant to the case. Plaintiffs are not entitled to special treatment of their confidential information because they are plaintiffs. Defendants have produced thousands of documents that contain sensitive business information and trade secrets, but have done so without redacting that information and under the umbrella of the Protective Order that the parties adopted. Accenture agreed to be bound by the Protective Order at plaintiffs' request, even though the negotiation of the terms of the order took place prior to Accenture's involvement in the case, and even though Accenture had no say in framing the terms on which plaintiffs are now relying for their improper redactions. Accenture does not believe the Protective Order supports plaintiffs' redactions in any event, but plaintiffs should certainly not be allowed to insist that Accenture adopt the Protective Order, then rely on the Protective Order to subvert plainly relevant discovery.

For all these reasons, Accenture agrees that plaintiffs are using the Protective Order as an improper shield against discovery, and requests that the Court adopt Marriott's motion to amend the Protective Order to disallow these improper privacy redactions by plaintiffs.

## KIRKLAND & ELLIS LLP

Hon. John M. Facciola
December 4, 2020
Page 3


Sincerely,

*/s/ Devin S. Anderson*
Devin S. Anderson


cc:     Amy Keller (akeller@dicellolevitt.com)
        MaryBeth Gibson (mgibson@thefinleyfirm.com)
        Andrew Friedman (afriedman@cohenmilstein.com)
        James Pizzirusso (jpizzirusso@hausfeld.com)
        Jennifer Rogers (jrogers@robinsonfirm.com)
        Daniel Warren (dwarren@bakerlaw.com)
        Lisa M. Ghannoum (lghannoum@bakerlaw.com)
        Gilbert S. Keteltas (gketeltas@bakerlaw.com)