# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

|  |  |
|---|---|
| IN RE: MARRIOTT INTERNATIONAL CUSTOMER DATA SECURITY BREACH LITIGATION | *<br>*<br><br>*   MDL No.: 19-md-2879<br><br>*   JUDGE GRIMM |
| THIS DOCUMENT RELATES TO THE CONSUMER TRACK | *<br>* |

\* \* \* \* \* \* \*     \* \* \* \* \* \* \*

## STIPULATION FOR SUPPLEMENTAL DISCOVERY

Plaintiffs' counsel for Bellwether Plaintiffs understand that counsel for Marriott and Accenture have certain concerns regarding Bellwether Plaintiffs' document productions and wish to resolve those concerns. As a follow up to the April 9, 2021 conversation between Ariana Tadler and Gil Keteltas, Plaintiffs' counsel are prepared to run supplemental searches with oversight by a third party, and, if additional responsive non-privileged information is identified, produce that information to Marriott and Accenture. Plaintiffs' counsel believe that by working collaboratively to agree upon the parameters of a plan, discovery (and depositions) can be completed efficiently, and the parties can avoid further conflict and disputes.

Below is the parties' stipulation to address the production concerns of Marriott and Accenture and is subject to Plaintiffs' retention of a third party, which may have suggestions. Third party suggestions will be disclosed to Defendants and, if disputed, subject to resolution by a meet and confer by the parties.

1. Plaintiffs will engage a third party/ies to separately collect and search relevant, reasonably accessible, data sources within the possession, custody, or control of each plaintiff.
    a. Decisions about data sources that will be collected and searched will be made by persons who are knowledgeable about e-discovery and familiar with the custodian's electronic systems and capabilities. *See* ECF 315, Par. 5.
    b. The data sources that are collected and searched will be disclosed to Marriott and Accenture. If plaintiffs decide not to search a relevant data source on the grounds that it is not reasonably accessible, it will identify that source and the basis for its claim of inaccessibility in a manner consistent with the requirements of Fed. R. Civ. P. 26(b)(2)(B).
    c. The third party will apply agreed-upon search terms to data collected from the data sources. If any of the search terms result in an inordinate set of non-responsive results, plaintiffs will share a Search Terms Hit Report (*see* ECF 512, Par. 3.g) and the parties agree to meet and confer as quickly as possible to resolve such issues. The parties agree

        that if counsel for Marriott and Accenture seek additional searches from Plaintiffs, they will not seek additional searches absent good cause shown.

2. After documents are collected and culled using the agreed-upon search terms, Plaintiffs' counsel, or skilled reviewers working at the direction and under the supervision of Plaintiffs' counsel, will review them for responsiveness and privilege.
    a. Redactions will only be applied when permitted by the Stipulated Protective Order (ECF 552), as amended by Letter Order Dated January 22, 2021 (ECF 726), the Privilege Log Protocol, or as otherwise agreed in advance of production by counsel for the parties. Documents containing redactions shall be treated consistent with the ESI Protocol (ECF 315).

3. All responsive, non-privileged or otherwise protected documents will be produced at least seven days prior to a Bellwether Plaintiff's deposition.  Plaintiffs' counsel are mindful of the currently scheduled depositions and have asked the vendors who are being interviewing if they can expedite the process.  If responsive documents cannot be produced seven days prior to the depositions scheduled before April 24, 2021 (or some shorter time period acceptable to Marriott and Accenture), Plaintiffs' counsel will advise counsel for Marriott and Accenture and work collaboratively to reschedule the deposition at a convenient time before the discovery cutoff.  If rescheduling is necessary, counsel will provide all dates that Plaintiff is available through May 21 at the time of a request for rescheduling.
    a. ESI will be processed and produced in accordance with the ESI Protocol, ECF 315.
    b. Absent good cause, Plaintiffs will reproduce documents that were not produced in compliance with the ESI Protocol, ECF 315.

4. Documents will be produced in a reasonably usable form consistent with the provisions of the ESI Protocol.  Images must be clear and legible, and native .xls and .ppt files must be produced in accordance with the ESI Protocol.

5. At or near the time of production for each custodian, counsel will evaluate whether they need to supplement any discovery responses consistent with their obligations under Rule 34, including their obligation to state whether any responsive materials are being withheld from the production on the basis of an existing objection to any Request for Production.

6. For the two Plaintiff depositions taken to date (Maisto and Gononian), if additional documents are produced as a result of this Stipulation, the parties agree to meet and confer on reasonable requests by counsel for Marriott and Accenture to reopen those depositions to address such documents.

7. Plaintiffs intend to proceed with deliberate speed.

*/s/ Amy E. Keller*
Amy E. Keller
D. Md. Bar No. 20816
DiCello Levitt Gutzler LLC
Ten North Dearborn Street,
Sixth Floor
Chicago, Illinois 60602
Tel. 312-214-7900
akeller@dlcfirm.com

James J. Pizzirusso
D. Md. Bar No. 20817
Hausfeld LLP
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202-540-7200
jpizzirusso@hausfeld.com

Andrew N. Friedman
D. Md. Bar No. 14421
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202-408-4600
afriedman@cohenmilstein.com

*Plaintiffs' Co-lead Counsel for the Consumer Track*

*/s/ Ariana J. Tadler*
Ariana J. Tadler
Tadler Law LLP
One Pennsylvania Plaza
New York, NY 10119
Tel. 929-207-3639
atadler@tadlerlaw.com

*E-Discovery Liaison and Member of Plaintiffs' Steering Committee for the Consumer Track*

*/s/ Daniel R. Warren*
Daniel R. Warren (*pro hac vice*)
Lisa M. Ghannoum (*pro hac vice*)
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: 216.621.0200
Fax: 216.696.0740
Email: dwarren@bakerlaw.com
Email: lghannoum@bakerlaw.com

Gilbert S. Keteltas (Bar No. 12679)
Baker & Hostetler LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, D.C. 20036
Tel: 202.861.1530
Fax: 202.861.1783
Email: gketeltas@bakerlaw.com

*Counsel to Defendants Marriott International, Inc. ("Marriott") and Starwood Hotels & Resorts Worldwide*

*/s/ Craig S. Primis*
Craig S. Primis, P.C. (Bar No. 811151)
K. Winn Allen (Bar No. 8111189)
Devin S. Anderson (Bar No. 805892)
Emily M. Long (Bar No. 811317)
Katherine E. Canning (Bar No. 811149)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.389-5000
Fax: 202.389-5200

*Counsel for Defendants Accenture plc and Accenture LLP*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed via this Court's CM/ECF service, which will send notification of such filing to all counsel of record this 15th day of April 2020.

                                        */s/ Amy E. Keller*
                                      Amy E. Keller