## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| IN RE: MARRIOTT INTERNTIONAL, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | * * | **MDL No. 19-md-2879** |
| THIS DOCUMENT RELATES TO: ALL CONSUMER ACTIONS | * * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM OPINION

This Memorandum Opinion addresses Accenture's motion for reconsideration of my Order granting in part and denying in part its motion to dismiss.  This case is part of the multidistrict litigation ("MDL") pending before me regarding a data breach of Starwood Hotels and Resorts, which is owned by Marriott International, Inc.  Accenture provided information technology ("IT") services to Starwood and Marriott.  In the Consumer Track of this MDL, consumers of Starwood and Marriott's services ("the Consumer Plaintiffs") filed claims against Marriott and Accenture. Accenture moved to dismiss the claims against it.  On October 27, 2020, I issued a Memorandum Opinion and Order granting in party and denying in part Accenture's motion to dismiss.  ECF Nos. 671, 672; opinion available at *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, No. PWG-19-MD-2879, 2020 WL 6290670 (D. Md. Oct. 27, 2020) (hereinafter "Accenture MTD Opinion").  In accordance with my pre-motion procedures, on November 9, 2020, Accenture filed a letter requesting leave to file a motion for reconsideration for purposes of certifying questions to the highest courts of Maryland and Connecticut.  ECF No. 685.  I accepted Accenture's letter as a motion for reconsideration and ordered the Consumer Plaintiffs to file a response and Accenture to file a reply by letter briefs.  ECF No. 688.  The issue is fully briefed.  *See* ECF Nos. 685, 694,

701.  A hearing is not necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons explained below, Accenture's motion for reconsideration is denied.

## Background

The background to this case is fully set out in my previous Memorandum Opinion.  *See* Accenture MTD Opinion, 2020 WL 6290670, at *1–3.  In short, in 2009 Starwood contracted with Accenture to provide IT support for various systems, including for its guest reservations database. After Marriott acquired Starwood in 2016, Accenture continued to manage the operation of the Starwood guest reservations database.  That database was the subject of a four-year long data breach from 2014 to 2018 that compromised the personal information of millions of Starwood and Marriott customers.  Litigation arising from that data breach was consolidated before me in a multidistrict litigation proceeding, including the claims at issue here filed by the Consumer Plaintiffs against Accenture.

For the prior motion to dismiss briefing, the Consumer Plaintiffs and Accenture selected specific plaintiffs and jurisdictions to test the claims.   Specifically, the parties – and the Court's opinion – focused on negligence claims under the laws of Maryland, Connecticut and Florida, and negligence per se claims under the laws of Maryland, Connecticut, and Georgia.  *See* Accenture MTD Opinion, 2020 WL 6290670, at *3.  I granted Accenture's motion to dismiss the Maryland negligence per se claims, but denied it as to the other claims.  *Id.*

Accenture now moves for reconsideration of my Order granting in part and denying in part its motion to dismiss.  ECF No. 685.  Specifically, it disagrees with my application of Maryland and Connecticut law, but rather than reargue those issues, it proposes that I certify specific questions of law that I decided to the Maryland Court of Appeals and the Connecticut Supreme

Court.  Accenture proposes the following questions for certification to the Maryland Court of Appeals:

1. Under Maryland negligence law, does an intimate nexus exist between a third-party IT-services provider and its client's customers based on the third-party IT-services provider's contractual obligations to its client, where the customers have not alleged they interacted with or were aware of the service provider?

2. Under Maryland law, may a negligence claim be based solely on an alleged violation of Section 5 of the FTC Act?

*Id.* Accenture proposes the following questions to the Connecticut Supreme Court:

1. Under Connecticut law, does a third-party IT-services provider owe a duty in negligence to customers of its client to protect them from economic harm?

2. Under Connecticut law, may a negligence per se claim against a third-party service provider be premised on Section 5 of the FTC Act?

*Id.* The parties agree that the Maryland Court of Appeals and the Connecticut Supreme Court have not addressed these issues in this context.  Accenture requests certification on the basis that these courts may come to a different conclusion than the undersigned, and that certification of these questions will allow these courts to resolve important questions of state law.

## **Standard of Review**

Federal Rule of Civil Procedure 54(b) governs motions for reconsideration of orders that do not constitute final judgments in a case, such as my Order granting in part and denying in part Accenture's motion to dismiss.  *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Fed. R. Civ. P. 54(b).

The Fourth Circuit has not stated a standard of review for a Rule 54(b) motion for reconsideration.  It has explained that the restrictive standards of Rule 59(e) and Rule 60(b)

motions for reconsideration are not binding for Rule 54(b) motions.  *See Fayetteville Investors*, 936 F.2d at 1472; *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).  Nonetheless, courts frequently use the standards under Rules 59(e) and 60(b) as guidance in considering Rule 54(b) motions.  *See Wade v. Corr. Ofc. Christopher Cavins*, No. PWG-17-3693, 2019 WL 2410969, at *1–2 (D. Md. June 7, 2019) (Grimm, J.) (looking to Rule 59(e) and Rule 60(b) standards); *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018) (Bredar, C.J.) (same); *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (Chasanow, J.) (same); *Peters v. City of Mt. Rainier*, No. GJH-14-955, 2014 WL 4855032, at *3 n.1 (D. Md. Sept. 29, 2014) (Hazel, J.) (looking to Rule 60(b) standard); *Harper v. Anchor Packing. Co.*, No. GLR-12-460, 2014 WL 3828387, at *1 (D. Md. Aug. 1, 2014) (Russell, J.) (looking to Rule 59(e) standard); *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618–19 (D. Md. 2013) (Quarles, J.) (looking to Rule 59(e) and Rule 60(b) standards).

A Rule 59(e) motion for reconsideration "is discretionary" and "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).  Rule 60(b) provides overlapping, but broader, bases for relief from a court order, if a party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  *See Wade v. Corr. Ofc. Christopher Cavins*, 2019 WL 2410969, at \*1–2.

Ultimately, under Rule 54(b), "'the goal is to reach the correct judgment under law.'"  *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d at 618–19 (quoting *Netscape Commc'n Corp. v. ValueClick, Inc.,* 704 F. Supp. 2d 544, 547 (E.D.Va.2010)).   However, "a motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court."  *Cezair v. JPMorgan Chase Bank, N.A.*, 2014 WL 4955535, at \*1; *see also Carrero v. Farrelly*, 310 F. Supp. 3d at 583–84 ("Although there may be many valid reasons to reconsider an order, 'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." (quoting *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)).

## Discussion

Accenture asks this Court to reconsider its Order granting in part and denying in part its motion to dismiss for the purposes of certifying questions to the Maryland Court of Appeals and the Supreme Court of Connecticut.  Both Maryland and Connecticut model their certification laws on the Uniform Certification of Questions of Law Act, and provide that the Maryland Court of Appeals and Connecticut Supreme Court "may answer a question of law certified to it by a court of the United States or by an appellate court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State."  Md. Code Ann., Cts. & Jud. Proc. § 12-603; Conn. Gen. Stat. § 51-199b(d).

Judge Gallagher of this Court recently considered a motion for reconsideration with a nearly identical procedural posture as the one at issue here in the case *Doe v. Chesapeake Medical Solutions, LLC*, No. SAG-19-2670, 2020 WL 917061 (D. Md. Feb. 26, 2020).  In that case, Judge Gallagher granted the defendant's motion to dismiss two of the counts in the plaintiff's complaint.  The plaintiff filed a motion for reconsideration, requesting that Judge Gallagher stay its dismissal of those two counts and certify questions to the Maryland Court of Appeals.  As here, neither party asked the Court to certify questions to a state high court before the motion to dismiss was decided.

Judge Gallagher began by noting that Courts in this district look to the standards of Rules 59(e) and 60(b) for guidance when deciding a motion for reconsideration under Rule 54(b).  *Id.* at *3.  Judge Gallagher then denied the request for certification to the Maryland Court of Appeals.  First, Judge Gallagher explained that "[j]ust because a question of law qualifies for certification . . . does not mean the Court *must* certify it."  *Id.* at *5 (emphasis in original).  Instead, "it is well settled that the decision to certify questions of law to state high courts rests in the trial court's discretion."  *Id.* (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974); *Antonio v. SSA Sec., Inc.*, 749 F.3d 227, 234 (4th Cir. 2014); *Nat'l Capital Naturists, Inc. v. Bd. of Supervisors of Accomack Cty.*, 878 F.2d 128, 132 (4th Cir. 1989)).  The same is true here for certification to the Supreme Court of Connecticut as well as the Maryland Court of Appeals.  Just because Accenture's questions could be certified to the high courts of Maryland and Connecticut, does not mean this Court is required to do so.

In *Doe v. Chesapeake Medical Solutions*, Judge Gallagher further found that the plaintiff failed to meet any of the grounds for reconsideration used by this Court in considering Rule 54(b), 59(e), and 60(b) motions.  Judge Gallagher explained:

> Plaintiff has not demonstrated why this Court's prior ruling constitutes an abuse of discretion, let alone a clear error of law.  First, Plaintiff never requested certification

in opposing Defendants' Motion to Dismiss, and now her request stands in a different procedural posture. Indeed, Plaintiff's instant Motion does not neatly fall into most of the standards typically applied to Rule 59(e) or Rule 60(b) motions. Plaintiff does not point to any previously undiscovered evidence, any new ruling from a controlling jurisdiction, or any sort of fraud, mistake, or other misconduct by any party. Instead, Plaintiff appears to argue that this Court erred by failing to, *sua sponte*, certify questions of law to the Maryland Court of Appeals. Plaintiff provides no argument as to whether this was a clear legal error, a decision that results in "manifest injustice," or is simply an abuse of the Court's discretion.

*Id.* at *4–5 (internal citations omitted). The same is true here. Accenture does not argue that there is any new evidence, controlling law, fraud, mistake, misconduct, clear legal error, manifest injustice, or an abuse of discretion as ground for reconsideration. This is especially true given that neither party previously requested certification.

Instead, Accenture repeats its arguments made at the motion to dismiss stage and posits that Maryland and Connecticut courts might view the novel questions of state law that this Court decided differently. Specifically, with respect to Maryland law, Accenture argues that the Maryland Court of Appeals (1) may not find an intimate nexus in this case that would allow for a tort duty to be imposed on defendant; and (2) should opine on whether Section 5 of the FTC Act can be the independent source of a state-law duty. For Connecticut law, Accenture argues that the Connecticut Supreme Court (1) may find Plaintiffs' economic losses to be too attenuated to support a claim of negligence; (2) may not find that Accenture owed Plaintiffs a duty of care despite not having a special relationship; and (3) should opine on whether Section 5 of the FTC Act can be an independent source of a state-law duty. But all of these issues were considered and discussed thoroughly in the parties' briefing and in my prior Memorandum Opinion. *See* Accenture MTD Opinion, 2020 WL 6290670, at *6–7 (discussing Maryland intimate nexus doctrine); *9–12 (discussing FTC Act as basis for duty under Maryland law); *13–16 (discussing Connecticut duty of care with respect to economic losses); *16–17 (discussing Connecticut duty of care with respect

to special relationships); *21 (discussing FTC Act as basis for negligence per se claim under Connecticut law).

It is no surprise that Accenture disagrees with my decision, but that does not amount to clear legal error, manifest injustice, or an abuse of discretion.  Nor does it support any other grounds for reconsideration.  To the contrary, certifying Accenture's proposed questions to the Maryland and Connecticut high courts after they have been fully litigated here would be costly to the parties, would not promote judicial economy, and would delay the proceedings in this case. As I have previously explained in another case regarding a motion for reconsideration:

> When parties file a motion with the court, they are obligated to insure that it is complete with respect to facts, law, and advocacy.  Once a court has issued its ruling, unless one of the specific grounds [for reconsideration] can be shown, that should end the matter, at least until appeal.  Were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience.  Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order.  It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it.

*Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001).  In short, a motion for reconsideration "'is not a license for a losing party's attorney to get a second bite at the apple.'"  *Wade v. Corr. Ofc. Christopher Cavins*, 2019 WL 2410969, at *1–2 (quoting *Potter v. Potter*, 199 F.R.D. at 552–53 (D. Md. 2001)).  That is exactly what Accenture is attempting to do before the high courts of Maryland and Connecticut.  Therefore, its motion is denied.

## Conclusion

Accenture's motion for reconsideration to certify questions of state law to the Maryland Court of Appeals and the Supreme Court of Connecticut is denied.  Accenture fails to show any

persuasive grounds for reconsideration and doing so would not promote judicial economy.  This

case will continue to proceed before this Court.  A separate Order follows.


___April 16, 2021_____                                          _____/S/_____
Date                                                                      Paul W. Grimm
                                                                          United States District Judge

9