UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**IN RE: MARRIOTT INTERNATIONAL, INC.
CUSTOMER SECURITY
BREACH LITIGATION**

**MDL NO. 19-MD-2879
(JUDGE GRIMM)**

**REPORT AND RECOMMENDATION**

**THIS DOCUMENT RELATES TO THE CONSUMER TRACT**

I. The Dispute

Several months ago, counsel for Accenture and plaintiffs agreed that plaintiffs could take the depositions of two Accenture employees who live in India by video conference. The Covid crisis in that country now threatens the scheduled depositions. One is very ill, as is his wife. The other, although testing positive, is asymptomatic and may be returning to work soon.

I first became involved with this problem when I worked with counsel to ascertain a new schedule to permit the depositions to be taken. Recently and suddenly, a new problem has arisen. Counsel for Accenture insists correctly that as the Department of State instructs, Indian law requires that:

> "Voluntary depositions of Indian nationals and third-country nationals require prior permission of the Indian 1 Central Authority for the Hague Evidence Convention."
>
> *US Dep't of State*, Judicial Assistance Country

Information, India, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/India.html.

Email of Devon Anderson, May 29, 2021

It is equally true that as counsel for Accenture points out:

Courts have likewise recognized that "Indian law does not allow for depositions to be taken simply by notice"; instead, "[u]nder Indian law, a High Court must issue a commission for an examination of witnesses for a deposition to take place." *Life Bliss Found. v. Sun TV Network Ltd.*, 2014 WL 12598859, at *3, *4 (C.D. Cal. May 8, 2014); *see also* Fed. R. Civ. P. 28(b); India Code Civ. Proc. Order XXVI, Rules 19–22 (setting forth the procedure for "Commissions issued of the instance of foreign Tribunals"); *Glenwood Sys., LLC v. Thirugnanam*, 2012 WL 1865453, at *12 (C.D. Cal. May 21, 2012) ("Moreover, because Prassath is a foreign national, plaintiff was obligated to comply with the additional requirements of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, to which India is a signatory.")

Id.

Counsel for plaintiffs argue that Accenture is "sandbagging" them and engaging in gamesmanship. They point out that counsel for Accenture and plaintiffs agreed several months ago that the depositions of these two persons would be taken by video conference while they were in India. In those conversations, counsel for Accenture never mentioned any need for an order of the High Court of India before they could proceed. Instead, counsel for Accenture represented that his firm was representing these two persons and agreed that their depositions would be taken. Once they had agreed, the parties set dates for the depositions, which, as explained, were disrupted by the Covid crisis in India. In plaintiffs' counsel view, Accenture's insistence on an Indian court order before proceeding is a cynical and recent discovery.

II. Analysis and Conclusion

The failure of counsel to secure the court order is troubling. While the Federal Rules of Civil Procedure permit the parties to stipulate that a deposition may be taken "before any person, at any time or place," Fed. R. Civ. 29(a), the preceding Rule speaks directly to a deposition to be taken in a foreign county. Under that Rule, a deposition may be taken in a foreign country either under an applicable treaty or convention or under a letter of request, whether or not captioned as a letter rogatory. Fed. R. Civ. 28(b). Therefore, it is obvious to any lawyer that reads those Rules that the broad power to take a deposition at any time or place and before any person under one Rule has to yield to the more specific Rule pertaining to taking one in a foreign country.  That latter Rule gives notice to any lawyer that the taking the deposition in a foreign country is subject to the more specific

requirement imposed by a treaty, convention, or "letter rogatory." As one court has explained, a party seeking to take a deposition in India, must comply with the additional requirements of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, to which India is a signatory. *Glenwood Sys., LLC*, 2012 WL 1865453, at *12

Accenture insisted to me that it was the plaintiffs' burden to secure the order. But, plaintiffs heard Accenture agree to every aspect of the deposition. Accenture never protested that plaintiffs needed a court order and that Accenture would not go forward without one. It was only when the depositions approached, and the Covid crisis in India threatened those dispositions that Accenture pointed to the lack of a court order. By then, it was too late to get one and take the depositions on the dates set by the parties' agreement.

Plaintiffs believed that Accenture had no objection to going forward. They had no reason to anticipate that Accenture would insist upon plaintiffs' securing an Indian court order when Accenture never raised the requirement of that order under Indian law when both counsel set the dates for the depositions.

Plaintiffs' counsel should have also realized the need for a court order. But if blame must be assessed, it falls on Accenture. It lulled plaintiffs' counsel into thinking that Accenture would not insist on such an order before agreeing to the depositions being taking in India. Accenture's insistence at the last moment that plaintiffs had to get a court order was, in my view, and to coin a phrase, too much too late.

Finally, I appreciate that plaintiffs also argue that Accenture had waived its right to insist on the court order. I am not so sure about that. In my view, while a party

can waive a requirement imposed by a rule of procedure, it may not waive a requirement imposed by a sovereign. I have not found any American judicial authority for that proposition regarding this Indian requirement. Even if I did and it supported the plaintiffs' view, I would be much more comfortable if an Indian court had reached that conclusion as a matter of Indian law.

    I, therefore, report that the parties must comply with Indian law and recommend that any failure to do so be attributed to Accenture.

*John M Facciola*

*June 1, 2021*