UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

IN RE MARRIOTT INTERNATIONAL INC.
CUSTOMER DATA SECURITY
BREACH LITIGATION

MDL NO. 19-MD-2879

(JUDGE GRIMM)

**THIS DOCUMENT RELATES TO THE CONSUMER TRACT**

**REPORT AND RECOMMENDATION**

The NDS database has created problems. Plaintiffs' experts have difficulty in the interpretation of its output. This led to a detailed stipulation between the parties. ECF No. 729. Pursuant to that stipulation, Marriott performed the searches that plaintiffs requested and produced the results. On March 18, 2021, the parties jointly informed the court of the following:

> Marriott believes it complied in full with the searches required under ECF No. 729 [regarding NDS searches] and concluded its production of the results from the same on March 12. Plaintiffs asserted that Marriott was required to include Plaintiffs' additional terms under ECF No. 729 before Marriott performed the search. To resolve the dispute, the parties have agreed that Marriott will run the additional terms provided by Plaintiffs, and Plaintiffs will not seek additional searches from the NDS database absent good cause shown. (Attachment A ECF No. 758)

Marriott produced the results of those additional searches on April 13, 2021. On April 20, 2021, I presided over a video conference with counsel, Marriott employees, and one of the

plaintiffs' experts. The experts and employees had a cordial and useful discussion in which the Marriott employees answered the questions that the plaintiffs' expert had.

Frankly, I thought we were finished with the controversies surrounding this database when we finished our video conference, and Marriott thereafter produced eight more files. I was wrong. Plaintiffs have now propounded to Marriott additional questions one of their experts has. This expert is not the same expert who participated in the video conference I conducted. However, this time, Marriott says it has had enough and is seeking a protective order from having to answer any more questions (Letter to Facciola from Dante Marinucci, June 2, 2021).

The question presented is whether plaintiffs have shown good cause to be relieved of their agreement, quoted above, that they would not seek additional searches. That is also what Marriott must do to get a protective order—show good cause for the relief it seeks (Fed. R. Civ. 26(c)(1)).

In reviewing a Report and Recommendation by then Magistrate Judge Grimm, Judge Quarles of this Court invoked the traditional articulation of the burden imposed on the party who seeks a protective order. The judge stated that under Rule 26(c)(1):

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" (Fed. R. Civ. P. 26(c)(1)). A protective order may forbid discovery entirely, restrict inquiry into certain matters, limit the scope of required disclosures, or require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way" (*Id.* at 26(c)(1)(A), (D) & (G))

> To establish good cause, the proponent of a protective order must "present a particular and specific demonstration of fact" that harm will result without a protective order (*Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (internal quotation marks and citation omitted). This is particularly the case when a protective order will stay discovery or prevent the requesting party's access to the information. *See id.* Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.*

<u>Anderson v. Reliance Standard Life Ins. Co.</u>, No. WDQ-11-1188, 2012 U.S. Dist. LEXIS 32133, at *8-9 (D. Md. March 8, 2012).

Marriott has met its burden. It has carefully recounted the history of what it has done and has explained how its employees will once again be diverted from their regular duties to answer plaintiffs' questions.

If I am to prevent "undue burden or expense," Fed. R. Civ. 26(c)(1), I must weigh the burden on Marriott against the importance of the information sought. I certainly appreciate that, in general, plaintiffs need this information to do whatever analysis they are doing. But after that generality, I do not know (1) what analysis they are doing, (2) why the latest demand is crucial to that analysis, (3) why the information already provided by Marriott is insufficient, or (4) why plaintiffs did not ask for it sooner so that we could have addressed it in the video conference I held. Plaintiffs have sent me a letter from an expert propounding the questions in technical language that I do not understand. Letter to Facciola from NCRA Economic Consulting, May 21, 2021. It certainly does not answer the questions I have just put forward.

I could demand a supplemental submission from plaintiffs that may lead to another video conference. But that would take time, and I am afraid time is the one thing we do not have. It makes more sense to have the Marriott employees answer the questions than to have me divine whether plaintiffs had made the case that Marriott should answer the plaintiffs' experts' questions. As the video conference established, it may be more efficient to have the experts talk to the experts rather than listen to the lawyers' arguments about why the experts should not talk to each other.

Thus, I will require Marriott to proceed as follows. I do so in accordance with the power granted by Fed. R. Civ. 26(c)(1)(C) to grant a protective order that specifies "terms, including time and place or the allocation of expenses, for the disclosure of discovery."

First, plaintiffs will have one final opportunity to propound questions. They must collect all those questions, including those in the letter their expert has sent to me, Letter to Facciola from NCRA Economic Consulting, May 21, 2021. They must send those questions to Marriott in writing within five days of this Report and Recommendation. Under their counsel's supervision, Marriott's employees will make a conscientious effort to answer every question. Marriott will carefully log the time expended by its employees and counsel to answer these questions. When the questions are answered, Marriott may seek reimbursement of all those expenses from plaintiffs and the attorney fees incurred in seeking a protective order. I must then provide the parties with an opportunity to argue in writing whether those expenses should or should not be awarded against plaintiffs.

## CONCLUSION

I recommend that I be permitted to proceed as stated in this Report and Recommendation.

June 7, 2021

John M. Facciola