UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

IN RE MARRIOTT INTERNATIONAL INC.
CUSTOMER DATA SECURITY
BREACH LITIGATION

MDL NO. 19-MD-2879
(JUDGE GRIMM)

THIS DOCUMENT RELATES TO THE CONSUMER TRACT

REPORT AND RECOMMENDATION

**I. Introduction.** Earlier in this case, I was confronted by the plaintiffs' effort to compel five categories of documents generated when Marriott hired BakerHostetler and then retained CrowdStrike.

I concluded that the most sensible course of action was to defer any discovery from CrowdStrike until Marriott indicated whether it would designate CrowdStrike as an expert witness (ECF No. 634). Judge Grimm affirmed my conclusion but indicated that it would suffice if Marriott would make or not make that designation by the deadline set for the designation of expert witnesses (ECF No. 662).

For reasons that are not important here, Judge Grimm decided to expedite that obligation (ECF No. 816 at 8), and Marriott has now indicated that it will not designate CrowdStrike as an expert witness.

**II. The status of CrowdStrike.** I have already explained that if Marriott does not designate CrowdStrike as an expert witness, CrowdStrike becomes by operation of law what the Federal Rules of Civil Procedure call an "Expert Employed Only for Trial Preparation" (Fed. R. Civ. 26[b)(4)(D(i). ECF No. 634 at 9).

"[A] party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" (Fed. R. Civ. 26(b])(4)(D). A party seeking discovery from such an expert may secure it only upon "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means" (Fed. R. Civ. 26(b)(4)(D)(ii).

**III. Plaintiffs' demand.** After Marriott indicated that it was not going to designate CrowdStrike as an expert witness, counsel and I discussed the significance of that decision for any discovery from CrowdStrike at one of our weekly conferences. I directed counsel's attention to the five discovery demands that the plaintiffs had made that were one of the subjects of my Report and Recommendation that is ECF No. 634. The five categories are as follows:

1. Agreements and statements of work between Marriott and CrowdStrike.
2. All investigations, reports, findings, conclusions, and recommendations made by CrowdStrike.
3. All communications between CrowdStrike and Marriott.
4. All communications between CrowdStrike and Marriott employees concerning the investigations CrowdStrike conducted.
5. All memoranda, notes, and communications prepared by Marriott's employees reflecting conversations between CrowdStrike and Marriott.

**IV. Plaintiffs' argument.** I thought we had reached a common understanding during the conference that the plaintiffs would address whether they could establish the exceptional circumstances required by the rule to get the documents in the five categories specified in ECF No. 634.

That, however, is not what I got. Instead, I have from the plaintiffs their challenges to certain privilege claims made by Marriott. The challenge is premised on the argument that the plaintiffs need to meet a burden of showing exceptional circumstances only if Marriott shows that CrowdStrike prepared the document,

2

claimed to be privileged, in anticipation of litigation. However, if CrowdStrike created the document to serve a Marriott business purpose, the privilege claims fail (letter of July 1, 2021, at 2).

**V. Analysis.** That statement is incorrect. It confuses the rule pertaining to experts employed only for trial preparation, Fed. R. Civ. 26(b)(4)(D), with the rule that protects "documents and tangible things that are prepared in anticipation of litigation or for trial," Fed. R. Civ. 26(b)(3)(A).

The former protects the facts known or opinions held by experts employed only for trial preparation; the latter protects the "documents and things" prepared for trial or in anticipation of litigation. Plaintiffs' proving that a document was not prepared in anticipation of litigation may defeat the claim that a document or thing is protected as "work product" under Fed. R. Civ. 26(b)(3)(A). But such a showing does not meet the plaintiffs' burden that they are entitled to "the facts known or opinions held" by an expert employed only for trial preparation.

This is so because Fed. R. Civ. 26(b)(4)(D) speaks to why a party hired the expert, whereas Fed. R. Civ. 26(b)(3)(A) speaks to why a party or its attorney prepared a document or a thing.

Suppose the party hired the expert only for trial preparation. In that case, the other party could not discover the facts known or the opinions held by that expert without showing exceptional circumstances "under which it is impracticable for the party to obtain facts or opinions on the same subject by other means" Fed. R. Civ. 26(b)(4) (D)(i). Thus, if the party seeking discovery demands the production of a document created by that expert, the first and controlling consideration is whether production of the document would yield the facts known or opinions held by an expert hired only for trial preparation. If it does, the discovery is prohibited. Whether that document was prepared in anticipation of litigation or for trial is irrelevant.

When, however, a party seeks discovery of a document or a thing from the other party, discovery is prohibited if the other party created the document or thing in anticipation of litigation. The sole question presented is why the party or its attorney created the document. Unlike the situation controlled by Fed. R. Civ. 26(b)(4)(D), the reason why the party hired the attorney is irrelevant to whether the thing or document is to be protected under Fed. R. Civ. 26(b)(3)(A).

Thus, the only question presented is whether Marriott hired CrowdStrike in anticipation of litigation. If it did and Marriott will not call it as a witness, discovery of facts known or opinions held by CrowdStrike is prohibited by Fed. R. Civ. 26(b)(4)(D). In other words, the question of whether Marriott hired CrowdStrike in anticipation of litigation so that any discovery from it is prohibited is antecedent to the resolution of whether communications from or to CrowdStrike are privileged. I cannot reach the privilege question until the plaintiffs first establish that discovery is permitted from CrowdStrike, although Marriott hired it in anticipation of litigation but will not call it as an expert witness.

As the plaintiffs ignore, I have specifically found that Marriott hired CrowdStrike in anticipation of litigation. In ECF No. 718, I stated,

> In his declaration, Hoffman indicates that BakerHostetler, a law firm, did not have the technical tools and expertise to investigate network intrusions. BakerHostetler, therefore, retained CrowdStrike, a cybersecurity firm. As I explained in a prior Report and Recommendation, the retention of CrowdStrike was accomplished by a contract among three parties, CrowdStrike, Marriott, and BakerHostetler (ECF No. 707 at 2).
>
> Hoffman, "[w]ith Marriott internal legal counsel and members of Marriott's Global Information Security (IS) team," developed an "internal Marriott response team dedicated to supporting the investigation I was directing CrowdStrike to conduct" (Exhibit B ¶19). The team included members of Marriott's GIS team and technical professionals from Accenture who provided CrowdStrike with access to "Starwood's network and devices [and] provided necessary

4

> information about the Starwood network," which "supported my [Hoffman's] iterative fact-finding requests of the investigation" (Exhibit B ¶ 19).
>
> As the investigation progressed, "my firm and I provided legal advice based on various contractual, regulatory, and compliance issues that needed to be addressed and evaluated based on findings" yielded by the investigation (Exhibit B ¶ 19).
>
> Hoffman directed the "actions and analysis" by the CrowdStrike investigators from the start of the investigation to its conclusion. During the investigation, Hoffman provided instructions and questions to the investigators as they worked (Exhibit B, ¶ 20). He also directed the deployment of certain tools to provide information so that he could advise Marriott "about potential legal obligations, such as reporting obligations under breach notification laws and the contents of potential reports to these regulators as well as to develop strategic advice for Marriott in anticipation of potential legal liability, including litigation and enforcement actions" (Exhibit B ¶ 23).

ECF No 718 at 11–12. See ECF No, 634 at 1–3, No. 707.

I credited Hoffman's statement that Marriott hired CrowdStrike so that his firm could advise his client, Marriott, about potential legal obligations in anticipation of "litigation and enforcement actions." I have therefore already concluded that Marriott hired CrowdStrike in anticipation of litigation. Judge Grimm has affirmed my doing so, and I will not revisit it (ECF No. 808 (law of the case); Carlson v. Bos. Sci. Corp., 856 F3d 320, 325 (4th Cir. 2017) [same]).

Because Marriott hired CrowdStrike in anticipation of litigation, the plaintiffs are not entitled to ascertain the facts known or the opinions held by CrowdStrike unless they show exceptional circumstances "under which it is impracticable for the party to obtain facts or opinions on the same subject by other means" (Fed. R. Civ. 26[b)(4)(D)(ii). The plaintiffs do not acknowledge that requirement. Instead, they premise their entitlement to the documents in issue on their substantial need for them (letter of July 1, 2021, at 4–5). However, as I have explained, that is the wrong standard for the discovery they seek. I, therefore, must find that there is no legal basis for their application.

Conclusion

I recommend that the relief sought in the plaintiffs' letter of July 1, 2021, be denied.

*John M. Facciola*

July 12, 2021