UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

IN RE MARRIOTT INTERNATIONAL INC.
CUSTOMER DATA SECURITY
BREACH LITIGATION

         MDL NO. 19-MD-2879

          (JUDGE GRIMM)

THIS DOCUMENT RELATES TO THE CONSUMER
TRACT

**Report and Recommendation**

  The plaintiffs retained 4 Discovery to examine their electronic devices. Marriott has served that company, pursuant to Fed. R. Civ. P. 45, with a subpoena that seeks documents and 4 Discovery's deposition. The plaintiffs have moved this Court for a protective order against enforcement of the subpoena. 4 Discovery, however, has moved the United States District Court for the Northern District of Illinois ("the Northern District" ) to quash the subpoena.

  Marriott's counsel has explained that it has been conferring with counsel for 4 Discovery to resolve 4 Discovery's objections to the subpoena and is hopeful that it and 4 Discovery will reach an agreement

1

that will lead to 4 Discovery withdrawing its motion to quash in the Northern District of Illinois.

The plaintiffs and Marriott ask me to resolve nevertheless the issues presented by the plaintiffs' motion for a protective order immediately. While I accepted that invitation, I now believe that doing so was improvident. My research convinces me that this Court cannot act unless and until 4 Discovery withdraws its motion in the Northern District of Illinois and that Court dismisses the matter.

The principle inhibiting me is comity, i.e., the prohibition against two courts considering the same matter simultaneously. Payaguaje v. Page, 768 F.3d 332 (4th Cir. 2014). See, e.g., Ulmet v. United States, 888 F.2d 1028, 1031 (4th Cir. 1989). The court's decision in *Payaguaje* is dispositive of this case.

*Payaguaje* involved the sprawling Chevron-Donziger litigation.[1] By the time the case had reached the 4th Circuit Court of Appeals, the Second Circuit had decided the very issue before the 4th Circuit in the appeal. The 4th Circuit, however, refused to consider the appeal. The court insisted that it "was all the more appropriate" to avoid "spawn[ing] conflicting judgments as to the very same subject matter. " *Payaguaje*, 768 F.3d at 335.

This court is in an identical position until the Northern District acts. If the negotiations between Marriott and 4 Discovery collapse, the

---

[1] The litigation seemed at times to involve every magistrate judge in the country. I was then one of them, but my involvement in the Chevron-Donziger litigation has nothing to do with the *Payaguaje* case.

2

Northern District will have to decide whether to grant 4 Discovery's motion to quash the subpoena for documents. Meanwhile, Marriott asks this Court to order the production of the very same documents even though the Northern District may grant the motion to quash and prohibit their production. Conversely, the plaintiffs ask this Court to prohibit the production of the documents, which Marriott demands even though the Northern District may deny the motion to quash and order 4 Discovery to produce the documents. That conflict is, in my view, insuperable under the *Payaguaje* case. It requires me to recommend that Judge Grimm order me to do nothing until we are certain that the Northern District has dismissed the motion to quash that 4 Discovery has filed.

## Recommendation

Judge Grimm should order me to do nothing until the Northern District has resolved the motion to quash that 4 Discovery has filed.

*John M. Facciola*

August 3, 2021