# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

IN RE MARRIOTT INTERNATIONAL INC.
CUSTOMER DATA SECURITY
BREACH LITIGATION

MDL NO. 19-MD-2879

(JUDGE GRIMM)

THIS DOCUMENT RELATES TO THE CONSUMER TRACT

## REPORT AND RECOMMENDATION

Paragraph 5 of the Stipulated Protective Order and FRE 502(D) and (E) Clawback Order (ECF Nos. 271 and 272) permits the parties to challenge the other party designations that certain documents be deemed "confidential." Doing so qualifies the document for treatment as confidential and thereby entitled to the protections authorized by paragraphs 6 through 11 of that Order.

The plaintiffs' recent Motion for Class Certification (ECF 858) is supported by several sealed documents. Marriott and the plaintiffs anticipate that they each may object to the other party's designation of a document as confidential during the briefing of that motion. The parties have commendably agreed to the following stipulation as to the timing of their challenges:

> The parties agree to exchange challenges to the confidentiality designations made for materials filed in conjunction with the class certification briefing, within 7 days of the filing of plaintiffs' reply in support of its motion for class certification. The parties shall then meet and confer on those materials within 7 days. And the parties may bring any challenge to unresolved

1

> confidentiality designations within 14 days after that
> (either to Judge Facciola or Judge Grimm). This too will
> allow the consistency of rulings and promote judicial
> efficiencies. With respect to the confidentiality
> designations made for deposition testimony and exhibits,
> but not used in the parties' class certification briefing, so
> long as the confidentiality designations were timely
> made, challenges, if any, will follow the above sequence.

They have, however, reached impasse on a final issue. Marriott asks that the stipulation provide that: "Such challenges may not be brought until 14 days after the Court's resolution of confidentiality challenges made after the briefing of class certification." That is not acceptable to plaintiffs who propose instead that: "Such challenges may not be commenced until 14 days after the Court's receipt of all confidentiality challenges made after the briefing of class certification."

Thus, Marriott would await the Court's resolution of the challenges to any confidentiality designations while the plaintiffs would not.

While Marriott is correct to point that the Court's resolution of the confidentiality challenges may aid the parties in reaching agreement on the outstanding challenges, I fear that we would also be creating a "dead time" zone where the parties would be prohibited from resolving any challenges to documents that may not have been used in the briefings of their motions and oppositions. I would imagine that in this case, like any other case, there will be many documents, yielded by discovery, that will never see the light of evidentiary day. The parties may promptly agree that it is inconceivable that such documents will ever be offered an exhibit to a brief or at trial. I believe that the parties eliminating those documents in their meeting and conferring will be useful. In my view, their determination that it is inconceivable that a document will be an exhibit will be

neither aided nor retarded by Judge Grimm (or my) resolution of the challenges to the confidentiality designations of the exhibits filed in the parties briefing of the motions and oppositions they submit.

## Recommendation

I therefore recommend that the Court accept the plaintiffs' proposal and issue the following order:

> The parties will exchange challenges to the confidentiality designations made for materials filed in conjunction with the class certification briefing, within 7 days of the filing of plaintiffs' reply in support of its motion for class certification. The parties shall then meet and confer on those materials within 7 days. And the parties may bring any challenge to unresolved confidentiality designations within 14 days after that (either to Judge Facciola or Judge Grimm). With respect to the confidentiality designations made for deposition testimony and exhibits, but not used in the parties' class certification briefing, so long as the confidentiality designations were timely made, challenges, if any, will follow the above sequence. Such challenges may not be commenced until 14 days after the Court's receipt of all confidentiality challenges made after the briefing of class certification.

*John M. Facciola*

August 3, 2021