**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **IN RE: MARRIOTT INTERNTIONAL,** | * | |
| **INC., CUSTOMER DATA SECURITY** | | |
| **BREACH LITIGATION** | * | **MDL No. 19-md-2879** |
| | | |
| ***CONSUMER ACTIONS*** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This memorandum opinion addresses the motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2) by plaintiffs Janel Sempre and Mary Ann Miller. Sempre and Miller's claims are part of the Consumer Track of the multidistrict litigation ("MDL") pending before me regarding a data breach of the Marriott-owned Starwood Hotels and Resorts. Sempre and Miller were selected by Plaintiffs' counsel to be bellwether plaintiffs for pretrial proceedings in the Consumer Track, but refused to complete discovery ordered by this Court and filed their motion for voluntary dismissal without prejudice on the eve of class certification briefing.[1] Marriott argues that Sempre and Miller's claims should be dismissed with prejudice and with adverse inferences. For the reasons discussed below, Sempre and Miller's motion is granted in part and denied in part as follows: their claims are dismissed, but with prejudice. No adverse inferences are granted.

**Factual Background**

The background of this case has been summarized in prior Memorandum Opinions. *See, e.g.*, Memorandum Opinion, ECF No. 540, published at *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 440 F. Supp. 3d 447 (D. Md. 2020). In short, in 2018 Marriott discovered that

---

[1] The motion is fully briefed. *See* ECF Nos. 833 (Pl. Mot), 853 (Def. Resp. sealed), 854 (Def. Resp. redacted), 872 (Pl. Reply). A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021).

it was the victim of one of the largest data breaches in history.  Second Amended Consolidated Complaint ("Compl."), ECF Nos. 413 (sealed), 537 (redacted), ¶ 1.  The cyberattack took place on a guest reservation database of Starwood Hotels and Resorts, which Marriott acquired in 2016. Compl. ¶¶ 1, 98, 172–93.  Approximately 75 class actions suits brought by consumers were consolidated into a Consumer Track of this MDL.  The Second Amended Consolidated Complaint in the Consumer Track now includes claims from all 50 states and the District of Columbia comprising 96 separate causes of action under theories of tort, contract, and consumer protection statutes.  To manage the pretrial process in the Consumer Track, the Plaintiffs and Marriott selected ten "bellwether" claims to test the sufficiency of the pleadings.  *See* ECF No. 368 (selection of bellwether claims).  Each party selected five claims, consisting of a cause of action and a jurisdiction from the Second Amended Consolidated Complaint, brought by representative plaintiffs from the relevant jurisdiction.  *Id.*  For their claim of negligence per se under Georgia Law, Plaintiffs selected Miller along with Brent Long and David Viggiano as class representatives. *Id.*  For their claim under the California Unfair Competition Law, Plaintiffs selected Sempre along with Robert Guzikowski, Denitrice Marks, and Maria Maisto as class representatives.  *Id.*

Marriott filed a motion to dismiss the ten bellwether claims, which was denied for all the claims except one.  *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 440 F. Supp. 3d 447 (D. Md. 2020).  The parties then proceeded with discovery for approximately two years.  *See* ECF No. 816.  A discovery dispute arose when Marriott sent a request for a forensic examination of the bellwether plaintiffs' personal devices.  Consumer Plaintiffs objected to this request on the basis that it was highly intrusive, sought information that was not relevant, and disproportionate

to the needs of the case.  The parties briefed the issue before Special Master Facciola.  Judge[2] Facciola issued a Report and Recommendation, finding that the information sought was relevant and recommending a search protocol that would be proportionate to the needs of the case.  ECF No. 752.  Plaintiffs objected to the Special Master's Report and Recommendation, and the parties briefed the issue before me.  ECF Nos. 757, 760.  I held a hearing on March 24, 2021, adopted the Special Master's Report and Recommendation, and ordered the bellwether plaintiffs to submit their personal devices for forensic imaging.  *See* ECF No. 768 (Transcript of Proceedings).  I found that the discovery was relevant to, at a minimum, the issue of causation, and, as ordered by the Special Master, was proportional to the needs of the case.  *Id.* at 16–25.  This ruling was summarized in a Letter Order.  ECF No. 770.

Sempre and Miller, however, refused to comply with my order and submit their devices for forensic imaging.  In accordance with the case schedule, which has been revised numerous times to accommodate the parties, discovery has now closed.  Consumer Plaintiffs have filed their motion for class certification on the bellwether claims.  ECF No. 858.  Two weeks prior to filing that motion, Sempre and Miller filed the instant motion for voluntary dismissal of their claims without prejudice.  ECF No. 833.  I issued a paperless order setting a briefing schedule for the motion.  ECF No. 836.  The motion is now ripe for review.

## Discussion

Federal Rule of Civil Procedure 41(a)(2) provides that where, as here, the opposing party has served an answer, a plaintiff may voluntarily dismiss his or her claim by request "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The purpose of Rule

---

[2] Special Master Facciola is a retired United States Magistrate Judge.  I will refer to him in this Memorandum as "Judge" Facciola, as that is an honorific that he has well earned.

41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 178 (4th Cir. 2008). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). In deciding a Rule 41(a)(2) motion, "a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x at 178–79 (quoting *Davis v. USX Corp.*, 819 F.2d at 1273); *see also Visual Min., Inc. v. Ziegler*, No. PWG-12-3227, 2014 WL 690905, at *4 (D. Md. Feb. 21, 2014).

Here, these factors weigh in favor of Marriott. First, Marriott has expended considerable effort and expense conducting discovery on Sempre and Miller's claims. Plaintiffs selected Sempre and Miller as bellwether plaintiffs, and after motion to dismiss briefing in which their claims survived, the parties have engaged in nearly two years of discovery. Portions of that time were spent specifically on Sempre and Miller's claims, including preparing interrogatories and document requests, following up on these requests, and reviewing responses. Depositions of Sempre and Miller were scheduled but then cancelled. While it is true that not all this time was wasted, as the preparation and review of discovery materials for Sempre and Miller may be relevant to other plaintiffs, it is undisputed that Marriott spent time and money conducting discovery on Sempre and Miller's claims. Therefore, this factor weighs in favor of Marriott.

The second factor, excessive delay, also weighs in Marriott's favor. After nearly two years of discovery, Sempre and Miller requested voluntary dismissal without prejudice on June 28, 2021, two weeks before class certification briefing on the bellwether claims was due. This effect of this

delay is mitigated somewhat by the fact that Plaintiffs were meeting and conferring with Marriott regarding dismissal of Sempre and Miller as early as May 2021 and notified the Court of this fact on May 25, 2021.  The impact for any future delay is also mitigated because there are other bellwether plaintiffs remaining for the Georgia negligence per se and California Unfair Competition Law causes of action.  Even so, the result is that after nearly two years of discovery, Sempre and Miller are requesting dismissal on the eve of class certification briefing, and therefore this factor weighs somewhat in Marriott's favor.

       The third factor, explanation for voluntary dismissal, also weighs in Marriott's favor. Sempre and Miller provide declarations stating that they are withdrawing from this case due to privacy concerns after I ordered forensic imaging of the plaintiffs' devices.  ECF Nos. 872-1, 872-2.  While I appreciate that Sempre and Miller have privacy concerns regarding discovery, their discovery obligations should be no surprise.  Plaintiff's counsel in this case were also counsel for the plaintiffs in *In re Anthem, Inc. Data Breach Litigation*, 5:15-md-02617-LHK (N.D. Cal.) – another data breach MDL.  In that case, just like here, the court ordered forensic imaging of the plaintiffs' devices.  Two of the plaintiffs did not want to comply with the court's order due to privacy concerns and were dismissed with prejudice.  *In re Anthem, Inc. Data Breach Litigation*, ECF No. 700 at 6:14-17.  Therefore, the discovery obligations and consequences for failing to comply with discovery orders in a data breach MDL should have been well known to plaintiffs. Moreover, the Stipulated Protective Order regarding discovery material in this case was heavily negotiated by counsel for Plaintiffs and Marriott, and amended several times, and provides that discovery information can only be used to prosecute, defend, or settle the case, and contains additional protections for Highly Confidential Information and Confidential Information.  ECF No. 552 § 6(a).  Thus, the parties and the Court have spent significant time addressing plaintiffs'

privacy concerns for discovery information.  Therefore, while I appreciate Sempre and Miller's concerns, the adequacy of their explanation at this stage falls short of mitigating prejudice to Marriott.

The fourth factor – the stage of litigation – weighs decisively in Marriott's factor and is the most important factor in the context of this dispute.  As explained above, the Court is managing the Consumer Track of this MDL through a bellwether process designed to allow the parties to test their claims and defenses.  Marriott and Plaintiffs each selected five causes of action and corresponding bellwether plaintiffs.  Sempre and Miller were chosen by Plaintiffs.  After motion to dismiss practice and nearly two years of discovery, Sempre and Miller have refused to comply with this Court's order regarding forensic discovery of their devices and filed for voluntary dismissal on the eve of class certification.  This prejudices Marriott in several ways.

First, Sempre and Miller's refusal to participate in forensic discovery and their request for dismissal on the eve of class certification briefing deprives Marriott of the ability to discover whether Sempre and Miller's alleged damages were caused by Personal Identifying Information ("PII") scraping malware.  This is relevant not only to the underlying merits of their claims, but to the class certification issue of predominance, in which the Court must assess whether individual issues predominate over common ones.

Second, Marriott argues that other discovery suggests that Sempre and Miller's claims had weaknesses that were relevant to the merits and the class certification issue of predominance. Specifically, Marriott argues that although Miller claimed misuse on her payment card traceable to the Marriott data breach, discovery revealed that the alleged fraudulent charges appeared on a business card, not her personal card, so she did not suffer any injury from misuse.  In addition, the allegedly fraudulent charge occurred at a business in the city where she lives, suggesting it was a

case of a lost card and not related to the Marriott data breach.  As to Sempre, Marriott argues that Sempre's claim under the California Unfair Competition Law requires her to show tangible lost money or property.  While Sempre alleges that she purchased credit reporting services, Marriott argues that a telephone call between Sempre and her bank shows that she accidentally enrolled in the credit reporting services unrelated to the Marriott data breach.  Marriott also argues that Sempre claimed fraudulent activity for a specific card number but did not identify that card as one that she provided to Starwood.  Without deciding the merits of these arguments, Sempre and Miller's withdrawal at this stage prejudices Marriott's ability to address these issues in the class certification briefing, where the Court will be required to assess whether individual issues like these predominate over common ones.

Third, and relatedly, the Court must be careful to avoid distortion of the bellwether process – whether intentional or not – or the value of the results and the parties' and the Court's effort over the last several years will be diminished or lost.  The purpose of the bellwether process is to allow the parties to test the sufficiency of a select set of claims without litigating all the claims at once. If claims or plaintiffs are selectively dismissed after they have been chosen by the parties, this could distort the results of the process such that the remaining plaintiffs or claims are not representative of the larger group.  This principle has been recognized in the Guidelines and Best Practices for Large and Mass-Tort MDLs by the Bolch Judicial Institute at Duke Law school – a product of five years of bench-bar MDL conferences hosted by the Duke Law Center for Judicial Studies.  Best Practice 1E(iv) advises: "The transferee judge should adopt rules that will minimize the risk that parties will attempt to 'game' the bellwether trial-selection process to result in test trials of cases that are not representative of the entire case pool."  Duke Mass Tort Conference (Second),        Best        Practice        1E(iv),        at        26        available        at

https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch.   Similarly,

the Federal Judicial Center warns: "Permitting plaintiffs to dismiss cases on the eve of trial also

can distort the information provided by bellwether trials."  Fed. Judicial Ctr., Nat'l Ctr. For State

Courts, U.S. Judicial Panel on Multidistrict Litig., Coordinating Multijurisdictional Litigation: A

Pocket Guide for Judges 12 (2013).  Of course, the need to protect the integrity of the bellwether

process does not preclude the Court's discretion to grant a motion to voluntarily dismiss a

bellwether plaintiff without prejudice in a particular instance.  Indeed, the parties previously agreed

to, and I approved, the voluntary dismissal without prejudice of two bellwether plaintiffs who

withdrew for personal reasons.  *See* ECF Nos. 676, 678; 850, 851.  However, I find that Sempre

and Miller's request for dismissal here, after refusing to provide Marriott discovery relevant to its

defenses that was ordered by the Court on the eve of class certification, falls squarely within the

risk of distortion that the Court must be careful to avoid.  Therefore, for these reasons, the fourth

factor – the stage of litigation – weighs heavily in Marriott's favor.

Considering these four factors together, I find that Sempre and Miller's voluntary dismissal

without prejudice would result in legal prejudice to Marriott.  Therefore, to grant dismissal, I must

determine what terms would be proper to cure this prejudice.  *See Davis v. USX Corp.*, 819 F.2d

at 1273 ("Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district

court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which

may otherwise result from dismissal without prejudice."); *Walker v. Trans Union, LLC*, No. PWG-

16-3926, 2017 WL 4786625, at *2 (D. Md. Oct. 24, 2017) (quoting *Davis*).  Marriott argues that

the proper terms of dismissal should be dismissal with prejudice and with two adverse inferences.

First, that a forensic examination of Sempre and Miller's devices would have revealed PII scraping

malware.  And second, that Sempre and Miller's alleged injuries cannot be traced to Marriott.

A claim may be dismissed with prejudice under Rule 41(a)(2) if the court consider it to be a proper term of dismissal and states it in the order of dismissal. *See* Fed. R. Civ. P. 41(a)(2) (stating that dismissal may be granted "on terms that the court considers proper" and that "unless the order states otherwise" dismissal is without prejudice).  In addition, the plaintiff must have notice that dismissal with prejudice is a possibility and have an opportunity to respond to a defendant's arguments for dismissal with prejudice. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986).  Here Sempre and Miller did have notice of the potential for dismissal with prejudice and had an opportunity to respond.  In their motion for dismissal, Sempre and Miller acknowledged that Marriott would not agree to a dismissal without prejudice and instead sought their dismissal with prejudice.  Pl. Mot. at 1.  I issued a Paperless Order noting this dispute and setting a briefing schedule for Marriott's response and Plaintiffs' reply.  ECF No. 836.  Marriott filed its response, arguing for dismissal with prejudice and adverse inferences; Plaintiffs responded to these arguments.  ECF Nos. 854, 872.  Therefore, Plaintiffs had both notice and an opportunity to respond to arguments that Sempre and Miller's claims could be dismissed with prejudice.  With that in mind, I must now determine whether dismissal with prejudice and/or adverse inferences are appropriate.  Several cases are instructive.

As described above, in *In re Anthem, Inc. Data Breach Litigation*, another data breach MDL, the court ordered the plaintiffs to comply with a forensic examination of their devices.  Like here, two plaintiffs refused and requested dismissal without prejudice.  And, like here, the defendant requested dismissal with prejudice and with adverse inferences.  Judge Koh ruled on the dispute during a hearing, finding dismissal with prejudice to be fair.  *In re Anthem, Inc. Data Breach Litigation*, ECF No. 700 at 8:11-12.  However, Judge Koh found an adverse inference to be premature and instead ordered the parties to confer whether other plaintiffs could serve as

substitutes.  *In re Anthem, Inc. Data Breach Litigation*, ECF No. 697.

In *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157 (5th Cir. 2010) the Fifth Circuit considered a district court's dismissal with prejudice of a bellwether plaintiff, Raymond Bell, in an MDL involving formaldehyde exposure from FEMA trailers used for shelter after Hurricanes Katrina and Rita.  In that case, Bell requested a continuance or voluntary dismissal without prejudice after discovery was concluded and a bellwether trial had been scheduled several months away.  The district court denied the request and instead dismissed Bell with prejudice.  The Fifth Circuit affirmed.  It explained:

> Bell wanted to have his cake and eat it by withdrawing from a bellwether trial and then sitting back to await the outcome of another plaintiff's experience against the appellees. When a plaintiff files any court case, however, sitting back is no option. He must be prepared to undergo the costs, psychological, economic and otherwise, that litigation entails. That the plaintiff becomes one of a mass of thousands pursuing particular defendants lends urgency to this reality. Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial. Any individual case may be selected as a bellwether, and no plaintiff has the right to avoid the obligation to proceed with his own suit, if so selected.

*In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d at 163.  The Fifth Circuit also found dismissal with prejudice appropriate because "[i]f it permitted Bell to dismiss without prejudice, it would set a precedent that other plaintiffs could use to manipulate the integrity of the court's bellwether process" and "[a]llowing Bell to receive a dismissal without prejudice at this stage of his case, on the flimsy basis Bell offered, and at a critical stage in the bellwether process threatened to defeat the court's management effort."  *Id.* at 164-65.  Therefore the district court's dismissal with prejudice "was not so much a sanction against Bell as a necessary device to maintain an orderly resolution of the massed cases."  *Id.* at 165.

I find the reasoning of these cases persuasive and that dismissal with prejudice to be an appropriate term of dismissal here.  Like the plaintiffs in *In re Anthem*, Sempre and Miller refused

to comply with the Court's orders regarding forensic discovery, despite the fact that such discovery was entirely foreseeable. Like the plaintiff in *In re FEMA*, Sempre and Miller were selected as bellwether plaintiffs, but now ask the Court for permission to "sit back" and take advantage of any class settlement or judgment without proceeding with their claims. Therefore, as the courts concluded in *In re Anthem* and *In re FEMA* regarding the plaintiffs in those cases, dismissing Sempre and Miller's claims with prejudice here is warranted. In addition, as the Fifth Circuit explained in *In re FEMA*, dismissal with prejudice is appropriate to avoid potential manipulation of the bellwether process and is not specifically entered as a sanction against Sempre and Miller, but rather as part of this Court's effort to reach a just, speedy, and inexpensive resolution of this MDL. *See* Fed. R. Civ. P. 1.

Plaintiffs cite *Will ex rel Gen. Dynamics Corp Sav. & Stock Inv. Plan v. Gen. Dynamics Corp.*, No. CIV. 06-698-GPM, 2007 WL 3145052 (S.D. Ill. Oct. 25, 2007) to support their argument that dismissal should be without prejudice. In that case, one of the plaintiffs did not respond to any discovery requests or appear for his deposition. The defendant moved for dismissal with prejudice as a sanction for failure to cooperate with discovery under Federal Rule of Civil Procedure 37(d). Simultaneously, the plaintiff moved to withdraw as a class representative, which the court construed as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Although the court found that the plaintiff's failure to participate in discovery was "somewhat less than optimal," it found that dismissal with prejudice was not appropriate as a discovery sanction under Rule 37(d). *Gen. Dynamics Corp Sav. & Stock Inv. Plan v. Gen. Dynamics Corp.*, No. CIV. 06-698-GPM, 2007 WL 3145052, at *2. As to the Rule 41(a)(2) motion, the defendant did not argue, and the court did not find, that the defendant would suffer legal prejudice if the plaintiff's claims were dismissed without prejudice. *Id.* Therefore, this case

11

is distinguishable.  Only a Rule 41(a)(2) motion is at issue here.  For the reasons explained above, under Rule 41(a)(2), I do find that Marriott would be prejudiced by Sempre and Miller's voluntary dismissal.  Accordingly, dismissal with prejudice is appropriate here.

Granting the adverse inferences that Marriott seeks, however, would be a step too far.  In *In re Anthem*, Judge Koh found it premature to grant adverse inferences until it could be determined whether other plaintiffs could be substitutes.  *In re Anthem, Inc. Data Breach Litigation*, ECF No. 697.  Here additional bellwether plaintiffs are already in place for the Georgia negligence per se and California Unfair Competition Law Claims.  Therefore adverse inferences are not required.  Moreover, allowing adverse inferences regarding Sempre and Miller's claims without litigating them could itself lead to a distortion of the bellwether process because it could impact the results without testing the merits of the claims.  This would fail to give the parties an accurate representation of how the bellwether claims relate to the larger set of claims in the Consumer Track.  Therefore adverse inferences are not appropriate terms of dismissal for Sempre and Miller's claims.

## Conclusion

In sum, I find that granting Sempre and Miller's motion for voluntary dismissal without prejudice would lead to legal prejudice to Marriott.  To cure this prejudice, and maintain the orderly management of this MDL, I find that a proper term of dismissal under Federal Rule of Civil Procedure 41(a)(2) is to dismiss Sempre and Miller's claims with prejudice.  Granting adverse inferences against Sempre and Miller, however, is not appropriate.  A separate Order follows.


____August 31, 2021____                          _____/S/_____
Date                                             Paul W. Grimm
                                                 United States District Judge


12