IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

In re: Marriott International Customer Data Security Breach Litig.,

MDL No. 19md2879

Judge Grimm

**THIS DOCUMENT RELATES TO THE CONSUMER TRACT**

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER**

Introduction

By an email dated March 14, 2022, the plaintiffs' counsel brought to my attention a discovery matter and asked me to schedule briefing so that the matter could be resolved by the hearing on April 22, 2022

I now also have letters from all counsel about the matter which, in my view, set out their positions sufficiently. I have decided that I will dispense with any additional briefing and provide the Judge with this Report and Recommendation in the interest of the expedition plaintiffs seek.

**The statute and the regulations**

Marriott is subject to the California Consumer Privacy Act (CCPA). A provision of that statute provides, in pertinent part,:

(b) (1) A business may offer financial incentives, including payments to consumers as compensation, for the collection of personal information, the sale or sharing of personal information, or the retention of personal information. A business may also offer a different price, rate, level, or quality of goods or services to the

1

consumer if that price or difference is reasonably related to the value provided to the business by the consumer's data.

Calif. Civil Code §1798.125

The Attorney General of California has promulgated extensive regulations to guide enforcement of the CCPA. Section W of the definitions of the terms used in those regulations provides:

> (w) "Value of the consumer's data" means the value provided to the business by the consumer's data as calculated under section 999.337.

Final Text of Proposed Regulations, available at https://oag.ca.gov/privacy/ccpa/regs (hereafter "Regs.")

> Section 999.337 of those regulations provides, in turn, :

> A business offering a financial incentive or price or service difference subject to Civil Code section 1798.125 shall use and document a reasonable and good faith method for calculating the value of the consumer's data. The business shall consider one or more of the following:

> (1) The marginal value to the business of the sale, collection, or deletion of a consumer's data.

> (2) The average value to the business of the sale, collection, or deletion of a consumer's data.

> (3) The aggregate value to the business of the sale, collection, or deletion of consumers' data divided by the total number of consumers.

(4) Revenue generated by the business from sale, collection, or retention of consumers' personal information.

(5) Expenses related to the sale, collection, or retention of consumers' personal information.

(6) Expenses related to the offer, provision, or imposition of any financial incentive or price or service difference.

(7) Profit generated by the business from sale, collection, or retention of consumers' personal information.

(8) Any other practical and reasonably reliable method of calculation used in good faith.

Regs.

The Attorney General explains the reason for subsection (w) of the regulations as follows:

> **Subsection (w)** was added to define "value of the consumer's data" as the "value provided to the business by the consumer's data as calculated under section 999.337." This definition was added in response to the CCPA's amendment by AB 1355 (Assem. Bill No. 1355, approved by Governor, October 11, 2019 (2019-2020 Reg. Sess.)) to clarify that the relevant value for determining the permissibility of price or service differences under Civil Code section 1798.125 is the "value *provided to the business* by the consumer's data"in the calculation of the value of the consumer's data.

Final Statement of Reasons at 5, available at https://oag.ca.gov/privacy/ccpa/regs (emphasis original)

## The Report at Issue

The CCPA requires a company subject to the CCPA to file a report that complies with the statute and regulations just quoted.

On March 8, 2022, counsel for Marriott advised counsel for the plaintiffs that it had amended its report on February 28, 2022. In that report, Marriott stated that "the value of a member's Personal Information[1] to Marriott International, solely for the purposes of the CCPA and pursuant to the valuation options mandated by the CCPA regulations, to be on average approximately $.42 per consumer in 2021." Letter of Plaintiffs' Counsel to Marriott's Counsel, Lisa M. Ghannoum, dated March 10, 2022.

## The discovery demanded

The plaintiffs insist that this report should trigger a new round of discovery in which Marriott will (1) supplement its responses to the plaintiffs' interrogatories 33 and 36; (2) produce documents "as to how it [Marriot] reached the valuation of $.42 per consumer" and (3) "provide the name of the most relevant individual who can sit for a limited fact deposition into the CCPA's Statement valuation." *Id.* at 2.

The plaintiffs insist that this information is "unquestionably relevant to this lawsuit." *Id.* They claim that Marriott's February 28, 2022 amendment to its CCPA report "is at odds with its arguments" that Dr. Prince, the plaintiffs' expert, cannot value the class members personal information on a class wide basis. Thus, the discovery it seeks "is relevant to determine how Marriott was able to arrive at a valuation for its customers' Personal Information-a process that Marriott's experts have criticized as unreliable when Plaintiffs did so." *Id.*

---

[1] Hereafter "PII"

4

## Analysis

Marriott has responded to this letter raising several objections. Letter of Gilbert S. Keteltas to the plaintiffs' counsel, dated March 14, 2022.

In my view, the most significant is that the discovery is irrelevant to the issues presently before the Court pertaining to the admissibility of Dr. Prince's opinion that he can (1) derive an inherent value of the plaintiffs' PPI and (2) that his derivation of the damages suffered by the plaintiffs from the loss of that value can support this case proceeding as a class action.

I am familiar with Dr. Prince's report, and I presided over his deposition. The plaintiffs summarize his theory and its relation to their claim that this case should proceed as a class action aptly as follows:

> Professor Prince has also measured the market value of the information that Marriott and Accenture allowed the attackers to steal. Professor Prince's straightforward measure allows the jury to award damages formulaically to all class members (or none) based on the value of the data that was stolen. Professor Prince will explain to the jury: (1) the market prices for which one can legitimately offer and sell personal information; (2) the market for sensitive personal and financial information on the Dark Web; and (3) the prices for which personal data is sold on third-party markets. A jury can apply this objective, market based analysis to determine all class members' losses.

ECF 858-1 at 45 –46(footnotes omitted)

Since that is so, Marriott's report to California of what the regulations describe as (4) "[r]evenue generated by the business from sale, collection, or

retention of consumers' personal information and (7) [p]rofit generated by the business from sale, collection, or retention of consumers' personal information" have nothing to do with Professor Prince's valuation theories or how the revenue and profit Marriott derives from that data supports the plaintiffs' claim for class-wide relief.

California understands that companies like Marriott sell their customers' PII to third parties. Suppose it does and intends to offer its customers some consideration for the right to sell it. In that case, California levels the playing field by forcing Marriott to disclose to them the revenue it generates from doing so. That Marriott generates revenue in a certain amount from the sale of its customers' PII has nothing to do with what that PII is selling for on the Dark Web and the price that stolen PII will bring in the current market. The plaintiffs' demand for discovery based on what Marriott reported as "the value of a member's Personal Information *to* Marriott" (Letter of the plaintiffs' counsel, supra, at 1-2)(emphasis added) fails the fundamental requirement that it be relevant to the issues presently before the Court. F. R. Civ 26(b)(1). I, therefore, recommend that it not be permitted.

*John M. Facciola*

John M. Facciola

Special Master

Dated: March 18, 2022