UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: MARRIOTT INTERNATIONAL, INC.
CUSTOMER SECURITY
BREACH LITIGATION

MDL No. 19-md-2879
JUDGE GRIMM

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER

As I noted in an earlier Report and Recommendation, ECF No. 1003 at 5, adopted ECF No. 1009, counsel have made commendable efforts to resolve their differences regarding the confidentiality designations they made in materials yielded by discovery or filed with the court.

They explained how they resolved their differences in a document entitled Stipulation and Proposed Portion of Special Master Facciola's Report and Recommendation Regarding Parties' Dispute Over Which Materials Should Remain Under Seal ("Stipulation").

In that Stipulation, they described how they resolved their differences and explained how they had isolated the controversies they could not resolve. They set dates for the briefing of the latter. They filed their briefs, and I resolved the issues presented by them in the Reports and Recommendations cited above.

There were several attachments to the Stipulation, including Exhibits A and C. The parties describe them as follows:

1

> The document attached as exhibit A hereto contains two charts. The first chart identifies the remaining dispute regarding defendants' challenges to information currently under seal. The second chart identifies the numerous agreements the parties reached regarding defendants' challenges to information currently under seal. Pursuant to the agreements, certain of the information will remain under seal, and certain of the information will be publicly available via re-filed documents on the court's docket.

<u>Stipulation</u> at 3-4

> The document attached as exhibit C contains two charts. The first chart identifies the remaining disputes regarding plaintiffs' challenges to information currently under seal. The second chart identifies the numerous agreements the parties reached regarding plaintiffs' challenges to information currently under seal. Pursuant to the agreements, certain of the information will remain under seal, and certain of the information will be publicly available via re-filed documents on the court's docket.

<u>Stipulation</u> at 4.

By an email to me, counsel for the parties have requested that Judge Grimm accept their Stipulation, order the parties to comply with it, and order that it be filed. They also request that Exhibits A and C be filed under seal.

2

I agree that this is appropriate. I recommend that the presiding judge issue a paperless order, approve the Stipulation and order the parties to comply with it, and order the Clerk to file it in the court's docket. I further recommend that the Clerk file Exhibits A and C thereto under seal.

_John M. Facciola_
John M. Facciola
Special Master

Dated:
May 3, 2022.