# EXHIBIT

# 1

*Exhibit to Defendants' Opposition to Plaintiffs' Motion for Class Certification*

*In re: Marriott International Customer Data Security Breach Litigation, MDL No. 19-md-2879*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | |
|---|---|
| IN RE: MARRIOTT | * |
| INTERNATIONAL, INC. | |
| CUSTOMER DATA SECURITY | * |
| BREACH LITIGATION | |
| | * |
| | |
| THIS DOCUMENT RELATES TO | * |
| THE CONSUMER TRACK | |
| | * |

MDL No.: 19-md-2879

JUDGE GRIMM

\*   \*   \*   \*   \*   \*   \*   \*         \*   \*   \*   \*   \*   \*   \*   \*

### DECLARATION OF KEVIN T. POINDEXTER VERIFYING AND ADOPTING EXPERT REPORT DATED SEPTEMBER 6, 2021

I, Kevin T. Poindexter, declare:

1. I have been retained by counsel for Defendants as an expert in this matter.  A true and correct copy of my expert report titled "Expert Report of Kevin T. Poindexter" is attached hereto as Exhibit 1.  I hereby adopt its contents and affirm that the statements contained therein are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on the  6  of September, 2021 in Lynchburg, Virginia.

September 6, 2021

By: _____
Kevin T. Poindexter

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**IN RE: MARRIOTT INTERNATIONAL
CUSTOMER DATA SECURITY BREACH
LITIGATION**

**THIS DOCUMENT RELATES TO:
ALL CONSUMER ACTIONS**

MDL No. 19-md-2879

JUDGE PAUL W. GRIMM

**EXPERT REPORT OF KEVIN T. POINDEXTER**

## I.   INTRODUCTION

**1.**    Palo Alto Networks, Inc. ("Palo Alto Networks") has been engaged by Baker & Hostetler

LLP ("Counsel"), on behalf of defendants Marriott International, Inc. ("Marriott International")

and Starwood Hotels & Resorts Worldwide, LLC ("Starwood") (collectively, "Marriott"), and I

have been asked to analyze claims made by the Plaintiffs concerning identity theft resulting from

the Starwood security incident. More specifically, I have been asked to identify publicly available

personal identifiable information available for the individual Plaintiffs in this matter, as well as

identify additional security incidents that they may have been impacted by, outside of the Starwood

incident.

## II.   EXPERIENCE AND QUALIFICATIONS

**2.**    I am a senior consultant with the Unit 42 Security Consulting group at Palo Alto Networks

("Unit 42"), a cybersecurity consulting group specializing in digital forensic investigations, data

breach and computer crime response, and cyber risk management services. I regularly perform

digital forensic acquisitions and examinations of laptop and desktop computers, email and file

servers, handheld/mobile devices, backup tapes, and network logs in civil and criminal cases, internal investigations, and cybercrime engagements. I also work on investigations that involve locating and analyzing open-source intelligence ("OSINT") to attempt to find publicly accessible information about people, ransomware variants, and threat actor groups, and assess the confidence level of information found.

**3.**     Prior to my employment with Unit 42 (formerly known as Crypsis), I served as a full-time sworn law enforcement officer and detective with over 20 years of service. I have more than 10 years of training and experience in digital and mobile forensics, including conducting and overseeing forensic acquisitions and analyses of laptops, desktops, servers, and mobile devices in criminal investigations, civil litigation, and internal investigations. I also spent more than 12 years of my law enforcement career conducting and teaching about organized crime and criminal street gang investigations, which included conducting extensive OSINT analysis on targeted individuals. In addition, I taught volunteer Court Appointed Special Advocates ("CASAs") for the Commonwealth of Virginia's 24th Judicial District how to conduct OSINT research of individuals for the cases they were assigned.

**4.**     I have extensive training and experience in using computer and mobile forensic tools and techniques, including Cellebrite Inspector (formerly Blacklight) and Physical Analyzer (and its mobile collection tools), AccessData Forensic Toolkit, Magnet AXIOM, and X-Ways Forensics. I also have received training in the investigation and analysis of networked and stand-alone computer systems and mobile devices, including the Microsoft Windows, macOS, and Linux operating systems for computers, and Android and Apple iOS operating systems for mobile devices. I have forensically acquired and analyzed hundreds of digital media items, including desktops, laptops, mobile devices, and server computers. I have performed forensic analysis on a

wide range of digital forensic matters, including metadata analysis, file transfers, deletion activity, and electronic document movement chronology among different storage media. I hold active certifications as a Commonwealth of Virginia Certified Law Enforcement Officer, National White-Collar Crime Center Certified Cyber Crime Examiner ("3CE"), Cellebrite Certified Physical Analyst ("CCPA"), and as a Certified Gang Specialist through both the Virginia Gang Investigators Association and Gang Prevention Incorporated.

**5.**     A detailed list of my background, qualifications, and testimony is in my CV, which is attached to this report as Exhibit-01.

**6.**     I reserve the right to supplement this report as warranted considering any additional facts discovered, opinions offered by other experts, other information that I may learn, or for any other appropriate reason. If called to testify in this matter, I also respectfully reserve the right to provide additional opinions and testimony, as appropriate.

**7.**     In connection with any testimony that I am asked to provide in this matter, I may use as exhibits various documents produced in this matter that refer or relate to the topics discussed in this report. In addition, I reserve the right to use animations, demonstratives, enlargements of exhibits, and other information to convey my opinions and the bases for them, as appropriate.

## III.    STATEMENT OF COMPENSATION

**8.**     Palo Alto Networks charges $400 per hour for my professional services in this matter and between $300 and $550 per hour for the professional services of Unit 42 personnel who work at my direction on this matter. Palo Alto Networks also charges $700 per hour for expert testimony. Neither Palo Alto Networks' nor my compensation depends in any way on the outcome of this matter or the substance of my opinions or testimony.

## IV.    MATERIALS CONSIDERED

**9.**    A list of materials that I considered and/or relied upon can be found in Exhibit-02, attached to this report.

## V.    BACKGROUND

**10.**    As an expert in performing OSINT research, I routinely search for publicly available information, including personal information. There is a lot of publicly available personal information. The internet contains a vast amount of data on most individuals in general. Sources of publicly available information include social media platforms, real estate records, civil/criminal court records, government databases, and employment databases. Personal information can be made publicly available intentionally or inadvertently—whether it was originally freely given, stolen, or lost. Malicious actors can misuse publicly available information for unauthorized purposes.

**11.**    I understand that Plaintiffs have alleged that certain incidents of identity theft occurred in this matter. A critical component of understanding how a theft of an individual's identity may have occurred is determining what personal information has been freely given, was stolen, or potentially lost from or to other sources. Personal information was freely given by the Plaintiffs for legitimate business and/or personal reasons over time.

**12.**    Additionally, sharing personal information with an online platform that then experienced a security incident could also have resulted in the theft and subsequent release of sensitive personal information, separate and apart from any security incident that may have occurred at Starwood. Plaintiff names, physical addresses, email addresses, phone numbers, relatives, and many other data points of a personal nature are publicly available and can be found through OSINT research.

13.     Personal information can also be gathered on individuals through the insecure disposal of documents containing sensitive information, as well as the insecure disposal of personal electronic devices and storage media that contain the sensitive personal data.

14.     Personal information can also be inadvertently exposed, in circumstances such as mail containing personal information delivered to the wrong address, the loss of a cellular phone, computer, and/or data storage device.

## VI.     OSINT RESEARCH METHODOLOGY

15.     Examining Plaintiffs' publicly available personal information provides insight into what information is readily available through open sources of information, as well as what personal information is readily available from other security incidents they have been a party to. In an effort to identify publicly available information for the Plaintiffs, my team and I performed OSINT research and created a summary of the identified information for each Plaintiff.

16.     My team leveraged the IntelTechniques Dashboard[1] to expedite the OSINT research. The tool was configured to search for each Plaintiff's information, including names, addresses, phone numbers, emails, and other details that may be attributed to each Plaintiff.

      a.  The initial OSINT searches were conducted using Plaintiff's name(s), state of residence, and physical address (See Exhibit-21).

      b.  Additional data points were identified leveraging information gathered from these initial search terms.

17.     For all identified information, I attempted to corroborate it via multiple sources (where possible). Once these comparisons were finished, my team and I assigned a "Low," "Medium," or

---

[1] The IntelTechniques Dashboard is a custom query tool which allowed my team to enter search terms, in this case Plaintiffs' names and physical addresses, into its various search fields to perform multiple concurrent searches of the public internet. The IntelTechniques Dashboard is commercially available software.

"High" confidence score to each data point. These scores represent how confident I am that the information was not only accurate but attributable to the specific Plaintiff in question.

    **a.**  High Confidence—Information that can be found or corroborated through multiple sources.

    **b.**  Medium Confidence—Information that can be found in a limited number of sources or provides less specific attributable details.

    **c.**  Low Confidence—Single (or dubious) source information that does not provide specific attributable details for the known information.

**18.**    In addition, screenshots and internet addresses ("URLs") of online resources used during this OSINT research were documented for reference for each Plaintiff in Exhibit-03 through Exhibit-20, which are attached to this report.

**19.**    This OSINT research methodology is for targeted searches, which I performed for specific Plaintiffs to identify examples of publicly and readily available personal information associated with them. If I had used paid data aggregation sites like Thomson Reuters CLEAR, Westlaw, LexisNexis Accurint or searched the dark web, I would have expected to find much more detailed personal information on the individual Plaintiffs. As such, I did not leverage these paid services that aggregate publicly available information but relied upon readily available information identified easily through searches of free data sources.

## VI.   PLAINTIFF PUBLIC INFORMATION FINDINGS

**20.**    Types of publicly available information identified via my OSINT research include, but are not limited to, the following:

    **a.**  Name

    **b.**  Age

**c.** Date of Birth ("DOB;" partial in some cases)

**d.** Mailing Address

**e.** Email Address

**f.** Phone Number

**g.** Potential Relatives (including names and ages)

**h.** Social Media or Other Application Account (e.g., Instagram, Facebook, Twitter, LinkedIn, etc.)

**i.** Employment Records

**j.** Voter / Registration Records (and/or political affiliation derived from these or other records)

**k.** Civil and/or criminal legal records

**l.** Data breaches that potentially impacted Plaintiff's information

**m.** Passwords stored in plain text or hashed

**21.** The majority of Plaintiffs had publicly available personal information. For example:

**a.** Over half had publicly available email addresses.

**b.** More than 75% had publicly available phone numbers.

**c.** More than two-thirds had publicly available social media or other online account usernames.

**d.** Employment information was publicly available for half of the Plaintiffs.

**e.** Over 40% of Plaintiffs' dates of birth were publicly available.

**f.** I was able to find personal information for more than half of the Plaintiffs that was impacted in publicly available data breaches from other security incidents,

and these Plaintiffs had passwords that were potentially exposed through these other incidents.

## VII.   CONCLUSION

**40.**     During my OSINT data gathering process, I identified multiple attributable items of personal information with high confidence on 72% (13 of 18) of the Plaintiffs involved in this matter by using initial search terms consisting of their full names and current addresses.

**41.**     I also determined, using publicly available information, that 55% of Plaintiffs had been involved in other security incidents in which their names, usernames/aliases, email addresses, home addresses, phone numbers, and/or passwords had been exposed and which are now publicly available. Had I used paid data aggregation sites or been provided with email addresses for all Plaintiffs (my searches through Have I Been Pwned were based on email addresses I located through publicly available sources) I would expect that the total percentage of Plaintiffs involved in other security incidents would have been even greater.

**42.**     Another important note is that the other-breach information available on websites like Have I Been Pwned is not complete. For example, it often does not include point of sale breaches, which is the most common way credit card information is compromised, and also often does not include other breaches as well. To determine which specific breaches any individual has been affected by and what information was potentially included in those breaches, you would need to ask that individual about notices that he or she had previously received.

**43.**     Based on my training and experience and my analysis in this matter, there is a vast quantity of personal information that is publicly and readily available in association with Plaintiffs, including their names, addresses, dates of birth, usernames and passwords, potential relatives, civil and criminal legal records, employment information, and more. This information came from a variety of free, easily accessible sources, none of which are attributed to the Starwood security incident.

Dated: September 6, 2021                    Respectfully submitted,

Kevin T. Poindexter

# Kevin Poindexter

**Unit 42 by Palo Alto Networks, Inc.**
**Senior Consultant**, March 2019 to Present
McLean, VA

Maintain an active case load of digital forensic engagements in internal investigations, civil matters, and cybercrime engagements. Perform digital forensic acquisitions and examinations on laptop and desktop computers, e-mail and file servers, handheld/mobile devices, and network logs. Types of analysis include (but not limited to) document authentication, the theft or misappropriation of intellectual property or other data, computer hardware forensics and data recovery, and investigations into computer/network intrusions or hacking.

**LYNCHBURG SHERIFF'S OFFICE**
**Sworn Auxiliary Deputy Sheriff**, March 2019 to Present
Lynchburg, VA

Sworn to maintain full Certified Law Enforcement Officer powers, including arrest authority, in the Commonwealth of Virginia.

**LYNCHBURG POLICE DEPARTMENT**
**Detective**, January 1999 to March 2019
Lynchburg, VA

Served as detective and digital forensic examiner in the department's criminal investigations division and forensics unit. Participated in local, state, and federal investigations into a wide array of traditional and cyber-based crimes involving data breaches, wire fraud, and organized crime. Duties included interviewing witnesses, interrogating suspects, completing written reports detailing response, forensic procedures, and evidentiary findings, as well as testifying in court. Provided law enforcement digital forensic imaging, mobile device data extractions, examination, and investigative services for multiple federal agencies including the United States Secret Service, Federal Bureau of Investigation, Bureau of Alcohol Tobacco and Firearms, Department of Health and Human Services, Social Security Administration and the U.S. Department of Homeland Security Investigations, as well as local police and sheriff's departments across the Commonwealth of Virginia.

## EDUCATION

**LIBERTY UNIVERSITY**
B.S., Criminal Justice, May 2010

## Testimony

I have provided investigative testimony in more than 200 court appearances over the past  22 years as a sworn law enforcement officer in both state and federal court. Most of the cases that I have testified in from 2011 to present were related to criminal investigations I conducted and/or subsequent digital forensic examinations that I performed on computers and mobile devices related to various criminal offenses. The cases listed below are cases in which I was qualified and provided testimony as an expert witness in the field of digital forensics.

**United States District Court for the District of Maryland, Southern Division**

*Marriott International Customer Data Security Breach Litigation, MDL No. 19-md-2879, Expert Declaration, March 2021.* Provided written Expert declaration on how the artifacts contained on personal computers and mobile devices are stored, handled, and used effects the user's potential exposure to identity theft/fraud and that a full examination of said devices and the data security methods employed by the user is the only way to determine the extent of exposure.

**Superior Court of The State of California, County of Los Angeles, Central District**

*People v. Armen Tashjin, Expert Declaration - December 2020.* Provided written expert declaration on the authenticity and validity of digital  evidence purportedly acquired from a mobile device for litigation connected to a criminal investigation (Criminal Case# BA438962-01).

**Circuit Court, Bedford County, Virginia**

*Commonwealth v. Kevin Soto-Bonilla – CR17000350 - Capital Murder – 2019.* Provided expert trial testimony leading to a conviction of my acquisition and examination of multiple mobile devices and WhatsApp communications tying defendant's involvement related to a MS-13 gang related homicide.

*Commonwealth v. Victor Rodas – CR17000180 - Capital Murder – 2018.* Provided expert testimony of my acquisition and examination of multiple mobile devices and WhatsApp communications tying defendant's involvement related to a MS-13 gang related homicide.

**Circuit Court, City of Lynchburg, Virginia**

*Commonwealth v. Gary Hicks – CR16000089 – Possession of Child Pornography – 2016.* Provided expert trial testimony leading to a conviction concerning child sexual exploitation material located on defendant's computer.

**Circuit Court, Amherst County, Virginia**

*Commonwealth v. Edward Leroy Marshall, JR. – CR15M15271-03 - 2nd Degree Murder- 2016*, Provided expert testimony leading to a conviction, related to cellphone data connecting the defendant to the homicide.

*Commonwealth v. Cordell Carter – CR14015034-01 – 1st Degree Murder – 2014*. Provided expert testimony leading to a conviction, related to cellphone data connecting the defendant to the homicide.

**Circuit Court, Campbell County, Virginia**

*Commonwealth v. Darrell Wayne Delp – CR14000085 – Aggravated Sexual Battery of multiple children under 13 and Possession of Child Pornography – 2014.* Provided expert trial testimony leading to a conviction, concerning child sexual exploitation material created by defendant which was found on defendant's computer and additional related digital storage media.

**Juvenile & Domestic Relations Court, Nelson County, Virginia**

*Commonwealth v. Kenneth Alan Spratt – CR14000065 - Object Sex Pen: Victim <13 and Possession of Child Pornography – 2014*. Provided expert testimony during a preliminary hearing leading to a guilty plea and conviction, concerning child sexual exploitation material created by defendant which was found on defendant's computer and additional related digital storage media.

## CERTIFICATIONS

Certified Cyber Crime Examiner (3CE), National White-Collar Crime Center (NW3C), January 2019 to Present

Cellebrite Certified Physical Analyst (CCPA), Cellebrite, June 2017 to Present

Cellebrite Certified Operator (CCO), Cellebrite, September 2015 to Present

Virginia Certified Law Enforcement Officer, Virginia Department of Criminal Justice Services, June 1999 to Present

Certified Gang Specialist, Virginia Gang Investigator's Association, January 2007 to Present

Certified Gang Specialist, Gang Prevention, Inc., April 2007 to Present

Blacklight Certified Examiner (BCE), BlackBag Technologies, July 2015 to April 2021

DVR Examiner User Certification, DME Forensics, September 2017 to 2019

AccessData Certified Examiner (ACE), AccessData, April 2012 to 2015

## PROFESSIONAL AND CIVIC AFFILIATIONS

Board Member, Blue Ridge Chapter, Virginia Police Benevolent Association, June 2021 to Present

Associate Member, Association of Certified Fraud Examiners (ACFE), December 2018 to Present

Member, High Tech Crime Investigator's Association (HTCIA), Mid-Atlantic Chapter, March 2017 to Present

Senior Vice President, Blue Ridge Chapter, Virginia Police Benevolent Association, June 2018 to June 2021

Member, Virginia Commonwealth's Attorney's Services Council, Cybercrime Task Force, 2018 to 2019

Affiliate Member, Southern Virginia Internet Crimes Against Children Task Force, 2011 to 2019

Regional Director, Central Shenandoah Region, Virginia Gang Investigator's Association, 2006 to 2019

LPD Member, Lynchburg Sexual Assault Response Team, March 2011 to March 2019

President, Blue Ridge Chapter, Virginia Police Benevolent Association, June 2012 to June 2018

Treasurer/Board Member, Big Brothers & Big Sisters of Central Virginia, June 2011 to December 2017

Founding Member of Youth Education and Support (YES) Program, 2005 to 2006
LPD Member, Lynchburg Sexual Assault Response Team, 2011 to 2019

## DIGITAL FORENSIC TRAINING

**SANS Institute**
September 2019: FOR508: Advanced Incident Response, Threat Hunting, and Digital Forensics

**National Computer Forensic Institute**
February 2018: Network Intrusion Response Program (NITRO)
June 2016: Paraben Mobile Forensics
September 2015: Mobile Device Examiner Course (MDE)

**Teel Technologies**
November 2017: In-System Programming (ISP) for Mobile Devices

**National White Collar Crime Center (NW3C)**
September 2016: Basic Network Intrusion Investigations
August 2016: Intro to Computer Networks
November 2015: Macintosh Forensic Analysis
July 2013: iDevice Forensics
July 2013: Macintosh Triage and Imaging
June 2013: Windows Internet Trace Evidence
May 2013: Windows Artifacts
March 2012: Intermediate Data Recovery & Acquisition
August 2011: Basic Data Recovery & Acquisition (BDRA)

**Digital Intelligence**
April 2012: AccessData Bootcamp
September 2011: EnCase Versatile Preservation & Examination Responder (VPER)
September 2011: Digital Forensics w/ FRED

## AWARDS AND RECOGNITION

Lynchburg Commonwealth's Attorney's Office, Outstanding Police Service Award, Digital Forensics, May 2016
Lynchburg Police Department, Meritorious Service Award, Digital Forensics, May 2016
United States Secret Service, Certificate of Appreciation for Digital Forensic Work, May 2015
Federal Bureau of Investigation, Certificate of Appreciation for Digital Forensic Work, May 2015
U.S. Social Security Administration OIG, Letter of Commendation for Digital Forensic Work, July 2012
Over 100 Lynchburg Police Department Commendations, January 1999 to 2019

## TEACHING AND PRESENTATIONS

General Instructor, Virginia Department of Criminal Justice Services, June 2003 to December 2020
Digital Investigations Instructor, Central Virginia Criminal Justice Academy Digital Forensic Investigations, 2012 to 2019
Gang/Organized Crime Investigations Instructor, Central Virginia Criminal Justice Academy Basic/In-Service Police Academy, 2006 to 2015
Criminal Justice Course Instructor, Liberty University, 2012

Gang Identification Instructor, Virginia Attorney General's Office, 2012

Background Investigations Instructor, Southwestern Virginia Criminal Justice Academy

Virginia Forensic Nurses Annual Conference, November 2009

Virginia Commonwealth Attorney's Service Council, January 2009

Strategic Therapy Associates Annual Conference, May 2008

Virginia Crime Stoppers Annual Conference, 2007

CONFIDENTIAL

**Exhibit-02 – Documents and Materials Considered**

In addition to the specific data sources cited in my exhibits and within the body of my report, the documents and materials I considered include the following:

**Pleadings, Orders and Statements**

"Second Amended Stipulated Protective Order" dated 3/17/2020 (file name: 552 – 2nd Am SPO.pdf)

"Remote Collection Examination Protocol" dated 3/15/2021

**Declaration**

MDL - 2021-03-08 Declaration of Kevin Poindexter.pdf

**Plaintiff Produced Documents**

Appendix A - Marriott Malware Scan Methodology - DRAFT by 4Discovery

Consumer Plaintiffs' Malware Reports by 4Discovery











Exhibit-03



Exhibit-03







Exhibit-04







Exhibit 04







Exhibit-05



Exhibit-05



Exhibit-05



Exhibit-05



Exhibit-05







Exhibit-06



Exhibit 06





Exhibit-06



Exhibit-06



Exhibit-06





Exhibit-06



Exhibit 06



Exhibit 06



Exhibit-06



Exhibit 06



Exhibit 06





Exhibit-07



Exhibit 07



Exhibit 07



Exhibit-07



Exhibit 07



Exhibit 07





Exhibit 07





Exhibit-09





Exhibit-09



Exhibit 09



Exhibit 09



Exhibit-09











Exhibit-10



Exhibit-10



Exhibit-11





Exhibit-12





Exhibit-12



Exhibit-12



Exhibit-12



Exhibit-13





Exhibit-13



Exhibit-13



Exhibit-13



Exhibit-13





Exhibit-14



Exhibit-14



Exhibit-14



Exhibit-14



Exhibit-14



Exhibit-14



Exhibit-14



Exhibit-15



Exhibit-15



Exhibit-15



Exhibit-16



Exhibit-16



Exhibit-16



Exhibit-17



Exhibit-17



Exhibit-17



Exhibit-17



Exhibit-17



Exhibit-17





Exhibit-18





Exhibit-19



Exhibit-19



Exhibit-19



Exhibit-19



Exhibit-19



Exhibit-19





Exhibit-20



Exhibit-20



Exhibit-20



Exhibit-20



| Plaintiff Name | State |
|---|---|
| Anne Marie Amarena | Connecticut |
| Michaela Bittner | Florida |
| Roger Cullen | New York |
| Eric Fishon | New York |
| Laura Gononian (Laura Mayer) | Michigan |
| Robert Guzikowski | California |
| Kathleen Frakes Hevener | Florida |
| Irma Lawrence (Irma Thomas Lawrence) | Florida |
| Brent Long | Georgia |
| Maria Maisto | California |
| Peter Maldini | Maryland |
| Denitrice Marks | California |
| Mary Ann Miller (Mary Ann Howard) | Georgia |
| Paula O'Brien | New York |
| Adam Ropp | Oregon |
| Janel Sempre (Janel Jaenicke) | California |
| David Viggiano | Georgia |
| Bryan Wallace | Michigan |

