UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE: MARRIOTT INTERNATIONAL. CUSTOMER

DATA SECURITY BREACH LITIGATION

                                                           MDL No. 19-md-2879 (D.Md.)

                                                                Judge Paul W. Grimm

### REPORT AND RECOMMENDATION OF THE SPECIAL MASTER

### THIS DOCUMENT RELATES TO THE CONSUMER TRACK

Despite Marriott's appeal of the presiding judge's certifying a class of plaintiffs in the Consumer Track, the plaintiffs and Marriott agreed to proceed with agreed upon discovery into Marriott's providing information to an agency of the state of California. Marriott provided this information to comply with the requirements of the California Consumer Privacy Act (CCPA), Cal. Civ. Code tit. 1.81.5 § 1798.140 (c) (2018). The presiding judge, however, interdicted that discovery and demanded that counsel address whether this court had jurisdiction to permit that discovery despite the pendency of the appeal. See Letter Order of August 30, 2022, ECF 1059.

The presiding judge reminded the parties that:

> The Fourth Circuit, however, follows the traditional rule that filing a notice of appeal divests the district court of jurisdiction except for matters that are collateral to the appeal or in aid of the appeal. See Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014); see also Amaya v. DGS Constr., LLC, No. TDC-16-3350, 2019 WL

>1501584, at *1–3 (D. Md. January 28, 2019) (interpreting *Pub. Citizen* in context of Rule 23(f)).

*Id.*

The plaintiffs try to escape from the principle that filing a notice of appeal divests the lower court of its jurisdiction because the discovery will help the court of appeals and is collateral to the issues presented on appeal. *Id.*

I find the plaintiffs' assertion that this discovery will help the court of appeals unconvincing.

How can the court of appeals be helped in resolving the issues on appeal by the discovery in this court as to another possible basis for class certification not addressed in the appeal?

Second, the word "collateral" is, in my view, often pliable and malleable. Fortunately, the plaintiffs are more specific about what they want to do with the CCPA discovery. They state:

>The discovery may provide the Plaintiffs with a basis to file an entirely new motion for class certification that is not the subject of this appeal concerning their valuation theory. Alternatively, the discovery may provide a basis to revisit the court's previous order denying class certification as to plaintiffs' valuation theory. See, e.g., Lytle v. Griffith, 240 F.3d 404, 407 n.2 (4th Cir. 2011). (noting that a district court appropriately considered an issue and this would "aid" in the appellate process.) As such, the discovery should be permitted.

Letter of September 26, 2022, ECF 1072, at 4.

Marriott answers that :

2

> First, the court presently lacks jurisdiction because whether and to what extent plaintiffs may be entitled to class certification (either by filing a new motion or "revisiting" the order on appeal) is an "aspect[] of the case involved in the appeal." *Griggs*, 459 U.S. at 58.
>
> Specifically, Marriott's appellate briefing asks the Fourth Circuit to resolve whether this Court "erred by certifying classes where every class member waived the right to pursue class litigation." (4th Cir. ECF 22 (App. Br.) at 5.) In making this request, Marriott asks the Fourth Circuit not only to "vacate the district court's certification order but *reverse*" and conclude that the presence of the class waiver outright precludes certification of the certified classes. (*Id.* at 27 (emphasis added).)
>
> The "aspect of the case" on appeal is thus not limited to whether this court erred by deferring the class waiver question but extends to whether class certification should have been granted at all given the class action waiver. After all, resolving whether "[t]he waiver ... forecloses the certification of any of the classes at issue here" (*id.*), necessarily requires the Fourth Circuit to address and resolve the impact of the class waiver on the Rule 23 analysis.

Letter of October 10, 2022, ECF 1076, at 2.

Note, as well, Marriott quotes a 4th Circuit decision that specifically held that a district court may not vacate or amend the order on appeal. *Id.* citing Lewis v. Tobacco Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 10978).

The jurisdiction questions are, therefore, complicated. But I see no reason to reach them now.

First, we have no idea what discovery will yield. If it comes to nothing and plaintiffs do not file the motion, the jurisdictional problem disappears.

3

Second, we cannot assess whether this court has jurisdiction accurately until we see the motion. Right now, we are only theorizing what the discovery may yield and what the plaintiffs' motion will say. It makes more sense to know exactly what we have and get the parties' views as to jurisdiction after it is filed.

I would therefore recommend that the court allow the discovery but stop there. I do not think allowing the discovery (to which Marriott agreed before the court raised the jurisdictional questions) raises any jurisdictional issues. There is no risk, for example, of this court and the court of appeals considering the same issue simultaneously.

I would also recommend that I be permitted to proceed as follows:

I will first direct counsel to advise me when the discovery is completed. I will then order the plaintiffs to file whatever motion they are going to file by a date certain. At that point, the jurisdictional issues ripen. After I see what the plaintiffs have filed, I shall decide whether the briefing counsel have submitted on the jurisdictional issues suffices or I should order additional briefing.

I, therefore, recommend that the parties be permitted to proceed with the discovery and that I be given permission to proceed thereafter as I have just described.

_John M. Facciola_
John M. Facciola

Special Master

4