IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: MARRIOTT INT'L CUSTOMER
DATA SECURITY BREACH LITIGATION            MDL 19-md 2879

**JUDGE GALLAGHER
SPECIAL MASTER
FACCIOLA**

**THIS DOCUMENT RELATES TO THE GOVERNMENT TRACK**

**REPORT AND RECOMMENDATION**

## I. Introduction

The City of Chicago ("Chicago") seeks that this court fine Marriott for knowingly violating the Illinois Personal Information Protection Act, 815 ILCS 5005/2z, which is also a violation of the Municipal Code of Chicago ("MCC") section 2-25-090(a). Amended Complaint, ECF No. 294.

Chicago complains that Marriott, while conducting trade of commerce in Chicago, (1) failed to protect its Chicago customers from a significant data breach; (2) failed to respond to that breach adequately; and (3) never implemented safeguards that would have prevented the breach, detected it sooner, and mitigated its effect. ECF NO. 294, para 83–86 at 24.

Chicago's complaint has survived Marriott's motion to dismiss because Chicago lacked standing and its motion for summary judgment in which Marriott argued that Chicago's enforcement of MCC section 2-25-09 exceeded the City's home rule authority under the Illinois Constitution. City of Chicago v. Marriott Int'l Inc., MDL-19 md 2879, ____ F. Supp. 3d ____, 2022 US Dist. Lexis 163004 (Sept. 8, 2022).

In litigating that motion, Marriott and Chicago engaged in discovery, but not discovery directed at how the breach occurred and what efforts Marriott should

1

have made to prevent and ameliorate it. Indeed, neither Marriott nor any of the plaintiffs in this Multidistrict Litigation (MDL) have engaged in discovery into the questions of Marriott's liability for the breach. Instead, the Consumer Track plaintiffs and Marriott engaged in discovery into class certification.

Judge Grimm ultimately ruled that the Consumer Track plaintiffs had established their right to proceed as a class action as to one theory of damages but not another. In re Marriott Int'l Inc., 341 F.R.D 128 (D. Md. 2022). Marriott has been permitted an interlocutory appeal from that portion of Judge Grimm's opinion that disfavored it. Marriott and the Consumer Track plaintiffs then agreed to stay discovery pending that appeal except for discovery pertaining to information that Marriott had provided to California required by the California Consumer Privacy Act ("CCPA"). Judge Grimm accepted that agreement. ECF 1041.

Judge Grimm became concerned, however, that this court lacked jurisdiction to permit that discovery while the appeal was pending. After the parties briefed the issue, I submitted a Report and Recommendation that found the court could permit the CCPA discovery. ECF 1079. Judge Grimm accepted my Report and Recommendation over Marriott's objection. Letter Order, ECF 1086. Thus, as the matter now stands, the Consumer Track plaintiffs and Marriott will engage in the CCPA discovery unless the court of appeals interdicts it. See F.R.Civ. 23(f). Any discovery as to whether Marriott could have prevented the breach or reported it more swiftly than it did will await the court of appeals' decision and the presiding judge's lifting the stay of discovery.

Chicago, however, wants to go home to, well, Chicago and start discovery on Marriott's liability under MCC section 2-25-09 and then proceed to trial. It asks this court to recommend to the MDL Panel that its case be removed from this MDL and remanded to the United States District Court for the Northern District of Illinois (the "Northern District"). Chicago wants to commence discovery even

2

though discovery between the Consumer Track plaintiffs and Marriott devoted to Marriott's asserted failure to prevent the breach and to give timely notice it had occurred is stayed. Letter of Sept. 22, 2022, ECF 1070.

I cannot recommend such a course of action. First, the courts have recommended that a case be transferred from the MDL to the transferor court only when the discovery in the case to be transferred is specific to that case. That is certainly not true of the discovery Chicago will seek from Marriott if Chicago's case is transferred.

Second, a transfer would defeat the purpose of the MDL Panel assigning all the cases involving the Marriott data breach to this court by creating duplicative discovery on identical issues in two courts.

## II. The discovery Chicago will seek is not case specific

Under the MDL statute, the transferee court may suggest to the MDL Panel that a case be remanded to the transferor court. Rule 10.1(b) of Rules of Procedure on the United States Judicial Panel on Multidistrict Litigation. Pursuant to the MDL statute, the Panel must remand MDL member cases to the district from which they were transferred "at or before the conclusion of" coordinated or pretrial proceedings. 28 U.S.C. 1407 section (a). See In re Brand-Name Prescription Drugs Antitrust Litigation, 264 F. Supp. 2d 1372, 1375 (JPML 2003) ("The plain language of section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion").

The courts have uniformly held they will make such a recommendation before the completion of pretrial proceedings only upon a showing of good cause. In re Ocwen Fed. Bank FSB Mortgage Servicing Litigation., No. 04 C 2714, 2012 US Dist. Lexis 110715 *2 (ND Ill. Jul. 16, 2012) quoting In re Ameriquest Mortg.

3

Lending Practices Litigation., No. 05 C 7097, 2010 US Dist. Lexis 33867 at *2 (ND Ill. Apr. 6, 2010). *Accord*: Wang v. Bear Stearns Cos., No. 11 Civ. 5643, 2013 US Dist. Lexis 97794 * 2 (SDNY July 2013); In re Merrill Lynch Auction Rate Sec. Litig., No. 09 MD 2020 (LAP), 2010 US Dist. Lexis 60254 (SDNY Jun. 11, 2010).

The Panel considers the recommendation of the judge presiding over the MDL case significant and has stated:

> In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. See, e.g., In re: IBM Peripheral EDP Devices Antitrust Litigation, 407 F. Supp. 254, 256 (Jud. Pan. Mult. Lit. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that the MDL judges perceive their role under Section 1407 to have ended. In re Air Crash Disaster Near Dayton, Ohio, on Mar. 9, 1967, 386 F.Supp. 908, 909 (Jud. Pan. Mult. Lit. 1975).

In re Holiday Magic Securities and Antitrust Litigation, 433 F. Supp. 1125, 1126 (Jud. Pan. Mult. Lit. 1977). *Accord:* In re Bard IVC Filters Prod. Liab. Litig., No. MDL 15-02641-PHX-DGC, 2021 Wl 1616101, at * 1 (D. Ariz., Apr. 26, 2021) ("Indeed, the Panel 'is reluctant to order a remand absent the suggestion of the transferee judge[.]' JPM L. Rule 10.3(a)").

In exercising its discretion to recommend to the Panel that one of the cases should be returned from the MDL to the transferor court, the MDL judge must determine whether the case sought to be remanded will benefit from further coordinated proceedings as part of the MDL. In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig., No. 08 Civ. 5440 RJH, 2011 Wl 1046162, at *4

4

(S.D.N.Y. Mar. 22, 2011). As the court in the case just cited said:

> The transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation, Fourth § 20.133 at 225. "Because the purpose of multidistrict litigation "is for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of the cases ... [,] the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." <u>United States ex rel. Hockett v. Columbia/HCA Healthcare</u>, 498 F.Supp.2d 25, 38 (D.D.C.2007).

*Id.* <u>See also</u> <u>In re Amazon.com, Inc.</u>, No. 1:13-CV-153-DJH-2015 U.S. Dist. Lexis 101971 at *2 (WD Ky. Aug. 3, 2015) ("[R]emand is inappropriate when continued consolidation will eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties, their counsel, and the judiciary").

Although the necessity of completing discovery in a case does not preclude remand, the discovery must be specific to the case to be transferred. <u>Gallardo v. Ford Motor Co., (In re Takata Airbag Prods. Liab. Litig.)</u>, No. MDL No. 2599, 2020 US Dist. Lexis 36720 (SD Fla, Feb. 28, 2020). *Accord*: <u>In re Aqua Dots Prods. Liab. Litig.</u>, 08 C 2364/09 C 7652, 2011 US Dist. Lexis 84834 (ND Ill. 20111) (remand to transferor court inappropriate when the remaining discovery was not case specific). Case specific denotes that the discovery to be done relates to only the claims or defenses that are peculiar and unique to the case sought to be transferred. When that is not so, then, by necessary inference, the remaining discovery pertains to a claim or defense shared by the parties in the MDL. If that were not so, the interest in avoiding duplicative discovery motivating the creation of the MDL is defeated.

5

The following chart compares the allegations Chicago makes in its First Amended Complaint, ECF No. 294, and the allegations by the Consumer Track Plaintiffs in theirs. ECF 413.

| Chicago | Consumer Track Plaintiffs |
| --- | --- |
| Para 86: Marriott, aware of the risk, failed to implement reasonable safeguards that would have prevented the data breach, detected it sooner, and mitigated its effects. | Para 297: Marriott owed its customers a duty to exercise reasonable care in protecting their personal information from unauthorized access. |
| Para 95: Marriott failed to implement and maintain reasonable security measures to protect its records from unauthorized access. | Para 302: (a) Marriott failed to exercise reasonable care and implement adequate security systems to protect the plaintiffs' personal information. |
| Para 107: Marriott failed to give Chicago residents prompt notice of data breach. | Para 302(d): Marriott failed to disclose the breach in a timely fashion. |

The allegations Chicago and the Consumer Track plaintiffs make in support of their claims of Marriott's liability are, therefore, not merely related or similar. They are identical. The discovery Chicago and Marriott would have to undertake in the Northern District would be identical to the discovery Marriott and the Consumer Track will do in this court. It cannot possibly be said that the discovery Chicago wants to do in the Northern District will be specific only to its case, thereby meeting the qualification that might permit the transfer of Chicago's case.

Finally, it is no answer to say, as Chicago does, that there is little chance that

6

the discovery in its case and the Consumer Track plaintiffs' case will overlap because they assert different claims under different state statutes, and Chicago, unlike the Consumer Track plaintiffs, does not assert a common law claim. Letter of Sept. 20, 2022, at 2, ECF No. 1070. No matter the nature of the claims asserted, they will succeed or fail based on proof of the truth of the allegations set out in the chart.

### III. The transfer would defeat the purposes of creating the MDL

In its Transfer Order in 2019, the Judicial Panel on Multidistrict Litigation stated:

> On the basis of the papers filed and the hearing held, we find that centralization under Section 1407 of all actions in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Ten of these actions—which are putative nationwide and/or statewide consumer class actions—share factual issues concerning a recently-disclosed breach of Marriott's Starwood guest reservation database from 2014 to 2018. The factual overlap among these actions is substantial, as they all arise from the same data breach, and they all allege that Marriott failed to put in to place reasonable data protections. Many also allege that Marriott did not timely notify the public of the data breach. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

Transfer Order, ECF 1.

That is as true now as it was in 2019. Transferring Chicago's case to the

Northern District of Illinois will require rather than eliminate duplicative discovery and nullify the purpose that drove the Panel's order.

It is no answer to say that Marriott is the only party being protected from duplicative discovery in this case's present posture. It is the very nature of an MDL that preventing duplicative discovery may only benefit one party. That party is usually the defendant warding off multiple claims while a plaintiff, like Chicago, only asserts one claim. The principle remains, however, that the purpose of the MDL is that all parties have an equal right to claim to be freed from duplicative discovery. It is natural to the point of being inevitable that the defendant will most benefit from an MDL by avoiding discovery in more than one court.

Note that , under the MDL statute, the only criteria for creating an MDL are: the convenience of parties and witnesses and that it will promote the just and efficient conduct of the cases transferred to the MDL. 28 U.S.C. section 1407. That one party, like Chicago, will encounter delay because of its case being transferred to the MDL is, under the statute's exact terms, irrelevant to the transfer decision. If that seems harsh, it must be recalled that the only "prejudice" Chicago claims is a delay in adjudicating its claim. But Chicago does not claim that the delay has or will prevent its effective advocacy in support of its claim. Nothing in the statute or its interpretation would permit the conclusion, necessary for Chicago to prevail on its motion, that delay in itself is grounds to transfer a case back to the transferor court. See Letter of Sept. 29, 2022, ECF 1073, at 2 citing In re Ameriquest Mortg. Co., Mort. Lending Practices, MDL 1715m, 2010 WL 148399 at *2 (ND Ill. Apr. 6, 2020) (party has not identified any authority which would permit the court to suggest a remand because of the alleged uniqueness of her claims or the delay associated with inclusion in the MDL); In re Reciprocal of Am. (ROA) Sales Practices Litig., 2012 US Dist. Lexis 200150 at *17, WD Tenn. Apr. 11, 2012) (court unconvinced that delay is in itself basis for remand).

8

Furthermore, if the record, in this case shows anything, it shows the presiding judge did everything in his power to advance this case expeditiously. He was joined in that effort by diligent counsel. I can say that confidently because I have presided over discovery and watched how hard counsel worked. If I am wrong, and delay in itself may be grounds for a transfer of a case from an MDL, this is not the case to invoke that principle.

I certainly am not accusing Chicago of complaining about the pace of proceedings to this point. But Chicago has to appreciate that as long as a class action is part of an MDL, and courts of appeals permit interlocutory appeals of a decision to allow or not allow certification of a class, the delay Chicago complains about will always occur. I know from my experience as a magistrate judge that interlocutory appeals can delay the progress of an MDL and that such delay is frustrating. I also know that there is nothing anyone can do about it unless the MDL panel refuses to make class actions part of an MDL, or the Federal Rule of Civil Procedure 23(f) is amended to eliminate the right to take an interlocutory appeal from a class certification decision.

Chicago can justly claim that it is not a party to the agreement about staying discovery that Judge Grimm approved. There is nothing stopping Chicago from forcing the issue by seeking to start discovery from Marriott immediately. If, as is likely, that draws Marriott's opposition in the form of a motion to stay, the presiding judge can decide that motion, having heard from Chicago, Marriott, and Consumer Track plaintiffs if they wish to be heard. While the presiding judge is new to this case, I am not. If the presiding judge refers that motion to me, I will resolve it subject to the presiding judge's review.

It makes sense for this court to resolve that motion. Sending it with Chicago's case to Chicago does not solve the problem presented by Chicago's trying to have discovery while Marriott's appeal is pending. It merely moves it.

I appreciate that Chicago has made clear that postponing the resolution of its case to await the resolution of Marriott's appeal is unfair. Letter to the Special Master, Nov. 17, 2022. According to Chicago, "*any* scenario under which transfer is not permitted, would be prejudicial to the City, whether Marriott succeeds on its appeal of Your Honor's recommendation or not." *Id.* at 1-2. (Emphasis original.)

The resolution of the appeal is, however, irrelevant. Chicago has to realize that as long as its allegations as to liability are the same as Consumer Track Plaintiffs' duplication of discovery is inevitable no matter what happens on the appeal.

Suppose the CCPA discovery yields another motion for class certification, which leads to discovery on the issues presented by the motion, and another interlocutory appeal by the loser of the Consumer Plaintiffs' motion for class certification. That is Chicago's worst nightmare. Letter of Sept. 22, 2022, at 2, ECF 1070. But whatever happens, discovery must eventually be completed regarding the allegations of Marriott's liability.

This is true of any other scenario. Suppose that CCPA discovery does not yield a new motion for certification, and Marriott then wins the appeal so that there is no class action. The presiding judge would still have to decide whether to recommend that the Panel send Chicago and the Consumer Track cases back to the transferor courts. There is still the problem that discovery as to Marriott's liability must still be completed, and the MDL remains the best way to prevent duplicative discovery.

This conclusion repeats itself if Consumer Track plaintiffs win or lose the interlocutory appeal, whether or not they base a motion for certification on the facts disclosed by the CCPA discovery they will get from Marriott. Indeed, and simply put, the necessity of duplicative discovery arises whatever happens. All roads, therefore, lead to Rome, not Chicago.

The Panel created this MDL case to avoid the risk of costly, burdensome, duplicative discovery that may yield inconsistent judicial decisions. I see no basis in the MDL statute and its interpretation by the Panel and the courts to justify the conclusion that a delay that frustrates one party is sufficient to justify remanding a case to the transferor court even though that transfer makes duplicative discovery inevitable. Therefore, I must recommend that Chicago's request that this court request the MDL Panel to transfer its case to the Northern District of Illinois be denied.

*/s/ John M. Facciola*
John M. Facciola

Dated: December 5, 2022