# EXHIBIT

# C

*Exhibit to Marriott's Brief Addressing the Effect of Class Action Waiver on Class Certification*

*In re: Marriott International Customer Data Security Breach Litigation, MDL No. 19-md-2879*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| IN RE:  MARRIOTT INTERNATIONAL, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br><br>THIS DOCUMENT RELATES TO THE CONSUMER TRACK | MDL No. 19-md-2879<br><br>Judge Paul W. Grimm |

**MARRIOTT DEFENDANTS' RESPONSE TO**
**CONSUMER PLAINTIFFS' THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Rule 104 of the

Local Rules for the United States District Court for the District of Maryland, and the Court's

Discovery Order (ECF No. 335), defendants Marriott International, Inc. and Starwood Hotels &

Resorts Worldwide, LLC (collectively, "Marriott") object and respond to Consumer Plaintiffs'

Third Set of Interrogatories as follows:

**GLOBAL OBJECTIONS**

1.   Marriott objects to the interrogatories because they exceed the total number of

interrogatories that the parties agreed could be served in any one track. The parties previously

agreed that each plaintiff track could serve 15 interrogatories in addition to 50 omnibus

interrogatories. Plaintiffs in the Consumer Track have served 17 track interrogatories—two more

than permitted by the agreement. Marriott has agreed to respond to all interrogatories in this set

based on an agreement reached that plaintiffs will likewise respond to all interrogatories to which

they previously objected on the basis that Marriott exceeded the number of interrogatories due to

subparts.

2.   Marriott objects to interrogatories that seek information from Marriott

Subject to its objections, and further answering, Marriott states that its responses to Interrogatory Nos. 8-11 identify facts supporting the contention identified in Interrogatory No. 13 and Marriott specifically incorporates those responses.

**Interrogatory No. 14:** List all facts supporting your contention that "Plaintiffs' claims are barred in this jurisdiction, in whole or in part, by their agreement to waive participation in a class action."

**RESPONSE:** Marriott objects to this interrogatory as exceeding the number of interrogatories that may be served by the plaintiffs in the Consumer Track. Marriott further objects to this interrogatory as premature as it asks for "all facts" supporting Marriott's contention. Fact discovery remains ongoing and facts supporting this contention may be in the possession of the bellwether plaintiffs and/or third-parties, discovery from which is not complete. Furthermore, Marriott objects to this interrogatory's request for "all facts" as overly broad and unduly burdensome because it would require Marriott to list, item by item, each and every fact that supports its contention. In responding, Marriott will identify the principal facts which support its contention that are known to Marriott at this time. If necessary, Marriott will supplement its response after the close of fact discovery or the discovery of information later provided by plaintiffs in this case.

Subject to its objections, Marriott states by using Marriott's or Starwood's websites, or by enrolling in Starwood's Preferred Guest Program or Marriott's Rewards Program, individual bellwether plaintiffs agreed to forgo participation in a class action. The terms of such agreements are included in documents produced by Marriott in this litigation, including without limitation those produced at MI_MDL_02497608; MI_MDL_02497566; MI_MDL_02496715, MI_MDL_01753115, AG_MAR_00008483; MI_MDL_01753111, MI_MDL_017533115;

13

MI_MDL_02496560; MI_MDL_02497598; and other similar agreements issued during the class period and available to the parties.

**Interrogatory No. 15:**  List all facts supporting your contention that "Plaintiffs' claims are barred by the doctrine of intervening or superseding causation, including in part, because any alleged damages claimed to have been suffered in the Complaint were caused by the third-party criminals who attacked Starwood's guest reservation database and not by Defendants."

**RESPONSE:**  Marriott objects to this interrogatory as exceeding the number of interrogatories that may be served by the plaintiffs in the Consumer Track. Marriott further objects to this interrogatory as premature as it asks for "all facts" supporting Marriott's contention. Fact discovery remains ongoing and facts supporting this contention may be in the possession of the bellwether plaintiffs and/or third-parties, discovery from which is not complete. If necessary, Marriott will supplement its response after the close of fact discovery or the discovery of information later provided by plaintiffs in this case.

Subject to its objections, Marriott states that on November 19, 2018, an investigation into a data security incident involving the Starwood guest reservation database determined that there was unauthorized access to the database, which contained guest information relating to reservations at Starwood properties on or before September 10, 2018. That intrusion, and the subsequent incursion into the Starwood guest reservation database that contained individual bellwether plaintiffs' PII, and the possible exfiltration of that information, was committed by an unknown threat actor, not Starwood or Marriott.

Marriott further answers that any alleged fraud on individual bellwether plaintiffs' accounts was caused by criminals who made use of plaintiffs' information. Marriott also responds that fraud for certain individual bellwether plaintiffs was the result of other criminals

14

either conducting phishing campaigns or making use of information obtained in other data

security incidents from other companies.

Dated:  March 22, 2021                                    /s/ Lisa M. Ghannoum

Daniel R. Warren (*pro hac vice*)
Lisa M. Ghannoum (*pro hac vice*)
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114
Tel: 216.621.0200
Fax: 216.696.0740
Email: dwarren@bakerlaw.com
Email: lghannoum@bakerlaw.com

Gilbert S. Keteltas (Bar No. 12679)
Baker & Hostetler LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, D.C. 20036
Tel: 202.861.1530
Fax: 202.861.1783
Email: gketeltas@bakerlaw.com

***Consumer Defendants' Co-Lead Counsel***