```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND
                             SOUTHERN DIVISION
------------------------------x
IN RE:  MARRIOTT                  :
INTERNATIONAL, INC., CUSTOMER     :
DATA SECURITY BREACH              :
LITIGATION                        :
                                  :     MDL NUMBER: 19-MD-2879
------------------------------x
```

     Proceedings had in the status conference of the
above-styled action on December 27, 2023, before the Honorable
John Preston Bailey, District Judge, Northern District of
West Virginia at Wheeling, via Zoom.


   APPEARANCES:

   FOR THE CONSUMER PLAINTIFFS:
      Amy Keller
      DICELLO LEVITT LLP
      Ten North Dearborn Street, Eleventh Floor
      Chicago, IL 60602
      akeller@dicellolevitt.com

      James J. Pizzirusso
      HAUSFELD LLP
      888 16th Street, NW, Suite 300
      Washington, D.C. 20006
      jpizzirusso@hausfeld.com

      Jason Lichtman
      LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
      250 Hudson Street, 8th Floor
      New York, NY 10013
      jlichtman@lchb.com

   FOR BARI VAPNEK, individually and on behalf of all others
   similarly situated:
      A.J. de Bartolomeo
      TADLER LAW
      22 Bayview Ave, Suite 200
      Manhasset, NY 11030
      ajd@tadlerlaw.com

   Proceedings recorded by mechanical stenography.
   Transcript produced by computer-aided transcription.

APPEARANCES CONTINUED ON FOLLOWING PAGE

```
 1    APPEARANCES (CONTINUED):

 2    FOR THE CITY OF CHICAGO:
        Stephen J. Kane
 3      CITY OF CHICAGO DEPARTMENT OF LAW
        Affirmative Litigation Division
 4      121 North LaSalle Street, Room 600
        Chicago, Illinois 60602
 5      stephen.kane@cityofchicago.org

 6      Eve-Lynn Rapp
        EDELSON PC
 7      2101 Pearl Street
        Boulder, Colorado 80302
 8      erapp@edelson.com

 9    FOR MARRIOTT INTERNATIONAL, INC.:
        Daniel R. Warren
10      Kyle T. Cutts
        BAKER HOSTETLER
11      Key Tower, 127 Public Square
        Suite 2000
12      Cleveland, OH 44114
        dwarren@bakerlaw.com
13      kcutts@bakerlaw.com

14      Gilbert S. Ketaltas
        BAKER HOSTETLER
15      1050 Connecticut Avenue, NW
        Suite 1100
16      Washington, D.C. 20036
        gketaltas@bakerlaw.com
17
        Elizabeth B. Deutsch
18      JENNER & BLOCK LLP
        1099 New York Avenue, NW, Suite 900
19      Washington, D.C. 20001-4412

20    FOR ACCENTURE, LLP:
        Devin S. Anderson
21      Emily M. Long
        KIRKLAND & ELLIS LLP
22      1301 Pennsylvania Avenue, NW
        Washington, DC 20004
23      devin.anderson@kirkland.com
        emily.long@kirkland.com
24

25    ALSO PRESENT:  John Facciola, Special Master
                     David Bell, Jared Freedman, J. Brice
```

```
 1                                     December 27, 2023, 2:00 PM
 2                         - - -
 3           THE CLERK:  This is the case of Marriott
 4  International Customer Data Security Breach Litigation, Case
 5  Number 8:19-MD-2879.
 6      Will the parties please note their appearance for the
 7  record.
 8           MR. FACCIOLA:  I'm John Facciola.  I'm the Special
 9  Master.
10           MS. RAPP:  Good morning.  Eve-Lynn Rapp on behalf of
11  Plaintiff City of Chicago.
12           MR. WARREN:  Dan Warren here on behalf of Marriott,
13  also with Kyle Cutts and Gil Ketaltas.  Although, I just
14  received a text from Mr. Ketaltas who said he has been cut --
15  he got cut off from the call.  So I think he'll be back on
16  shortly.
17           MR. KANE:  Good afternoon.  Steve Kane also for the
18  City of Chicago.
19           MR. ANDERSON:  Good afternoon, Your Honor.
20  Devin Anderson on behalf of Defendant Accenture, LLP.  Joining
21  me as well is my partner Emily Long.
22           THE COURT:  That everybody?
23           MR. WARREN:  Your Honor, I should also mention that
24  our clients Dave Bell and Jared Freedman are also on the call.
25           THE COURT:  All right.  Let's get started here.
```

1      My name is John Bailey.  I am the latest judge to be
2 assigned to this case.  After looking at the docket sheet in
3 this case, there will probably be another judge appointed when
4 I die.  But I'll take the next five or ten years of this case.
5      I need to explain to everybody the -- I'm now looking at
6 the camera which is here in the courtroom.  But when I want to
7 see you, generally, I look over here.  So I'm not ignoring you
8 when you're talking.  I'm probably following you more on my
9 screen over here than I am looking up in the sky.
10      I'm going to apologize for the short hearing.  I don't
11 have much time today.  But I'm going to have another Zoom
12 meeting on January 17 at 2:00.
13      The next thing on my list is that Judge Facciola will
14 continue as being the Special Master for the case.  He wanted
15 to know if I wanted him, and I told him I would beg if he
16 wanted.  Because I don't think it would be hard to -- it would
17 be difficult to get anybody else.
18      All right.  Now, the main reason we're here today is the
19 request by the consumer plaintiffs for a briefing schedule for
20 class certification and/or modification of class certification
21 order.  The briefs on behalf of the plaintiffs will be due on
22 January 26.  Defendants' oppositions will be due on
23 February 23rd.  And the plaintiffs' reply is due on March 8.
24      In looking at the document that was just filed today, the
25 joint status report, on page 10 it says in the government track

1  expert is now complete, but expert discovery on merits issues
2  has not yet occurred.  In the consumer track, the fact
3  discovery cutoff was July 12, but certain discovery-related
4  issues remained -- in the past tense -- open which required the
5  Special -- required, in the past tense -- the Special Master
6  and the Court's attention.
7       Are those issues in the consumer track still open?
8          MS. KELLER:  Yes, Your Honor.  Amy Keller on behalf
9  of the consumer plaintiffs.
10      The issue that we were referring to in the status report
11 was concerning the valuation of personal information pursuant
12 to Marriott's CCPA -- that's California Consumer Privacy Act --
13 notification.  So we -- on behalf of the plaintiffs, we believe
14 we have completed discovery on that.
15      The parties had some issues remaining relating to
16 privilege issues.  But we have agreed that we can move forward
17 and put those off in abeyance so that we can proceed forward
18 with the class certification issues.  We had reached a
19 tentative agreement with Marriott to put the issues related to
20 privilege on hold until a later time while we were working out
21 some details as it pertained to scheduling before the Court.
22      So in terms of the discovery that's remaining for
23 plaintiffs to receive, we should be all set there in order to
24 proceed forward.
25          THE COURT:  Say that last sentence again.

1    MS. KELLER: Yes. And I apologize, Your Honor. Can
2 you hear me okay?
3    THE COURT: I can hear you, yes.
4    MS. KELLER: Okay. So in terms of any outstanding
5 discovery that's due to plaintiffs, we should be all set. We
6 have everything related to our valuation of personal
7 information theory. The only outstanding issue pertained to
8 privilege issues. We thought that some designations might have
9 been overbroad or that the parties might have to review some
10 privilege designations made by Marriott. But plaintiffs
11 believe that we don't have to address those now; that we have
12 everything we need in order to brief class certification so
13 that the Court doesn't need to do anything at this point in
14 time.
15    THE COURT: All right. Does anybody disagree with
16 that?
17    All right. When is expert discovery on the merits issues
18 going to occur in the government track?
19    MS. RAPP: Good afternoon, Your Honor. Eve-Lynn Rapp
20 on behalf of the City of Chicago.
21    There isn't yet any timeline set around that. We had
22 previously asked Marriott if we could set up a date for expert
23 disclosures. They disagree that it is appropriate to move
24 forward at this time.
25    THE COURT: Why do they disagree?

1          MS. RAPP:  I should let Marriott probably speak to
2  that.  But I believe they're going to say that they believe
3  there is overlap between the issues in the government track and
4  the consumer track.
5          MR. WARREN:  Dan Warren on behalf of Marriott, Your
6  Honor.
7      That's correct.  There is substantial overlap on the
8  merits issues as it relates to expert discovery between the
9  consumer track, which has not yet begun expert discovery on the
10 merits part of the case.
11         THE COURT:  Well, where are we on merits discovery in
12 the consumer track?
13         MS. KELLER:  Hello, Your Honor.  Amy Keller again
14 speaking on behalf of the consumer plaintiffs.
15     So, Your Honor, the way in which the scheduling order was
16 structured when we first began this case, we were focused on
17 class certification issues very specifically.  And in terms of,
18 you know, the merits issues, there's a lot of overlap, of
19 course, between merits issues and class issues.  So for -- at
20 the moment, right now, we have completed the class discovery.
21 And the -- as far as I can recall, I don't believe the
22 scheduling order had contemplated additional discovery for
23 merits-based issues.
24     I know that my colleague Jason Lichtman, who has been
25 working very closely with experts, can also address if any

1  remaining issues are outstanding as it pertains to merits-based
2  issues.  There were, Your Honor, a couple of issues as it
3  pertained to Marriott's NDS database that Jason can address.
4              MR. LICHTMAN:  Good afternoon, Your Honor.
5  Jason Lichtman for the plaintiffs.
6      Most of merits discovery -- you know, I know that our
7  colleagues on the other side mentioned, well, we haven't done
8  merits discovery.  There should be very, very little additional
9  merits discovery beyond what was done at class certification.
10 The original schedule did not have separate merits discovery
11 deadlines.  But of course, there's always a little bit of
12 cleanup of things that, for whatever reason, the parties could
13 not have reasonably addressed prior to the Court's class
14 certification opinion.
15     But this is not something that should take, you know, 6,
16 9, 12 months.  This is something the parties should be able to
17 complete very, very quickly after, you know, we clean up the
18 final issues around class certification.
19             THE COURT:  Well, how long do you think you need to
20 wrap up merits discovery both in the government track and
21 consumer track?
22             MR. LICHTMAN:  On behalf of plaintiffs, Your Honor,
23 once we have that class defin- -- the -- you know, sort of the
24 final class definition, for lack of better way to put it, I
25 would expect a total of three months on the consumer track

1  would be more than sufficient.
2           MS. RAPP:  This is Eve-Lynn Rapp on behalf of the
3  City of Chicago.  On behalf of the government track, we believe
4  that our merits discovery is completed.  The next steps we see
5  are the disclosure of experts, at which point there would be a
6  period of expert discovery into the experts that have been
7  disclosed.  But we can't do that, obviously, without any
8  disclosures.
9           THE COURT:  All right.  So you feel that the -- you
10 can't do more merits discovery until the Court rules on the
11 class certification issues that are going to be briefed; is
12 that correct?
13          MR. LICHTMAN:  No, Your Honor.  I would not put it
14 that way.  What I would say instead is that there will
15 inevitably be small pieces of cleanup that are necessitated by
16 the Court's final ruling.  So we are giving that three months
17 from the ruling so that we don't have to come back to the Court
18 and say, oops, we actually need more time than we thought we
19 would.  But the parties are hard at work right now on the
20 remaining issues.  And from plaintiffs' perspective, no,
21 there's no reason to wait full stop.
22          THE COURT:  All right.  How about on expert
23 discovery?  What do you need?
24          MR. LICHTMAN:  So, Your Honor, that three months
25 was -- encompasses what the consumer plaintiffs believe is

1  necessary both for our expert -- any additional expert
2  disclosures from us and any additional response from Marriott
3  and Accenture.
4      Again, we had very, very thorough expert reports as part
5  of class certification. So we're not talking major work here
6  that couldn't have been done earlier. This should be within
7  that three months that I indicated, from plaintiffs'
8  perspective.
9      And I apologize, Your Honor. This is Jason Lichtman on
10 behalf of consumer plaintiffs. I don't know that I introduced
11 myself earlier.
12         MR. KETALTAS: Your Honor, this is Gil Ketaltas for
13 Marriott. May I address the Court?
14         THE COURT: Yes.
15         MR. KETALTAS: I apologize. My Zoom has quit three
16 times, so I apologize if I'm covering something that was
17 missed.
18      First of all, on the discovery point, we believe there is
19 still some third-party discovery that we've got pending that
20 would need to be addressed and also believe expert discovery
21 here would take some time, likely more than three months.
22 There is expert discovery yet to occur, and we would want to
23 pursue that.
24      I would also add, Your Honor, that, as you may know, we
25 have a 23(f) petition pending, and we believe that 23(f)

1  petition would cover any additional class certification
2  briefing and would ask that the Court delay the briefing
3  schedule until a ruling by the Fourth Circuit on the 23(f)
4  petition, which frankly should be -- should happen in a few
5  weeks.  The plaintiffs' brief is due in 11 days.  Previously,
6  the Fourth Circuit ruled quickly.  But if the Fourth Circuit
7  were to take that issue up, our belief is it would cover any
8  new class certification theories that plaintiffs would pursue,
9  and it would be wasteful to proceed with discovery and briefing
10 while that appeal is pending.
11      And by the way, it also may divest this Court of
12 jurisdiction to consider new classes while the -- while the
13 appeal is pending.
14           MS. KELLER:  Your Honor, Amy Keller for the consumer
15 plaintiffs.  May I address that?
16           THE COURT:  You may.
17           MS. KELLER:  Thank you, Your Honor.
18      So importantly, the district court earlier denied without
19 prejudice plaintiffs' motion for class certification for the
20 damages and liability classes that relied upon the loss of
21 market value theory.  So that is a very -- that is a broader
22 class than the subclass that was certified by the district
23 court.  Anything that the Fourth Circuit does will not have an
24 impact on our loss of market value theory, because that issue
25 wouldn't be before the Fourth Circuit and that would be a

```
 1  broader class than, again, the subclass that was certified.
 2        So I think it's important to realize that, Your Honor;
 3  that the Fourth Circuit's decision on plaintiffs' subclass does
 4  not divest the Court of jurisdiction as it pertains to the
 5  market value theory.  And that's something that the Court has
 6  previously ruled upon when it was engaged with the parties on
 7  briefing related to discovery on the valuation of personal
 8  information.
 9        So this is a piece that is separate and apart from the
10  class certification opinion that was previously certified by
11  the district court and then reinstated by Your Honor very
12  recently.  So the Fourth Circuit will not have an impact on
13  plaintiffs' market valuation theory, which is something we want
14  to address with you, Your Honor.
15             MR. KETALTAS:  And, Your Honor, just briefly.
16        The class waiver issue, of course, is still a key issue.
17  Every bellwether plaintiff is an SPG member.  And so regardless
18  of the damage theory, the question of whether there's an
19  enforceable class waiver would still be in play.
20        Moreover, the plaintiffs can make the very arguments
21  Ms. Keller just made to the Fourth Circuit in the brief they're
22  going to file in 11 days.  And the Fourth Circuit will decide
23  whether it is a matter that they should accept.  The Fourth
24  Circuit in fact heard the entire last appeal while the market
25  value issue was pending, and the parties had agreed that only
```

```
 1  discovery on the market value issue would proceed.
 2       The second part of this that is a little, I think, unclear
 3  from the plaintiffs is when they say it's a broader class,
 4  presumably they are suggesting that the class would be more
 5  than SPG members.  But the order that you -- that you
 6  reinstated says that if we've got a class that is SPG and
 7  non-SPG members, we have a typicality problem.  And that's
 8  Judge Grimm's order, the order that you recertified.  And so,
 9  you know, plaintiffs have never sought to revisit that order,
10  never sought to have you change anything about the prior order,
11  never told you in any of the earlier briefing that we'd need to
12  revisit these classes.  And to do so would be contrary to the
13  order that you reinstated.
14            MS. KELLER:  Your Honor, Amy Keller again on behalf
15  of the consumer plaintiffs, if I may.
16            THE COURT:  Go ahead.
17            MS. KELLER:  Thank you.
18       So importantly, Your Honor, when we talk about the issues
19  that may be before the circuit -- before the Fourth Circuit and
20  then any issues that would be before you, when we're talking
21  about a negligence class, that class is broader because it is
22  not based upon a market -- it's based upon market valuation,
23  not based upon benefit of the bargain analysis for those people
24  who were simply -- who were not reimbursed for their hotel
25  stays.  So when we talk about a broader class of individuals,
```

1   that would be the individuals who have a negligence claim
2   against Marriott and against Accenture.  And so that would be a
3   23(b)(3) class that would be certified on behalf of the
4   bellwether states.
5       The problem that Marriott -- basically, the problem that
6   happens with what Marriott is suggesting is it keeps the case
7   in limbo for a very long time.  Forever almost.  Because what
8   would happen is Marriott would seek its 23(f) petition.  It
9   would want to brief these issues before the Fourth Circuit.
10  That -- those issues would come back to this Court, and then
11  this Court would then have to figure out what to do with, you
12  know, basically something that came back from the Fourth
13  Circuit, something that this Court has certified, and then
14  potentially go up again.
15      What we would like to do, Your Honor, is address these
16  issues at once before this Court, deal with them so that we
17  could actually move forward.  Because this case has been
18  pending for a very long time.  And every single time that
19  Marriott takes this case up to the Fourth Circuit or seeks to
20  take issues up to the Fourth Circuit, it's going to add another
21  year or a year and a half to the case.  If we pause everything
22  before the Court right now, we are going to hold a number of
23  issues in abeyance that could be addressed immediately.
24      We are ready to go on the valuation theory as it relates
25  to personal information.  Your Honor has raised a lot of really

1  pertinent choice of law issues that we'll also address in our
2  class certification briefing.  And the plaintiffs are ready to
3  proceed.  There's no reason why we should hold the entire case
4  on pause simply because Marriott wants to again challenge the
5  certification of the subclass that was certified by the Court
6  previously.
7          MR. KETALTAS:  Your Honor, just briefly, three
8  points.
9       First, the 23(f) issue is a jurisdictional issue.  It's
10 not a question of discretion and a discretionary stay.  Our
11 view is it is jurisdictional.
12      Second, the Fourth Circuit will hear the very arguments
13 Ms. Keller just made in her brief in 11 days and decide them.
14      Third, it matters not that they are talking about a
15 negligence class, because the class waiver provision, if
16 enforceable, isn't limited by the type of claim the plaintiffs
17 seek to bring; it is any and all claims cannot be brought on a
18 class basis.
19      And so one point is, you know, this jurisdictional point.
20 But even if you don't think about this jurisdictional point,
21 there is a huge waste of judicial resources if the very class
22 they seek to certify with all the discovery we've been talking
23 about is then, in fact, subject to a class waiver.  And we're
24 going to get guidance from that from the Fourth Circuit or
25 we're not.  Or we may know, you know, from the Fourth Circuit

```
 1  that they're not interested in taking it.
 2        All we're asking for is a pause in initiating the briefing
 3  schedule until after the Fourth Circuit rules on the 23(f)
 4  petition.
 5            THE COURT:  Well, that's going to be denied.
 6        All right.  Is there anything else we need to talk about
 7  before we get back together on the 17th of January, when I
 8  have a little more time to spend with you all?  Anything urgent
 9  I need to take up?
10            MS. KELLER:  Nothing from the consumer plaintiffs,
11  Your Honor.
12            MS. RAPP:  Nothing from the City, Your Honor.
13            MR. WARREN:  Nothing here, Your Honor, for Marriott.
14            MR. ANDERSON:  Nothing for Accenture as well.  Thank
15  you, Your Honor, for your time today.
16            THE COURT:  All right.  Thank you.
17        (Proceedings concluded at 2:23 PM.)
18
19
20
21
22
23
24
25
```

CERTIFICATE

I, Rachel Kocher, a Registered Professional Reporter and Official Reporter of the United States District Court for the Northern District of West Virginia, do hereby certify that the foregoing is a true and correct transcript of the proceedings had in the above-styled action as reported by me stenographically, all to the best of my skill and ability.

I certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

Given under my hand this 30th day of December 2023.

*Rachel Kocher*
_____
Rachel Kocher, RPR/CRR